## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

**Plaintiff,**

v.

**FLATHEAD COUNTY;**
**TRAVIS AHNER, in his official**
**and individual capacities;**
**ASHLEY FRECHETTE, in her official**
**and individual capacities;**
**MICHAEL NOONAN in his official**
**and individual capacities;**
**ANGELA ROLANDO in her official**
**and individual capacities; and**
**JOHN and JANE DOES 1–10,**

        **Defendants.**

SEP 1 1 ....

Clerk, U.S. Courts
District of Montana
Missoula Division

**Case No.: CV-25-83-M-DWM**

**PLAINTIFF'S SUR-REPLY**
**MOTION TO STRIKE**
**DEFENDANTS' FILINGS,**
**MOTION FOR ENTRY**
**OF DEFAULT JUDGMENT**
**AND PROPOSED ORDER**

### PLAINTIFF'S SUR-REPLY, MOTION TO STRIKE DEFENDANTS' FILINGS, MOTION FOR ENTRY OF DEFAULT JUDGMENT, AND PROPOSED ORDER

#### Introduction

Plaintiff Dennis Thornton, appearing pro se, respectfully submits this Sur-Reply, Motion to Strike Defendants' filings, Motion for Entry of Default Judgment, and Proposed Order. Defendants' counsel has never filed a Notice of Appearance, is not properly before this Court, and lacks standing to file on behalf of Defendants. All defense filings should therefore be stricken. In addition, Defendants failed to timely answer the Second Amended Complaint filed on August 18, 2025. Under Fed. R. Civ. P. 55, Defendants are in default and Plaintiff is entitled to default judgment.

**I.      Defendants' Counsel Has Not Properly Appeared and Lacks Standing.**

Rule 11(a) requires every pleading to be signed by an attorney of record. D. Mont. L.R. 83.1 governs admission and appearance. The docket shows no Notice of Appearance by attorney Molenda McCarty. Without proper appearance, counsel lacks standing. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Filings by counsel not properly before the Court may be stricken.

## II.    Defendants Failed to Timely Answer the Second Amended Complaint.

Plaintiff filed his Second Amended Complaint on August 18, 2025. Under Fed. R. Civ. P. 15(a)(3), Defendants were required to serve a responsive pleading within 14 days. They did not file an Answer. A motion to strike does not toll the answering deadline. Therefore, Defendants failed to plead or otherwise defend as required.

## III.    Plaintiff Is Entitled to Default and Default Judgment.

Rule 55(a) requires entry of default when a party fails to plead or otherwise defend. Rule 55(b) authorizes entry of default judgment. In the Ninth Circuit, courts apply the factors in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The factors support Plaintiff: (1) Plaintiff will be prejudiced without judgment; (2) the Second Amended Complaint states valid claims; (3) the amount is reasonable; (4) default is not excusable; and (5) while there is a policy favoring decisions on the merits, that policy does not override Defendants' failure to respond. Upon default, well-pleaded allegations are taken as true. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

## IV.    All Defense Filings Should Be Stricken as Unauthorized.

Because counsel has not properly appeared, all defense filings—including the Motion to Strike (Doc. 16) and Reply in Support of Motion to Dismiss (Doc. 17)—should be stricken as unauthorized under Fed. R. Civ. P. 11(a).

**Wherefore, Plaintiff Demands Relief**

Plaintiff respectfully requests that the Court:

1. Grant leave to file this Sur-Reply;

2. Strike all defense filings as unauthorized;

3. Enter default under Fed. R. Civ. P. 55(a);

4. Enter default judgment under Fed. R. Civ. P. 55(b) in favor of Plaintiff;

5. Grant such other and further relief as justice require

Respectfully submitted, this 9th day of September, 2025,

I Dennis Thornton, the Plaintiff appearing pro se, do hereby affirm the foregoing to be truthful and correct to the best of my current knowledge and belief, under penalty of perjury.

Dennis Thornton
Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261 6814
thorcoinc@outlook.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

DENNIS THORNTON,

     **Plaintiff,**                           Case No.: CV-25-83-M-DWM

v.
**FLATHEAD COUNTY;
TRAVIS AHNER, et al.,**

     **Defendants.**


**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND
FOR DEFAULT JUDGMENT**

     The Court, having reviewed Plaintiff's Sur-Reply, Motion to Strike, and Motion

for Default Judgment, and good cause appearing, hereby ORDERS as follows:

1. Plaintiff's motion is GRANTED;

2. All defense filings, including Defendants' Motion to Strike (Doc. 16) and Reply in

Support of Motion to Dismiss (Doc. 17), are STRICKEN as unauthorized;

3. Default is ENTERED against Defendants under Fed. R. Civ. P. 55(a);

4. Default judgment is ENTERED in favor of Plaintiff Dennis Thornton;

5. Upon Entry of Judgment in favor of the Plaintiff, the Clerk shall close the case.


  IT IS SO ORDERED.
DATED: _____


_____
Hon. Donald W. Molloy
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

DENNIS THORNTON,

Plaintiff,

v.

