IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY, et al.,<br><br>　　　　　　Defendants. | CV 25–83–M–DWM<br><br><br>ORDER |

　　　　Plaintiff Dennis Thornton, proceeding *pro se*, sued Defendant Flathead County and Individual Defendants Flathead Deputy County Attorneys Travis Ahner, Ashley Frechette, Michael Noonan, and Angela Rolando (together, "Defendants"), alleging they violated Thornton's constitutional rights and state law in bringing criminal proceeding against him. (Doc. 1 (Compl.); Doc. 5 (Amend. Compl.).) There are six motions pending in the case. (*See* Docs. 7, 12, 24, 25, 26, 28.) For the reasons provided below, all six motions are denied.

## BACKGROUND

　　　　Thornton originally filed this action on June 13, 2025. (Doc. 1.) On July 25, 2025, he amended his complaint. (Doc. 5.) His First Amended Complaint

1

alleges claims under 42 U.S.C. § 1983 for malicious prosecution, denial of due process, and deprivation of property; a claim of conspiracy under 42 U.S.C. § 1985; a claim of false certifications under 18 U.S.C. § 1018; and a claim for municipal liability. (*See id.*) It also alleges a claim for declaratory and injunctive relief, requesting a "declaratory judgment that the prosecution was unlawful and that Defendants' actions violated his rights under the Constitution." (*Id.* ¶ 30.) Thornton seeks $50 million in damages. (*Id.* ¶ 32.)

On August 4, 2025, Defendants filed a motion to dismiss Thornton's First Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7.) Thornton both responded to that motion on August 12, 2025, (Doc. 11), and filed a Second Amended Complaint on August 18, 2025, (Doc. 12). According to Thornton, that amended pleading merely corrects the spelling of a defendant's name (changing "Roland" to "Rolando") and provides "[a]dditional factual details . . . for clarity and specificity, including Defendant-by-Defendant allegations in each Count, and based on newly discovered evidence material to the claims, including information involving knowledge that the Defendants were aware that the Plaintiff was the owner of the property, as a matter of public record." (*Id.* ¶¶ 2–3.) However, the Second Amended Complaint also contains additional causes of action, including claims of fabrication of evidence, negligence, and abuse of process. (*See id.* ¶¶ 34–40, 54–58, 59–67.)

2

On August 25, 2025, Defendants filed a motion to strike the Second Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure because Thornton did not request either their consent or the Court's leave before filing his amended pleading. (Doc. 15.)

On September 4, 2025, Thornton filed a "motion to disqualify, or in the alternative, recuse, Judge Malloy [sic]" based on prior decisions issued in bankruptcy appeals involving Thornton. (Doc. 24.) And, on September 15, 2025, Thoron filed a "sur-reply" in response to Defendants' motion to dismiss, as well as a "motion to strike defendants' filings, motion for entry of default, and proposed order." (Doc. 25.) According to Thornton, because counsel for Defendants lacks the authority to file on their behalf and Defendants failed to timely answer his Second Amended Complaint, he is entitled to a default judgment. (*See id.*) Defendants have since moved to strike both of those motions, (Docs. 26, 28); naturally, Thornton opposes, (Doc. 30).

## ANALYSIS

As explained below, all six pending motions are denied. Defendants will be given an opportunity to answer Thornton's Second Amended Complaint and no further amended pleadings may be filed. Because Thornton's motion to disqualify and motion for default are both addressed on the merits, Defendants' motions to strike those filings are denied.

3

I.      **Disqualification and/or Recusal**

Thornton seeks either recusal or disqualification of the undersigned judge under 28 U.S.C. § 144 and § 455(a). That motion is denied.

Under § 144, if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; *see United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (holding that the presiding judge has the authority to determine the "legal sufficiency" of the affidavit before he or she may "proceed no further" in the case). That affidavit must "state the facts and reasons for the belief that bias or prejudice exists" and "be filed not less than ten days before the beginning of the term at which the proceedings is to be heard." 28 U.S.C. § 144. It must also be "accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.* Similarly, under 28 U.S.C. § 455, a federal judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1). Notably, both statutes "require[] that the bias or prejudice of the judge be twofold: (1) personal, i.e., directed against the party, and (2) extra-

4

judicial." *United States v. Carignan*, 600 F.2d 762, 763–64 (9th Cir. 1979) (citing *Berger v. United States*, 255 U.S. 22 (1922)). Thornton has failed to make such a showing here.

