Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
Phone (406) 441-5471
mmccarty@mtcounties.org
dgallagher@mtcounties.org
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>FLATHEAD COUNTY; TRAVIS AHNER, in his individual and official capacities; ASHLEY FRECHETTE, in her individual and official capacities; MICHAEL NOONAN in his individual and official capacities; ANGELA ROLANDO in her individual and official capacities; and JOHN and JANE DOES 1-10,<br><br>Defendants. | Cause No.: CV-25-83-DWM<br><br>DEFENDANTS' BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS SECOND AMENDED COMPLAINT |

# Table of Contents

Table of Authorities ................................................................ ii

Factual Background .................................................................1

Motion to Dismiss Standard....................................................3

Argument..................................................................................4

   I.   Prosecutorial immunity is an absolute bar to the claims against individual Defendants and to the County...............................................4

   II.    Plaintiff pleads no facts to support his claims against the County. ............8

   III.   The Second Amended Complaint is fatally flawed in additional ways.....11

      A.    Official capacity claims are duplicative and unnecessary......................11

      B.    Plaintiff fails to establish the elements of his malicious prosecution claim (Counts I and II)......................................................12

      C.    Plaintiff fails to state a claim under 42 U.S.C. § 1985(3). \ ...................15

      D.    Plaintiff may not seek relief through invocation of criminal statutes (Count VI)..................................................................15

      E.    Plaintiff fails to state a claim of abuse of process in Count IX.............16

Conclusion ..............................................................................17

CERTIFICATE OF COMPLIANCE........................................18

CERTIFICATE OF SERVICE ................................................19

# Table of Authorities

## Cases

*AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012)...................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................4

*Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004) ...................................13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)...................................................4, 8

*Brault v. Smith*, 679 P.2d 236 (Mont. 1984)..................................................... 16, 17

*Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003) ......................................................6

*Bros. v. Monaco*, 363 F.Supp.3d 1138 (D. Mont. 2019) ..........................................9

*Brown v. Jones*, No. CV 08-149-MDWM-JCL, 2009 WL 1456480 (D. Mont. May 21, 2009) ...............................................................................................................13

*City of Canton v. Harris*, 489 U.S. 378 (1989).........................................................9

*Erickson v. Pardus*, 551 U.S. 89 (2007)...................................................................4

*Flesch v. Richter*, No. CV 23-150-BLG-DWM, 2024 WL 2724279 (D. Mont. May 28, 2024) ...............................................................................................................6

*Germann v. Stephens*, 137 P.3d 545 (2006) ...........................................................12

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) ..........................................................15

*Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010) .........................................................3

*Hopper v. Drysdale*, 524 F.Supp. 1039 (D. Mont. 1981)........................................17

*Imbler v. Pactman*, 424 U.S. 409 (1976) ....................................................... 5, 6, 8

*In re Digimar Corp. Derivative Litigation*, 549 F.3d 1223 (9th Cir. 2008)...........16

*Kentucky v. Graham*, 473 U.S. 159 (1985)...............................................................11

*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)............................................5

*ManorCare of Easton PA LLC v. Nagy*, 2017 WL 43477624 (E.D. Pa. Sept. 29, 2017) .....................................................................................................................16

*Monell v. Dept. of Soc. Servs.*, 436 U.S.C. 658 (1978) ............................................9

*Morse. N. Coast Opportunities, Inc.* 118 F.3d 1338 (9th Cir. 1997).......................12

*Okla. City v. Tuttle*, 471 U.S. 808 (1985) .................................................................9

*Plouffe v. Mont. Dept. of Public Health and Human Servs.*, 45 P.3d 10 (Mont. 2002) .....................................................................................................................13

*Reece v. Pierce Flooring*, 34 P.2d 640 (Mont. 1981).............................................13

*Roe v. City of San Francisco*, 109 F.3d 578 (9th Cir. 1997) ....................................5

