Filed by:
Dennis Thornton, Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com

NOV 12 2025
Clerk, U.S. Courts
District of Montana
Missoula Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

        **Plaintiff,**

v.

**FLATHEAD COUNTY;**
**TRAVIS AHNER;**
**ASHLEY FRECHETTE;**
**MICHAEL NOONAN;**
**ANGELA ROLANDO; and,**
**JOHN/JANE DOES 1–10,**

        **Defendants.**

**Case No.: CV-25-83-DWM**

## PLAINTIFF'S PRO SE RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT
### (ECF Docs. #32 & 33)

Plaintiff Dennis Thornton, appearing pro se, respectfully submits

this Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss and

supporting Brief.

1

Taking the well-pleaded allegations of the Second Amended Complaint as true and construing them liberally, dismissal is improper. The pleading plausibly alleges that County prosecutors initiated and maintained a criminal case against Mr. Thornton without probable cause, while omitting exculpatory public-record ownership documents and relying on fabricated or false assertions about title. Those non-advocative, investigative, and complaining-witness acts fall outside absolute prosecutorial immunity at the pleading stage. The Complaint further alleges municipal liability under Monell v. Department of Social Services, based on the actions and ratification of a final policymaker and customs that tolerated prosecutions despite exculpatory law-enforcement findings.

## I.    LEGAL STANDARD

On a **Rule 12(b)(6)** motion, the Court accepts factual allegations as true and draws reasonable inferences in the plaintiff's favor. Threadbare recitals and conclusory statements are insufficient, but a claim is plausible when the pleaded facts allow a *reasonable inference of liability. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to* 'state a claim to relief that is plausible on its face." *(Id. at 678, quoting* Twombly, *550 U.S. at 570.) Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Pro se pleadings are construed liberally and given the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).

## II.    ABSOLUTE PROSECUTORIAL IMMUNITY DOES NOT BAR THE CLAIMS AS PLEADED.

Absolute immunity protects advocates only for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

It does not extend to non-advocative conduct such as (1) fabricating evidence during an investigation, (2) acting as a complaining witness by swearing to facts in support of charging documents, or (3) giving legal advice to or directing police in an investigative phase. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273–76 (1993); *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997); *Burns v. Reed*, 500 U.S. 478, 494–96 (1991).

The Ninth Circuit strictly applies those distinctions: prosecutors are not absolutely immune when they perform investigative functions or act as witnesses. *Genzler v. Longanbach*, 410 F.3d 630, 636–41 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1113–16 (9th Cir. 2004); *Miller v. Gammie*, 335 F.3d 889, 896–900 (9th Cir. 2003) (en banc).

3

Here, the Complaint alleges that Defendants (a) drafted, signed, or approved charging papers and affidavits that omitted readily available exculpatory ownership records, (b) relied on knowingly false title assertions, and (c) sustained the case despite a Sheriff's no-probable-cause determination and public records confirming Plaintiff's ownership. Those are investigative/complaining-witness acts not "intimately associated" with courtroom advocacy. At the pleadings stage, immunity must be apparent on the face of the complaint; it is not where the allegations plausibly describe non-advocative conduct. See ***Buckley***, 509 U.S. at 274–76; ***Kalina***, 522 U.S. at 129–31; Genzler, 410 F.3d at 639–41.

To the extent Defendants argue that all decisions whether to charge or dismiss are absolutely immune, that overreads ***Imbler***: the immunity inquiry turns on "function," not job title, and mixed roles preclude dismissal where non-advocative conduct is plausibly alleged. ***Miller***, 335 F.3d at 897–900.

Based upon the foregoing, the Defendants' claim that the Complaint should be dismissed because of prosecutorial immunity fails. According to every legal standard and binding case precedents of the Supreme Court and Ninth Circuit, Defendants' Motion to Dismiss must be DENIED.

### III.    THE COMPLAINT PLAUSIBLY STATES § 1983 MALICIOUS-PROSECUTION CLAIMS (COUNTS I & II).

A **§ 1983** malicious-prosecution claim lies when defendants prosecuted a plaintiff with malice and without probable cause for the purpose of denying equal

4

protection or another constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066–68 (9th Cir. 2004).

Favorable termination is satisfied where the criminal case ended without a conviction and in a manner not inconsistent with innocence. *Thompson v. Clark*, 142 S. Ct. 1332, 1341–42 (2022).