FLATHEAD COUNTY;
TRAVIS AHNER, in his official
and individual capacities;
ASHLEY FRECHETTE, in her official
and individual capacities;
MICHAEL NOONAN in his official
and individual capacities;
ANGELA ROLANDO in her official
and individual capacities; and
JOHN and JANE DOES 1–10,

Defendants.

Case No.: CV-25-83-M-DWM

MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S SUR-REPLY
MOTION TO STRIKE
AND MOTION FOR
DEFAULT JUDGMENT

*SEP 11 2025*
*Clerk, U.S. Courts*
*District of Montana*
*Missoula Division*

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SUR-REPLY, MOTION TO STRIKE, AND MOTION FOR DEFAULT JUDGMENT

### Introduction

Plaintiff Dennis Thornton, appearing pro se, respectfully submits this Memorandum of Law in support of his Sur-Reply, Motion to Strike Defendants' Filings, and Motion for Entry of Default Judgment. This Memorandum sets forth the controlling Federal Rules of Civil Procedure, District of Montana Local Rules, and binding precedent from the United States Supreme Court and Ninth Circuit Court of Appeals. These authorities compel the conclusion that Defendants' counsel lacks standing, Defendants failed to timely answer, and Plaintiff is entitled to default judgment.

### Legal Standards

Federal Rule of Civil Procedure 7 establishes the framework for motions, responses, and replies. Rule 11(a) requires all filings to be signed by counsel of record. Rule 12(a)(1)(A) requires defendants to answer within 21 days of service unless a Rule 12 motion is filed; Rule 15(a)(3) requires a response within 14 days to an amended pleading. Rule 55 provides for entry of default and default judgment when a party fails to plead or otherwise defend. District of Montana Local Rules 7.1, 11.1, and 83.1 further govern practice, filings, and attorney appearance requirements.

**Argument**

**I.      Defendants' Counsel Has Not Properly Appeared.**

Rule 11(a) and D. Mont. L.R. 83.1 require counsel to be properly admitted and appear of record. Attorney Molenda McCarty has not filed a Notice of Appearance. In C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987), the Ninth Circuit held that only properly admitted counsel may represent a party. Thus, all filings by counsel without appearance should be stricken as unauthorized.

**II.     Defendants Failed to Timely Answer the Second Amended Complaint.**

Rule 15(a)(3) provides that a responsive pleading to an amended complaint is due within 14 days. Defendants failed to answer Plaintiff's Second Amended Complaint filed August 18, 2025. A motion to strike does not toll the answering deadline under Rule 12(a). Their failure constitutes default under Rule 55(a).

**III.    Plaintiff Is Entitled to Entry of Default and Default Judgment.**

Rule 55(a) requires entry of default when a party fails to plead or otherwise defend. Rule 55(b) authorizes default judgment. In Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Ninth Circuit identified factors favoring default judgment,

including prejudice to plaintiff, merits of claims, sufficiency of complaint, and absence of excusable neglect. Here, Plaintiff is prejudiced without relief, his complaint states claims, and Defendants have no excuse. Upon default, allegations are deemed admitted. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

## IV.    A Sur-Reply Is Proper to Address New Arguments.

Defendants' Reply brief raised new issues not contained in their Motion. The Ninth Circuit has recognized that when a reply raises new matters, the court should allow response. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). See also Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). A sur-reply ensures fairness.

## V.    Liberal Amendment Principles Support Plaintiff's Second Amended Complaint.

Rule 15(a)(2) directs that leave to amend should be freely given. The Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962), and the Ninth Circuit in Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003), emphasized the liberal policy. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), requires courts to permit amendment unless futile. Plaintiff's amendments clarify facts and parties, and under Kroessler v. CVS Health Corp., 977 F.3d 803 (9th Cir. 2020), courts must allow when justice requires.

## VI.    Prosecutorial Immunity Does Not Bar Plaintiff's Claims.

While Imbler v. Pachtman, 424 U.S. 409 (1976), recognizes absolute immunity for advocacy functions, the Supreme Court and Ninth Circuit have limited immunity for administrative or investigative acts. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Kalina v. Fletcher, 522 U.S. 118 (1997); Genzler v. Longanbach, 410 F.3d 630 (9th Cir. 2005); KRL v. Moore, 384 F.3d 1105 (9th Cir.

2004); Milstein v. Cooley, 257 F.3d 1004 (9th Cir. 2001). Broam v. Bogan, 320 F.3d

1023 (9th Cir. 2003), and Roe v. City & Cnty. of San Francisco, 109 F.3d 578 (9th Cir.