The grounds underlying Thornton's bias and prejudice arguments are related to a bankruptcy appellate proceeding in which he alleges this Court determined he was a vexatious litigant, sanctioned him, ruled in favor of his creditors, and "made demonstrably false findings of fact." (Doc. 24.) While several of these allegations lack basis in fact (for example, this Court did not declare him a vexatious litigant), they all undisputedly occurred in the context of a judicial proceeding. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, "judicial remarks during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* Bias must be based on "something other than rulings in the case." *Berger*, 255 U.S. at 31. Because Thornton has made no such showing here, his motion to disqualify, (Doc. 24), is denied.

## II. Thornton's Second Amended Complaint

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course" but, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1),

5

(2). Here, Thornton filed his Second Amended Complaint after Defendants had moved to dismiss his First Amended Complaint, (*see* Docs. 5, 7), and without their permission or leave of Court. Defendants seek to strike that Second Amended Complaint, arguing that Thornton failed to comply with Rule 15(a) and should not retroactively be given leave to amend because his pleading, as amended, still fails to state a claim upon which relief can be granted. (Doc. 16.) Ultimately, while Thornton jumped the gun by filing his Second Amended Complaint without seeking leave, Rule 15(a) requires that leave to amend be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Although futility of amendment can justify not granting such leave, the Ninth Circuit has made clear that it is "very cautious in approving a district court's decision to deny pro se litigations leave to amend." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Consistently, Thornton would have been given leave to file a second amended pleading had he sought it.

Based on the foregoing, Defendants' motion to strike Thornton's Second Amended Complaint, (Doc. 15), is denied. And because "an amended pleading supersedes the original pleading," *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019), Defendants' motion to dismiss, (Doc. 7), is denied as moot. Nonetheless, no further amendment is permitted, and Thornton is reminded that he must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

6

Notice thus having been provided, noncompliance with those rules may result in Thornton's filings being stricken in the future.

### III. Thornton's Sur-reply, Motion to Strike, and Motion for Default

Finally, Thornton has filed a "sur-reply" and motion arguing that: (1) Defendants' motion to dismiss should be denied because counsel of record "never filed a Notice of Appearance" and therefore "lacks standing to file on behalf of Defendants" and (2) he is entitled to default because "Defendants failed to timely answer the Second Amended Complaint." (Doc. 25 at 1.) That motion is denied.

First, Thornton argues that because she did not file a "Notice of Appearance" in the case, defense counsel Molenda McCarty cannot represent Defendants before this Court and her filings must be stricken from the record. Not so. While some jurisdictions require a notice of appearance, the Local Rules for the District of Montana do not require an attorney to file a separate notice of appearance before filing documents on behalf of a party within the District of Montana. So long as an attorney is a member in good standing with the bar of this Court, *see* D. Mont. L.R. 83.1, the filing of an initial pleading or motion counts as an "appearance" such that no separate notice is required.

Second, Thornton insists that because Defendants did not respond to his Second Amended Complaint within 21 days, they have failed to answer, and he is

7

entitled to default under Rule 55 of the Federal Rules of Civil Procedure. This argument is equally unpersuasive. Defendants were not required to answer so long as they had a pending motion to dismiss, (Doc. 7), and a motion to strike Thornton's unauthorized pleading, (Doc. 15). But even if this were not the case, default judgments are "ordinarily disfavored," and Defendants have been diligently defending this matter. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Accordingly, Thornton's motion to strike and for default, (Doc. 25), is denied.

## CONCLUSION

As this case proceeds, the parties and counsel are reminded that a core tenet of the administration of cases in this Court is that the rules governing proceedings must "be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

Consistent with the above, IT IS ORDERED that:

(1)  Thornton's motion to disqualify (Doc. 24) and motion for default (Doc. 25) are DENIED.

(2)  Defendants' motion to dismiss (Doc. 7) is DENIED as MOOT. Defendants must answer the Second Amended Complaint or once again move to

8

dismiss within twenty-one (21) days of this Order. Thornton may not amend his pleadings without leave of Court.

(3) Defendants' motions to strike (Docs. 15, 26, 28) are DENIED. However, going forward, Thornton must comply with both the Local Rules for the District of Montana and the Federal Rules of Civil Procedure. The failure to do so will result in his filings being stricken from the record, with or without a motion by Defendants.

DATED this 10th day of October, 2025.

Donald W. Molloy, District Judge
United States District Court