*Rosenthal v. Cnty. of Madison*, 170 P.3d 493 (Mont. 2007) ....................................7

*Saunders Jr v. Am. Heritage Moving Sols. LLC*, NO. CV 23-8-M-DLC-KLD, 2023 WL 4826474 (D. Mont. Apr. 26, 3023).............................................................16

*State v. Elliott*, 43 P.3d 279 (Mont. 2002) ..............................................................14

*State v. Holt*, 1398 P.3d 819 (Mont. 2006) ............................................................14
*U.S. v. Qazi*, 975 F.3d 989 (9th Cir. 2020) ............................................................3
*Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987) ...................................13
*Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) ....................................................5
*Weimer v. Google*, *Inc.*, No. CV 18-78-M-DLC-JCL, 2018 WL 6047882 (D.
   Mont. Aug. 17, 2018).........................................................................................16
*Wendel v. Metero. Life Ins. Co.*, 272 P. 245 (Mont. 1928).....................................14
*Womack v. Cnty. of Amador*, 551 F.Supp.2d 1017 (E.D. Cal. 2008) ......................13

## Statutes

18 U.S.C. § 1018 ...................................................................................................15
42 U.S.C. § 1983 .......................................................................................... passim
42 U.S.C. § 1985 ...................................................................................................15
Mont. Code Ann. § 2-9-305 ............................................................................ 11, 12

## Rules

Fed. R. Civ. P. 12 ...............................................................................................1, 8
Fed. R. of Civ. P. 8...............................................................................................8

Flathead County, Travis Ahner, Ashley Frechete, Michael Noonan, and Angela Rolando ("County Defendants"), through their counsel of record, having moved this Court for an order to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), submit herein their Brief in Support of Motion to Dismiss.

## Factual Background

On June 15, 2025, Dennis Thornton ("Plaintiff") filed a Complaint in this matter. (Doc 1.) On July 25, 2025, Plaintiff filed a First Amended Complaint against County Defendants. (Doc. 5.) Although Plaintiff asserted that the First Amended Complaint only corrected a "typographical error in the defendant's [Angelo Rolando's] name," it also includes additional specificity regarding Plaintiff's Count III. (*Compare* Doc. 1 at ¶ 27 and Doc. 5 at 1, ¶ 27.)

On August 18, 2025, Defendant filed a Second Amended Complaint. (Doc 12.) At the time, several outstanding motions, including the County Defendants' Rule 12(b)(6) Motion to Dismiss (Doc 7), were awaiting the Court's decision. Plaintiff represented that the Second Amended Complaint provides additional factual detail "for clarity and specificity, including Defendant-by-Defendant allegations in each Count, and based on newly discovered evidence material to the claims . . . ." (Doc. 12 at ¶ 3.) However, the Second Amended Complaint also

contains multiple new counts against County Defendants. The Second Amended Complaint supersedes all other complaints and is the pleading addressed herein.

Plaintiff named Flathead County and the individual Defendants, all of whom were acting as Flathead Deputy County Attorneys at all times relevant to this case. (Doc. 12 at ¶¶ 8-11.) Plaintiff claims that he was charged with criminal trespass and those charges were later dismissed. *Id.* at ¶¶ 13, 22. Although Plaintiff alleges that Sean Frampton[1] made false statements in support of the charges, he does not allege that any employee of Flathead County generated such statements. *Id.* at ¶¶ 18-19. Rather, Plaintiff alleges that:

1. Defendant Ahner relied on these false statements to initiate prosecution "despite actual notice of Plaintiff's ownership [of the property at issue] and the Sherriff's findings [that there was no probable cause to charge Plaintiff with trespass]". *Id.* at ¶¶ 20, 24, 35, 61.

2. Defendant Frachette omitted proof of Plaintiff's ownership of the property when she drafted and signed the probable cause affidavit initiating the prosecution. *Id.* at ¶¶ 25, 62.

---

[1] Attorney Frampton is not an employee of Flathead County nor does Plaintiff allege him to be an employee of Flathead County.