The Complaint alleges: (1) initiation and continuation of criminal proceedings; (2) Defendants' responsibility for instigating and maintaining those proceedings; (3) lack of probable cause given public-record ownership documents and the Sheriff's no-probable-cause finding; (4) malice; (5) favorable termination by dismissal on June 15, 2024; and (6) damages. Those allegations meet controlling standards and are sufficient at this stage. See *Awabdy*, 368 F.3d at 1066–68.

Defendants' briefing invokes a presumption that the prosecutor's independent judgment breaks the chain of causation. But in the Ninth Circuit that presumption is rebuttable where, as pleaded here, defendants deliberately supplied false information, withheld exculpatory evidence, or exerted improper pressure. *Awabdy*, 368 F.3d at 1067; *Smiddy v. Varney*, 665 F.2d 261, 266–68 (9th Cir. 1981), as modified, 803 F.2d 1469 (9th Cir. 1986).

Nor does the later discovery of exculpatory facts salvage probable cause when the pleading asserts that charging documents were premised on fabricated or

5

materially incomplete information at the outset. See ***Buckley***, 509 U.S. at 274–76; ***Awabdy***, 368 F.3d at 1067–68.

Based upon the foregoing, the Defendants' claim that the Complaint should be dismissed because of implausibility fails. According to every legal standard and binding case precedents of the Supreme Court and Ninth Circuit, Defendants' Motion to Dismiss must be DENIED.

## IV.    THE DUE-PROCESS FABRICATION-OF-EVIDENCE CLAIM (COUNT III) IS WELL-PLEADED.

Deliberate fabrication of evidence that is used to criminally charge or deprive liberty violates due process. See ***Devereaux v. Abbey***, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc).

The Complaint alleges defendants knowingly relied on false ownership assertions and omitted recorded deed evidence and the Sheriff's exculpatory findings. Those allegations are sufficient at this stage. See ***Genzler***, 410 F.3d at 639–41.

Based upon the foregoing, the Defendants' claim that the Complaint should be dismissed because incomplete or improper pleading fails. According to every legal standard and binding case precedents of the Supreme Court and Ninth Circuit, Defendants' Motion to Dismiss must be DENIED.

## V.    THE FOURTH AMENDMENT UNREASONABLE-SEIZURE THEORY (COUNT IV) IS PLAUSIBLE

### 1.    Instituting or continuing legal process without probable cause constitutes a Fourth Amendment seizure.

The Supreme Court has held that claims challenging pretrial detention or prosecution based on fabricated evidence or lack of probable cause arise under the Fourth Amendment. *Manuel v. City of Joliet*, 580 U.S. 357, 364–70 (2017). There, the Court explained that "a claim challenging pretrial detention falls within the scope of the Fourth Amendment," and that such detention "is unreasonable if it lacks probable cause." *Id.* at 367–68. See also *Albright v. Oliver*, 510 U.S. 266, 271–75 (1994) (plurality op.) (holding that the Fourth Amendment, rather than substantive due process, governs claims for unlawful prosecution).

### 2.    A Fourth Amendment seizure extends to all restraints imposed through legal process.

Under *Manuel* and *Albright*, a plaintiff states a Fourth Amendment claim where officials initiate or continue criminal proceedings without probable cause, thereby imposing restrictions on liberty "through legal process." *Manuel*, 580 U.S. at 365–66. The Fourth Amendment "prohibits government officials from detaining a person in the absence of probable cause" and from "fabricating evidence" to justify such detention. *Id.* at 367; *see also Malley v. Briggs*, 475 U.S. 335, 344–45 (1986) (officer liable under § 1983 where warrant issued without probable cause).

7

3.    **The Complaint plausibly alleges facts supporting a reasonable inference of liability.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, the Complaint alleges specific factual circumstances showing that Defendants initiated and maintained criminal proceedings against Plaintiff without probable cause. Accepting these facts as true, the allegations easily permit a reasonable inference of liability under *Twombly–Iqbal*.

4.    **Binding Ninth Circuit authority confirms the plausibility of Plaintiff's Fourth Amendment claim.**

The Ninth Circuit has expressly recognized that causing a person to be seized pursuant to legal process without probable cause violates the Fourth Amendment. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918–19 (9th Cir. 2012) (en banc) (holding that plaintiffs stated a plausible Fourth Amendment claim for being arrested and prosecuted without probable cause). Similarly, in *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019), the court reiterated that "continued detention without probable cause violates the Fourth Amendment," and that such

8

claims are plausible where factual allegations support an inference of unlawful action. See also ***Younger v. City of Seattle,*** 70 F.4th 1099, 1107 (9th Cir. 2023) (recognizing Fourth Amendment seizure where officers initiated criminal process without probable cause).