1997), emphasize the functional test. Plaintiff alleges acts outside pure advocacy.

## VII.    Plaintiff States Cognizable Claims for Malicious Prosecution and Due Process Violations.

Awabdy v. City of Adelanto, 368 F.3d 1062 (9th Cir. 2004), holds that a plaintiff

may maintain a §1983 claim for malicious prosecution. Mills v. City of Covina, 921 F.3d

1161 (9th Cir. 2019), affirms this principle. Deliberate fabrication of evidence violates

due process. Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001) (en banc). Plaintiff's

allegations satisfy these standards.

## VIII.    Monell and Official Capacity Principles Apply.

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), permits municipal liability

where policy or custom caused injury. Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir.

2012) (en banc), clarifies duplicative official-capacity claims. Center for Bio-Ethical

Reform, Inc. v. L.A. Cnty. Sheriff's Dep't, 533 F.3d 780 (9th Cir. 2008), confirms

municipal liability standards. Plaintiff's claims are properly framed.

## IX.    Clarification Regarding Criminal Statutes.

Although Plaintiff referenced 18 U.S.C. § 1018, the Ninth Circuit in In re

Digimarc Corp. Derivative Litig., 549 F.3d 1223 (9th Cir. 2008), held that criminal

statutes alone do not provide a private right of action. However, such statutes may serve

as evidence of unconstitutional conduct under §1983. Plaintiff's claim is properly read

under §1983.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court strike

Defendants' filings, enter default under Rule 55(a), and enter default judgment under

Rule 55(b) in Plaintiff's favor.


Respectfully submitted,

DATED: September 9, 2025

Dennis Thornton
151 Amatasia Lane
Kalispell, MT 59901
thorcoinc@outlook.com
Pro Se Plaintiff

**Table of Authorities**

Federal Rules of Civil Procedure

- Fed. R. Civ. P. 7
- Fed. R. Civ. P. 11(a)
- Fed. R. Civ. P. 12(a)(1)(A), 12(a)(4)
- Fed. R. Civ. P. 15(a)(3)
- Fed. R. Civ. P. 55(a), 55(b)

District of Montana Local Rules

- D. Mont. L.R. 7.1
- D. Mont. L.R. 11.1
- D. Mont. L.R. 83.1

Cases

- C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)
- Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986)
- Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)
- Provenz v. Miller, 102 F.3d 1478 (9th Cir. 1996)
- Zamani v. Carnes, 491 F.3d 990 (9th Cir. 2007)
- Foman v. Davis, 371 U.S. 178 (1962)
- Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003)
- Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc)
- Kroessler v. CVS Health Corp., 977 F.3d 803 (9th Cir. 2020)
- Imbler v. Pachtman, 424 U.S. 409 (1976)
- Buckley v. Fitzsimmons, 509 U.S. 259 (1993)
- Burns v. Reed, 500 U.S. 478 (1991)
- Kalina v. Fletcher, 522 U.S. 118 (1997)
- Genzler v. Longanbach, 410 F.3d 630 (9th Cir. 2005)
- KRL v. Moore, 384 F.3d 1105 (9th Cir. 2004)
- Milstein v. Cooley, 257 F.3d 1004 (9th Cir. 2001)
- Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003)
- Roe v. City & Cnty. of San Francisco, 109 F.3d 578 (9th Cir. 1997)
- Awabdy v. City of Adelanto, 368 F.3d 1062 (9th Cir. 2004)
- Mills v. City of Covina, 921 F.3d 1161 (9th Cir. 2019)
- Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001) (en banc)
- Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)
- Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012) (en banc)
- Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff's Dep't, 533 F.3d 780 (9th Cir. 2008)
- In re Digimarc Corp. Derivative Litig., 549 F.3d 1223 (9th Cir. 2008)

## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that I physically filed the foregoing with the Clerk of the United States District Court for the District of Montana. I further certify that on the same day all participants in the case were sent a copy of the foregoing document via First-Class Mail, postage prepaid, and/or by electronic ECF service as shown below, as certified upon the Summons and Notices of Service returned and filed with the court:

**FLATHEAD COUNTY;**
Flathead County Attorney's Office,
820 S Main St, Kalispell, MT 59901

**TRAVIS AHNER**
Flathead County Attorney's Office,
820 S Main St, Kalispell, MT 59901

**ASHLEY FRECHETTE**
Flathead County Attorney's Office,
820 S Main St, Kalispell, MT 59901

**MICHAEL NOONAN**
Flathead County Attorney's Office,
820 S Main St, Kalispell, MT 59901

**ANGELA ROLANDO**
Flathead County Attorney's Office,
820 S Main St, Kalispell, MT 59901

**MOLINDA L. MCCARTY**
MACO Counsel
County Litigation Group
2715 Skyway Dr
Helena, MO 59604-6697

DATED: September 9 , 2025.

DENNIS THORNTON,
Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com