3. Defendant Noonan approved filings despite knowledge they contained fabricated information and allowed the prosecution to continue. *Id.* at ¶¶ 26, 37, 63.

4. Defendant Rolando also participated in the prosecution and ultimately decided to dismiss the charges after conducting additional investigation. *Id.* at ¶¶ 27, 46, 64)

Finally, Plaintiff alleges that Defendant Flathead County is liable under § 1983 pursuant to *Monell*. *Id.* at ¶¶ 51-53. Plaintiff asserts that Defendant Flathead County "had policies/customs that allowed prosecutions without probable cause and with disregard for exculpatory law enforcement findings."

Plaintiff seeks $50,000,000 in compensatory damages, plus additional punitive damages to be determined by a jury. *Id.* at ¶ 63.

## Motion to Dismiss Standard

In reviewing a pro se complaint, the Court is to liberally construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("where the petitioner is pro se, particularly in civil rights cases [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."); *see U.S. v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted

by lawyers.") (citations and internal quotations omitted). However, while factual allegations are accepted as true, legal conclusions are not. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

To avoid dismissal for failure to state a claim, the complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555 (quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the Court must accept the allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Argument

### I.   Prosecutorial immunity is an absolute bar to the claims against individual Defendants and to the County.

The individual County Defendants are entitled to prosecutorial immunity and therefore, claims against them in their individual capacity are impermissible. Prosecutorial immunity protects eligible government officials when they are acting

pursuant to their official role as advocate for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pactman*, 424 U.S. 409, 430 (1976). These functions include whether or when to prosecute a case or dismiss the case. *See Imbler*, 424 U.S. at 431 n. 33; *Roe v. City of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). Prosecutorial functions also include organizing and analyzing evidence and law, in addition to internal discretion and practices that determine how those functions will be executed. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012). It is not required that the actions relate to a particular trial, but rather the actions should "necessarily require legal knowledge and the exercise of related discretion." *Id.* at 912-13 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 334 (2009)).

Plaintiff alleges that Defendant Ahner filed charges against Plaintiff while acting as the Flathead County Attorney and those charges were later dismissed. As noted above, filing charges – which includes considering the information to rely on when initiating charges – is a prosecutorial function which is covered by absolute immunity. Plaintiff alleges that Ahner filed charges against the recommendation of Sheriff Brian Heino, and "despite actual notice of Plaintiff's ownership." Even affording Plaintiff latitude in assuming that Ahner did anything improper, the result remains the same. Prosecutors acting within the scope of their duties are absolutely immune from a suit brought for damages "even if the prosecutor has violated a

plaintiff's constitutional rights or acts with malicious intent." *Flesch v. Richter*, No.

CV 23-150-BLG-DWM, 2024 WL 2724279, at *2 (D. Mont. May 28, 2024) (citing

*Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003)). Specifically, the *Imbler*

Court held:

> We conclude that the considerations outlined above dictate the same
> absolute immunity under § 1983 that a prosecutor enjoys at common
> law. To be sure, this immunity does leave the genuinely wronged
> defendant without civil redress against a prosecutor whose malicious or
> dishonest action deprives him of liberty. But the alternative of
> qualifying a prosecutor's immunity would disserve the broader public
> interest. It would prevent the vigorous and fearless performance of the
> prosecutor's duty that is essential to the proper functioning of the
> criminal justice system.

*Imbler*, 424 U.S. at 427-28 (footnote omitted). Thus, immunity is absolute, and a

prosecutor's motives are irrelevant provided the prosecutor is acting within his or

her function as a prosecutor. An allegation that the charges were filed with malice is

insufficient to defeat immunity.

It is unclear whether Plaintiff is attempting to raise a tort claim for malicious

prosecution under Montana law in addition to his claims pursuant to 42 U.S.C.