5.    **Under Supreme Court and Ninth Circuit precedent, the claim survives dismissal.**

Taken together, ***Manuel***, ***Albright***, ***Lacey***, and ***Mills*** establish that the initiation or continuation of legal process without probable cause constitutes an unreasonable seizure actionable under the Fourth Amendment. When these binding precedents are applied alongside the plausibility standard of ***Twombly*** and ***Iqbal***, Plaintiff's allegations state a legally cognizable and factually plausible claim for relief.

Accordingly, under controlling Supreme Court and Ninth Circuit precedent, **Defendants' Motion to Dismiss Count IV must be DENIED.**

## VI.   THE MONELL CLAIM (COUNT VII) IS ADEQUATELY PLEADED

1.  **Legal Standard: A Municipality Is Liable Under § 1983 for Constitutional Violations Caused by Its Policies, Customs, or Final Policymakers.**

Under well-settled Supreme Court precedent, a municipality may be held liable under **42 U.S.C. § 1983** where a constitutional deprivation results from an

official policy, custom, or a decision by an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978). Liability also arises when the municipality's failure to train or supervise employees reflects "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388–92 (1989).

Further, a **single decision by a final policymaker** can itself establish an actionable municipal policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986) (plurality op.) ("[W]here action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly."). The Court reaffirmed this principle in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123–27 (1988), clarifying that whether an official has final policymaking authority is a question of state law.

## 2. Factual Allegations: Flathead County's Customs and Final Policymaker Decisions Are Plausibly Alleged to Have Caused the Constitutional Violation.

Mr. Thornton alleges that Flathead County maintained customs and practices permitting prosecutions despite exculpatory findings, and that County Attorney Ahner, a final policymaker for charging decisions under Montana law, personally authorized, directed, and ratified the challenged conduct. These allegations plausibly allege a causal link between the County's official customs or policymaker actions and the alleged constitutional injury.

10

As the Supreme Court explained in _**Pembaur**_, a single decision by a final policymaker may constitute "official policy" for § 1983 purposes. _Id._ at 480–81. The Ninth Circuit has repeatedly applied that rule, holding that municipal liability attaches "when an official with final policymaking authority ratifies a subordinate's unconstitutional decision or action and the basis for it." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1347–48 (9th Cir. 1992); _<u>Lytle v. Carl</u>_, 382 F.3d 978, 982 (9th Cir. 2004) (same). The Complaint's allegations that Ahner personally directed and approved the prosecution thus state a plausible claim under _**Pembaur**_ and its progeny.

## 3. Ninth Circuit Authority Confirms That Such Allegations Are Sufficient at the Pleading Stage.

At the motion-to-dismiss stage, a plaintiff need only allege facts that, if true, plausibly show that a municipal policy, custom, or decision caused the constitutional violation. _<u>AE ex rel. Hernandez v. County of Tulare</u>_, 666 F.3d 631, 637–38 (9th Cir. 2012) (reversing dismissal where plaintiff alleged policy and ratification by policymakers); _<u>Long v. County of Los Angeles</u>_, 442 F.3d 1178, 1185 (9th Cir. 2006) ("A plaintiff may establish municipal liability by demonstrating that ... a longstanding practice or custom ... constitutes the standard operating procedure of the local government entity."); _<u>Clouthier v. County of Contra Costa</u>_, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (holding that allegations of

deliberate indifference to known unconstitutional practices were sufficient to state a *Monell* claim).

Here, Plaintiff's factual allegations that Flathead County maintained an unconstitutional custom of pursuing prosecutions despite exculpatory evidence, combined with the direct involvement and ratification by the County Attorney, easily satisfy the ***Twombly–Iqbal*** plausibility standard. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009); **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 555–56 (2007).

4.   **Under Controlling Precedent, the Monell Claim Survives Dismissal.**

Taken together, ***Monell***, ***Canton***, ***Pembaur***, ***Praprotnik***, ***Gillette***, ***Lytle***, ***AE ex rel. Hernandez***, and ***Long*** make clear that a municipality is liable under § 1983 when its official policies, customs, or policymaker decisions cause a constitutional violation. The Complaint's well-pleaded allegations that Flathead County maintained unlawful customs and that its final policymaker directed and ratified the challenged prosecution are more than sufficient to state a plausible ***Monell*** claim.

Accordingly, under binding Supreme Court and Ninth Circuit precedent, Defendants' Motion to Dismiss Count VII must be DENIED.