§ 1983. Plaintiff has also asserted a claim of negligence for breaching the duty to

"exercise reasonable care in the performance of [Defendants'] professional

responsibilities . . . ." (Doc. 12 at ¶ 55.) Although Plaintiff fails to state a claim under

federal law, as shown herein, and the Court would therefore lack jurisdiction to hear

state law claims only, the doctrine of prosecutorial immunity encompasses tort

actions under Montana state law against the prosecuting county attorney as well as the county governments that employ them in that capacity. *Rosenthal v. Cnty. of Madison*, 170 P.3d 493, 498 (Mont. 2007) (In dismissing state tort claims, the Court affirmed that they "have extended the doctrine of prosecutorial immunity to include county and state governments employing the prosecutors who find themselves named defendants in tort actions."). Filing and maintaining criminal charges are among the many duties of a prosecutor and when a prosecutor acts within the scope of these duties; he is absolutely immune from liability, regardless of negligence or lack of probable cause. *Id.* at 499.

The individual Defendants enjoy absolute prosecutorial immunity with respect to Plaintiff's claims under state law, and Flathead County is also immune from those claims. Generally, the allegations against the individuals (other than Ahner) are simply that they were also prosecuting attorneys, which is insufficient to beat immunity.

Admittedly, Plaintiff includes one allegation against Rolando that may be considered outside of her role as a prosecutor, but fails, nonetheless, to assert a claim against her that would entitle him to relief. Plaintiff asserts that Rolando conducted a two-day investigation. (Doc. 12 at ¶ 27.) Following this investigation, she dismissed the trespass charges. (Doc 12 at ¶¶ 27 and 38.) Assuming, for purposes of this Motion, that the investigation was external, rather than an internal investigation

of the County Attorney's files, when a prosecutor performs an investigation resulting in a cognizable injury to a plaintiff, such an investigation could be considered outside of the absolute immunity granted to prosecutors. *See Imbler*, 424 U.S. at 430. However, the sole result of Rolando's investigation, as alleged by Plaintiff, is that she decided to dismiss the charges pending against Plaintiff. Such conduct does not create any claim against Rolando upon which relief can be granted.

Finally, since no other facts are pleaded against the County, the doctrine of prosecutorial immunity is extended to the County for the actions of Defendant Ahner. All Defendants, therefore, are entitled to absolute immunity for all claims alleged by Plaintiff, and the Second Amended Complaint should be dismissed.

## II.    Plaintiff pleads no facts to support his claims against the County.

Federal Rule of Civil Procedure 8(a)(2) requires a statement of a claim in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.

A municipality may be held liable for a claim brought under 42 U.S.C. § 1983 only when the municipality inflicts an injury, and it may not be held liable under a

respondeat superior theory. *Monell v. Dept. of Soc. Servs.*, 436 U.S.C. 658, 694 (1978). That is, the County cannot be held liable solely because its employees are alleged tortfeasors. To establish liability against a county, a plaintiff must show that his constitutional rights were violated pursuant to a policy, practice, or custom of the named entity. *Id.*; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Conclusory and generic allegations are insufficient to plead municipal liability under *Monell*. *See e.g. Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker"); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (allegations "that Defendants' 'maintained or permitted an official policy custom or practice of knowingly permitting the occurrence of the type of wrongs' that [plaintiff] elsewhere alleged" were insufficient where plaintiff "did not put forth additional facts regarding the specific nature of this alleged 'policy, custom, or practice'"). The mere recitation of the legal requirements for a *Monell* claim, without specific facts regarding the policies and practices, is not sufficient to survive a motion to dismiss § 1983 claims against a county. *Bros. v. Monaco*, 363 F.Supp.3d 1138 (D. Mont. 2019).