## VII.   "OFFICIAL-CAPACITY" REDUNDANCY IS NOT A BASIS TO DISMISS THE CASE.

Defendants contend official-capacity claims are duplicative. Even if the Court dismisses official-capacity labels as redundant of the claim against the

12

County, the individual-capacity claims and the Monell claim remain and preclude dismissal of the action. See ***Kentucky v. Graham***, 473 U.S. 159, 165–68 (1985). Likewise, based upon the foregoing, the Defendants' duplicitous claim that the Complaint should be dismissed because of "official capacities" fails. It is a mere redundant argument and is as unsupported as when originally argued by the Defendants. According to every legal standard and binding case precedents of the Supreme Court and Ninth Circuit, Defendants' Motion to Dismiss must be DENIED.

## VIII. ANY DEFICIENCIES IN COUNTS V (§ 1985(3)) AND VI (18 U.S.C. § 1018) DO NOT WARRANT GLOBAL DISMISSAL; AT MOST, NARROW TAILORING OR LEAVE TO AMEND IS APPROPRIATE.

Section 1985(3) requires class-based, invidious animus. If the Court finds Count V insufficient on that element, Plaintiff respectfully requests leave to amend. See ***Griffin v. Breckenridge***, 403 U.S. 88, 102 (1971); ***Eminence Capital, LLC v. Aspeon, Inc.***, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Count VI invokes a criminal statute that does not create a private right of action. Plaintiff does not oppose dismissal of Count VI without prejudice, but that narrow issue provides no basis to dismiss the well-pleaded constitutional claims. See ***In re Digimarc Corp. Derivative Litig.***, 549 F.3d 1223, 1230 (9th Cir. 2008).

13

## IX.   THE MONTANA ABUSE-OF-PROCESS CLAIM (COUNT IX) IS PLAUSIBLE.

Under Montana law, abuse of process requires (1) an ulterior purpose and

(2) a willful act in the use of process not proper in the regular conduct of the

proceeding. ***Brault v. Smith***, 679 P.2d 236, 240 (Mont. 1984).

The Complaint alleges defendants pursued process to harass and coerce

Plaintiff despite known exculpatory title records and a law-enforcement

no-probable-cause finding, and that filings omitted material facts. Those

allegations plausibly describe process used for improper collateral ends and are

sufficient at this juncture. See ***Hopper v. Drysdale***, 524 F. Supp. 1039, 1041–42

(D. Mont. 1981).

## XI.   Argument: The Negligence Claim May Not Be Dismissed at the Pleading Stage and, in Any Event, Presents Classic Jury Questions

### A.  Federal pleading standards plus Montana substantive law control, and Plaintiff has adequately pled all elements of negligence.

In federal court, **Rule 12(b)(6)** tests whether the complaint states a plausible

claim—not whether Plaintiff will ultimately prevail. The Court must accept

well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor. See

***Iqbal/Twombly*** plausibility; short and plain statement); D. Mont. decisions apply

the same standard.

Substantively, Montana law supplies the rule of decision for negligence. The
Ninth Circuit has reiterated Montana's four elements: duty, breach, causation, and
damages. Where Montana law applies, federal courts look to those elements to
assess sufficiency. See ***Ninth Circuit FTCA decision*** (reciting Montana's
negligence element).

D. Mont. has applied these same Montana elements at **Rule 12(b)(6)** and
denied dismissal where (as here) the complaint alleges duty, breach, causation, and
damages with supporting facts. See ***Albert v. Missoula County*** (D. Mont. 2019)
(denying motion to dismiss negligence count; pleading that County owed a duty to
detainees, breached it, and caused harm was sufficient).

Here, Plaintiff pleads: (1) duties owed by County attorneys and the County
regarding investigation, charging, and record handling; (2) breaches by authorizing
and maintaining prosecution without probable cause and omitting exculpatory
ownership records; (3) causation in the form of litigation costs, reputational and
emotional harm; and (4) damages. Under the above standards, the negligence count
clears **Rule 12(b)(6).**

**B. Montana law reserves negligence questions for the jury unless only one
conclusion is possible.**

15

Montana's Supreme Court has long held that negligence and proximate cause are ordinarily jury questions and are "poorly situated" for adjudication as a matter of law; only when reasonable minds can reach but one conclusion may a court take the issue away from the jury. See *Peyatt v. Moore* ("Ordinarily, questions of negligence are poorly situated to adjudication by summary judgment and are better left for jury determination at trial."); *Bonilla v. Univ. of Mont.* (same, quoting *Peyatt*); *Larchick v. Diocese of Great Falls–Billings* (intervening cause/foreseeability: court may decide only where reasonable minds could reach but one conclusion).