Plaintiff claims that the County is liable under § 1983 because "Flathead County had policies/customs that allowed prosecutions without probable cause and with disregard for exculpatory law enforcement findings." Plaintiff may believe that the County established a policy, custom, or practice, which led to the alleged constitutional violation, but he must do more than offer belief. Plaintiff must provide facts which entitle him to relief as to his claims in Count VII. This Court and the Defendants cannot draw any inferences because Plaintiff pleaded no facts, plausible or otherwise, which support the claim. The *Monell* claim is nothing more than a naked assertion of the elements of the claim without factual enhancement and is therefore insufficient to show entitlement to relief.

Plaintiff also claims that the Defendants "deprived Plaintiff of possessory and ownership rights in his property" and conspired to deprive him of constitutional rights. Plaintiff does not claim what property or constitutional rights he was allegedly deprived of. Again, this Court cannot draw any inferences regarding the majority of Plaintiff's claims because he pleads no facts to support the claims, plausible or otherwise. Plaintiff merely provides labels, conclusions, and a formulaic recitation of the elements of a cause of action—precisely what is prohibited by the antecedent question "what must a plaintiff plead in a complaint." As such, Counts IV, V, and VII also fail to state a claim.

**III.    The Second Amended Complaint is fatally flawed in additional ways.**

Although the individual Defendants' prosecutorial immunity is dispositive of all issues in this case, County Defendants also briefly address other fatal flaws of Plaintiff's Second Amended Complaint.

*A.    Official capacity claims are duplicative and unnecessary.*

Longstanding jurisprudence dictates that there is no need for plaintiffs to bring official capacity claims when plaintiffs can sue the municipality directly. The United States Supreme Court stated over 40 years ago that plaintiffs no longer need to bring official capacity claims against local government officials. *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985). The Court reasoned that official capacity claims generally represent only another way of pleading an action against an entity of which an officer is an agent. *Id.* at 165. Thus, an official capacity suit is viewed as a suit against the employing entity and the entity is considered the real party in interest. *Id.* Thus, the individual County Defendants here cannot be sued in their official capacities.

Moreover, Montana Code Annotated § 2-9-305(5) provides:

In an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment, unless [certain exclusions from immunity are applicable].

*Defendants' Brief in Support of Rule 12(b)(6) Motion to Dismiss*
*Second Amended Complaint*                                                                11

Thus, where an action is brought against a county based on an employee's conduct, the employee is immune from individual liability. The County acknowledges that its employees were acting within the course and scope of their employment. None of the exclusions contained in § 2-9-305 apply in this case. To the extent that Plaintiff is raising claims under state law, the individual Defendants are improper parties in their individual capacities as well, based on Mont. Code Ann. § 2-9-305. Maintaining an action against them is unreasonable. *Germann v. Stephens*, 137 P.3d 545, 552 (2006). Therefore, the individual Defendants must be dismissed in their official capacities.

Further, the Ninth Circuit has determined that causes of action that do not provide for liability against the named defendants constitute unreasonable claims, entitling the prevailing defendant to attorneys' fees. *Morse. N. Coast Opportunities, Inc.* 118 F.3d 1338, 1343 (9th Cir. 1997). As such, the individual Defendants may be entitled to their fees incurred for defending against these unreasonable claims. *Id.*

### B.     *Plaintiff fails to establish the elements of his malicious prosecution claim (Counts I and II).*

The Ninth Circuit Court of Appeals has held that, in certain circumstances, a claim of malicious prosecution can be advanced as an alleged violation of the First, Thirteenth, and Fourteenth Amendments of the United States Constitution, and constitutes a viable claim under 42 U.S.C. § 1983. *Awabdy v. City of Adelanto*,

368 F.3d 1062, 1070 (9th Cir. 2004). In assessing the merits of § 1983 malicious prosecution claim the federal courts utilize the elements of a claim of malicious prosecution under applicable state tort law. *Brown v. Jones*, No. CV 08-149-MDWM-JCL, 2009 WL 1456480, at *6 (D. Mont. May 21, 2009) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987); *Womack v. Cnty. of Amador*, 551 F.Supp.2d 1017, 1031 (E.D. Cal. 2008)). A cause of malicious prosecution in Montana requires a plaintiff to allege and prove the following six elements:

(1) a judicial proceeding was commenced and prosecuted against the plaintiff;

(2) a defendant was responsible for instigating, prosecuting, or continuing such proceeding;

(3) there was a lack of probable cause for the defendant's acts;

(4) the defendant was actuated by malice;

(5) the judicial proceeding was terminated favorably for plaintiff; and

(6) the plaintiff suffered damages.