This Montana rule controls in diversity and supplemental-jurisdiction cases; federal procedure governs when the court may decide (e.g., **Rule 12 or 56**), but Montana law governs what is a jury question on negligence and causation. Because Plaintiff's allegations create factual disputes regarding breach, causation, and damages, dismissal would improperly invade the jury's role.

## C. Defendants' Rule 12(b)(6) arguments attack facts the jury must resolve, not the sufficiency of the pleading.

At most, Defendants dispute whether their conduct breached any duty or caused Plaintiff's harms. That is precisely the type of controversy Montana consigns to jurors (not a judge on the pleadings). D. Mont. has refused to dismiss

16

negligence counts where the complaint sets out the elements with factual support—even while trimming other causes of action. See ***Albert v. Missoula County*** (allowing negligence to proceed past 12(b)(6) while dismissing other statutory claims).

## D. Bottom line

Because Plaintiff alleges each required element under Montana law and the claim raises classic factual issues of breach and causation, the negligence claim cannot be dismissed at Rule 12(b)(6). To the extent Defendants seek an early merits ruling, Montana law reserves those questions for the jury unless no reasonable juror could find negligence—which is not the case at the pleadings stage here.

# XI.   AT MINIMUM, LEAVE TO AMEND SHOULD BE GRANTED.

If the Court identifies any pleading deficiency, the proper Course is leave to amend, particularly for a pro se litigant. ***Eminence Capital***, 316 F.3d at 1051–52; ***Hebbe***, 627 F.3d at 342.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss in full.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Dennis Thornton respectfully requests that the Court enter an Order:

1. **Denying** Defendants' **Rule 12(b)(6)** Motion to Dismiss (Doc. 32) **in its entirety** because the Second Amended Complaint plausibly alleges constitutional and state-law violations and prosecutorial-immunity does not bar the pleaded non-advocative conduct;

2. **Alternatively**, to the extent the Court identifies any deficiency in any claim, **granting leave to amend** pursuant to **Fed. R. Civ. P. 15(a)** and Ninth Circuit precedent favoring amendment—particularly for a pro se litigant;

3. **Holding** that Plaintiff's **negligence claim** (Count VIII) is sufficiently pleaded and, in any event, presents classic fact questions of duty, breach, causation, and damages for the **jury**, not resolution on the pleadings;

4. **Recognizing** that the Complaint adequately pleads **§ 1983 malicious prosecution** (Counts I & II), **fabrication of evidence** (Count III), **Fourth Amendment unreasonable seizure** (Count IV), and _**Monell**_ municipal liability (Count VII);

5. **If the Court deems it necessary**, limiting any early narrowing to Count VI (**18 U.S.C. § 1018**) **without prejudice**, while allowing all constitutional claims and the Montana abuse-of-process claim (Count IX) to proceed;

6. **Directing** Defendants to **answer** the Second Amended Complaint **within fourteen (14) days** of the Court's Order denying the motion, see **Fed. R. Civ. P. 12(a)(4);**

7. **Setting** a prompt **Rule 26(f)** schedule and permitting discovery to proceed on all surviving claims;

8. **Granting** such other and further relief as the Court deems just and proper in the interests of justice.

Dated: November 10, 2025

Respectfully submitted,

Dennis Thornton, Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com

19

## CERTIFICATE OF COMPLIANCE
### (L.R. 7.1(d)(2)(A)–(E))

Pursuant to **Local Rule 7.1(d)(2)(E)** of the United States District Court for the District of Montana, I hereby certify that this brief complies with the word-limit requirements of **Local Rule 7.1(d)(2)(A)–(E).**

This document contains **3498 words**, excluding the caption, certificate of compliance, table of contents (not required), table of authorities (not required) and certificate of service. The word count is derived from the word-processing system used to prepare this brief.

In the United States District Court for the District of Montana (D. Mont.), the relevant local rule for briefing length in opposition to a motion to dismiss is **L.R. 7.1(d)(2)**, which provides that only if a brief is 4,000 words or more, it must include a Table of Contents, Table of Authorities, and Exhibit Index.

Dated: November 10, 2025

Respectfully submitted,

Dennis Thornton, Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I served the foregoing via

First-Class Mail and/or ECF on November 10, 2025:

Molenda L. McCarty and Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
mmccarty@mtcounties.org
dgallagher@mtcounties.org
and all other registered CM/ECF participants.

Dennis Thornton, Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com