*Plouffe v. Mont. Dept. of Public Health and Human Servs.*, 45 P.3d 10, ¶ 16 (Mont. 2002). Lack of any one element is dispositive. *Id.* at ¶ 16. "[S]ince an action for malicious prosecution runs counter to important legal and social policies, such as encouraging criminal proceedings against those who appear guilty of a crime, it is not favored by the law and the burden on the plaintiff is heavy." *Reece v. Pierce Flooring*, 34 P.2d 640, 643 (Mont. 1981). The burden is particularly heavy when the

claim is based on prosecution of criminal charges. *See Wendel v. Metero. Life Ins. Co.*, 272 P. 245, 248-49 (Mont. 1928).

At a minimum, Plaintiff fails to satisfy elements two and three. Although the State of Montana, through county attorneys, is obviously responsible for filing and maintaining the charges against Plaintiff, it is just as obviously immune from suit for those actions (as discussed above), and element two fails.

On the third element, Plaintiff fails to show that there was a lack of probable cause to charge him. Despite Plaintiff's disagreement with the criminal charge (that was later dismissed), probable cause is a low burden and exculpatory evidence discovered later does not defeat it. *See State v. Holt*, 1398 P.3d 819, ¶¶ 29-29 (Mont. 2006) ("A showing of a mere probability that a defendant committed the offense charged is sufficient to establish probable cause to file an information."); *State v. Elliott*, 43 P.3d 279, ¶ 26 (Mont. 2002) ("An affidavit in support of a motion to file an information need not make out a prima facie case that a defendant committed an offense."). In support of his argument that there was a want for probable cause, Plaintiff claims that the Sherriff determined probable cause did not exist and communicated that to Defendant Ahner, and that the recorded ownership of the property remained with Plaintiff. Although Defendant Rolando agreed to dismiss the charges, there are no facts that a court dismissed the case for want of probable cause. *See Holt*, at ¶ 28 (The "District Judge is to use common sense to determine whether

probable cause exists."). Plaintiff has not met his burden of pleading facts to support element three. Therefore, Plaintiff's malicious prosecution claim fails.

C.    *Plaintiff fails to state a claim under 42 U.S.C. § 1985(3) (Count V).* \

Plaintiff's claim under 42 U.S.C. § 1985 should be dismissed. Section 1985(3) expressly makes defendants liable for conspiring to deprive "any persons or class of persons the equal protection of the laws or of equal privileges and immunities under the laws . . . ." Despite this facially expansive statutory language, the United States Supreme Court has interpreted 42 U.S.C. § 1985(3) to proscribe only those conspiracies which are motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus . . . ." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Nowhere in the Second Amended Complaint does Plaintiff allege that County Defendants' actions or inactions were motivated by an animus towards a class of which Plaintiff was a member. Plaintiff pleads no perceived discrimination at all. Therefore, Plaintiff has not pleaded an actionable claim under 42 U.S.C. § 1985(3). Count V should therefore be dismissed.

D.    *Plaintiff may not seek relief through invocation of criminal statutes (Count VI).*

Plaintiff purports to assert a cause of action pursuant to a federal criminal statute – namely, 18 U.S.C. § 1018 (false statements). "'Title 18 of the United States

Code is a federal criminal statute which does not create civil liability or a private right of action.'" *Weimer v. Google, Inc.*, No. CV 18-78-M-DLC-JCL, 2018 WL 6047882, at *4 (D. Mont. Aug. 17, 2018), *report and recommendation adopted*, No. CV 18-78-M-DLC-JCL, 2018 WL 5278707 (D. Mont. Oct. 24, 2018), *aff'd*, 829 F.App'x 296 (9th Cir. 2020) (quoting *ManorCare of Easton PA LLC v. Nagy*, 2017 WL 43477624, *4 (E.D. Pa. Sept. 29, 2017)). References to criminal statutes do not state a claim for relief in a civil action. *See In re Digimar Corp. Derivative Litigation*, 549 F.3d 1223, 1230 (9th Cir. 2008) (criminal provisions that do not provide a bases for civil liability do not give rise to a civil cause of action); *Weimer*, at *4; *Saunders Jr v. Am. Heritage Moving Sols. LLC*, NO. CV 23-8-M-DLC-KLD, 2023 WL 4826474, at *3 (D. Mont. Apr. 26, 3023).

Because the federal criminal statutes cited by Plaintiff do not provide for a private right of action, Plaintiff fails to state a claim for relief under Count VI.

E.    *Plaintiff fails to state a claim of abuse of process (Count IX).*

Plaintiff fails to plead a prima facie case of abuse of process in Count IX. To prevail on an abuse of process claim, a plaintiff must show (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984). To state a claim of abuse of process a plaintiff must show that there was an attempt to use a legal process to "coerce the [plaintiff] to do some collateral thing which he could not be legally

and regularly compelled to do. *Id.* at 240. For example, in *Hopper v. Drysdale*, 524 F.Supp. 1039 (D. Mont. 1981), defendant attorneys noticed and took plaintiff's deposition with the ulterior motive of having him present in Gallatin County so he could be served and arrested on an outstanding contempt order issued in an unrelated proceeding. The court held that those facts, if proven, would constitute the tort of abuse of process as the process was put to a use perverted beyond its intended purpose.

Here, Plaintiff has pleaded no such perversion. Plaintiff has pleaded no facts that the filing of trespass charges and subsequent dismissal of said charges were for any ulterior purpose other than the precise purpose of the duties of a deputy county attorney. Additionally, Plaintiff has pleaded no facts that the filing of charges and subsequent dismissal of charges were an attempt to coerce him to do anything which he could not be legally or regularly compelled to do. He has not pleaded any facts that the charges were to coerce him to do anything at all. Therefore, Plaintiff has not stated an abuse of process claim and Count IX must be dismissed.

### Conclusion

County Defendants' Motion to Dismiss should be granted because Plaintiff has pleaded no facts upon which he is entitled to relief. And even if Plaintiff had met the pleading standard, he cannot state a viable claim based on the criminal citation

and its subsequent dismissal, which would fall within the scope of prosecutorial immunity. Plaintiff's claims should therefore be dismissed with prejudice.

DATED this 31st day of October 2025.

County Litigation Group


*/s/ Molenda L. McCarty*
Molenda L. McCarty

## CERTIFICATE OF COMPLIANCE

The undersigned represents that in accordance with D. Mont. L.R. 7.1(d)(2)(E), the foregoing Brief in Support contains 4,892 words, excluding caption, table of contents and authorities, and certificates of service and compliance, as calculated by Microsoft Word software.

DATED this 31st day of October 2025.

County Litigation Group


*/s/ Molenda L. McCarty*
Molenda L. McCarty

## CERTIFICATE OF SERVICE

I certify that on the 31st day of October 2025 a true and correct copy of the

foregoing *Defendants' Brief in Support of Rule 12(b)(6) Motion to Dismiss Second*

*Amended Complaint* was sent to Plaintiff by the following means:

Dennis Thornton                                      [X] U.S. Mail, postage prepaid
151 Amatasia Lane                                  [  ] Overnight Delivery
Kalispell, MT 59901                                 [  ] Hand Delivery
thorcoinc@outlook.com                          [  ] Email


                                                              */s/ Molenda L. McCarty*
                                                              Molenda L. McCarty