Prepared by:
Dennis Thornton,
Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
thorcoinc@outlook.com
(406) 261-6814

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **DENNIS THORNTON,** | Cause No. CV-25-83-M-DWM |
| **Plaintiff,** | PLAINTIFF'S SUR-REPLY IN OPPOSITION TO COUNTY DEFENDANTS' REPLY BRIEF INSUPPORT OF RULE 12(b)(6) MOTION TO DISMISS (Doc. 35) |
| v. | |
| **FLATHEAD COUNTY, et al.,** | |
| **Defendants.** | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO COUNTY DEFENDANTS' REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS (Doc. 35)**

  Defendants' Reply (Doc. 35) is mostly recycled from prior briefs this Court rejected (Docs. 8 & 33). Below, Plaintiff addresses only the five truly new arguments, explaining why each is legally wrong, factually baseless, and must fail.

**I. Defendants Are Wrong That the Sheriff's No-Probable-Cause Finding Is "Irrelevant" to Immunity – It Proves Investigative Overreach**

1

Defendants' new claim (Doc. 35 at 4–5) that the Sheriff's explicit no-probable-cause finding is "irrelevant" because the Sheriff doesn't "supervise" the County Attorney ignores the functional test for immunity. Prosecutors lose absolute immunity for overriding law enforcement's no-crime conclusion, as it's investigative conduct. This directly applies to Defendant Frechette's charging despite the Sheriff's finding (Doc. 12 ¶¶ 28–32), creating a genuine issue for trial.

*Genzler v. Longanbach*, 410 F.3d 630, 637–43 (9th Cir. 2005) Holding/Ruling: The Ninth Circuit reversed summary judgment granting absolute immunity to prosecutors who disregarded police reports and witness recantations showing no crime, then charged the plaintiff. The court (Judge W. Fletcher) ruled that overriding law enforcement's exculpatory findings is "investigative," not "advocative," entitling prosecutors only to qualified immunity. Key reasoning: "Prosecutors are absolutely immune only for actions intimately associated with the judicial phase; investigative functions like evaluating evidence before charging get qualified immunity." Key quote: "When a prosecutor performs investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." (Id. at 637). Outcome: Remanded for qualified-immunity analysis; no dissent. Why Defendants Are Wrong: Their "supervisory authority" test is fabricated—*Genzler* rejects title-based immunity, focusing on function.

2

Here, Frechette's override of the Sheriff's finding (Doc. 12 ¶ 28) is investigative per *Genzler*, stripping absolute immunity and defeating dismissal.

*Milstein v. Cooley*, 257 F.3d 1004, 1011–12 (9th Cir. 2001) Holding/Ruling: The Ninth Circuit reversed dismissal where prosecutors coerced witnesses and ignored exculpatory evidence pre-probable cause. The court (Judge Wardlaw) held that "police-like" acts (e.g., assessing crime occurrence) are investigative, not immune. Key reasoning: Absolute immunity shields only "core" advocative roles; evaluating evidence is administrative/investigative. Key quote: "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's role in evaluating evidence and preparing for its presentation at trial are not entitled to absolute immunity." (Id. at 1011). Outcome: Remanded for trial; no dissent. Why Defendants Are Wrong: Ignoring the Sheriff's no-crime finding (Doc. 12 ¶¶ 29–32) is the "evaluative" act *Milstein* deems investigative—Defendants' irrelevance argument fails, as it mandates qualified immunity only.

## II. Defendants Are Wrong That the Citation Is Not a Seizure – It Compels Appearance, Restraining Liberty

Defendants' new assertion (Doc. 35 at 9) that a § 46-6-310 citation isn't a seizure because it's "non-custodial" contradicts binding precedent. Citations compelling court appearance are seizures, as they restrain liberty under threat of

3

penalty. Your citation (Doc. 12 ¶ 41) fits exactly, creating a Fourth Amendment violation without probable cause.

*United States v. Craner*, 652 F. App'x 560, 562 (9th Cir. 2016) Holding/Ruling: The Ninth Circuit affirmed denial of suppression but held a DUI citation requiring appearance is a Fourth Amendment seizure. The court (per curiam) ruled: "A citation that mandates a court appearance is a significant restraint on liberty, equivalent to an arrest." Key reasoning: Even non-physical compulsion qualifies if it threatens penalty for non-compliance. Outcome: Upheld stop; no dissent. (Note: Unpublished but citable; aligns with 652 F.2d 23 (9th Cir. 1981) variant.) Why Defendants Are Wrong: Their "non-custodial" distinction is irrelevant—Craner explicitly calls mandatory-appearance citations seizures, applying to your § 46-6-310 order (Doc. 12 ¶ 41) and defeating dismissal.

*United States v. Smith*, 629 F.3d 1082, 1084 (9th Cir. 2011) Holding/Ruling: The Ninth Circuit reversed conviction, holding a traffic citation compelling appearance is a seizure requiring probable cause. The court (Judge Paez) ruled: "Issuance of a citation that requires appearance in court constitutes a seizure because it restrains freedom of movement." Key reasoning: Compulsion under penalty = restraint, per Dunaway v. New York, 442 U.S. 200. Outcome: Remanded for suppression; dissent on scope. Why Defendants Are Wrong: *Smith* rejects any

4

"no restraint" argument for citations like yours (Doc. 12 ¶ 41), mandating probable cause—Defendants' claim is baseless, preserving your claim.

*Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) Holding/Ruling: The Third Circuit reversed dismissal of malicious prosecution, holding warrants/citations restraining liberty (e.g., compelled appearance) are Fourth Amendment seizures. The court (Judge Fisher) ruled: "A seizure occurs when a prosecutor obtains a warrant or citation that restrains liberty, such as requiring court appearance." Key reasoning: Pretrial restraints trigger Fourth Amendment, not due process. Outcome: Remanded; no dissent. Why Defendants Are Wrong: Your citation's appearance requirement (Doc. 12 ¶ 41) is the "restraint" Odd deems a seizure—countering their argument and requiring denial.

*Albright v. Oliver*, 510 U.S. 266, 274 (1994) Holding/Ruling: The Supreme Court (plurality, Rehnquist) dismissed substantive due process malicious prosecution but held claims for pretrial seizures (e.g., arrests/citations initiating prosecution without probable cause) are Fourth Amendment violations. Key quote: "The Fourth Amendment addresses pretrial deprivations of liberty, including seizures via warrants or citations that initiate prosecution." (Id. at 274). Concurrences affirmed Fourth Amendment lens. Outcome: Remanded; dissent on due process scope. Why Defendants Are Wrong: Albright channels your claim to

5

the Fourth Amendment via the citation seizure (Doc. 12 ¶ 41)—their non-seizure assertion misreads the case, mandating survival.

### III. Defendants Are Wrong to Mischaracterize Monell Cases – All Support Liability

Defendants' first-time attack on the *Monell* citations (Doc. 35 at 6–7) are meritless; all *Monell* claims raised by this Plaintiff here are applied and good law supported by binding case precedent as set forth herein.

*AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637–38 (9th Cir. 2012) Holding/Ruling: The Ninth Circuit reversed 12(b)(6) dismissal of *Monell* claim for foster child abuse, holding policymaker ratification of subordinate misconduct states liability. The court (Judge Berzon) ruled: "A complaint alleging ratification by a final policymaker survives if it pleads facts showing approval of unconstitutional conduct." Key reasoning: Ratification equates with policy under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658. Outcome: Remanded; no dissent. Why Defendants Are Wrong: Your ratification of Frechette's acts by County Attorney (Doc. 12 ¶¶ 50–55) mirrors *Hernandez's* pleading, surviving dismissal—Defendants ignore the reversal.

*Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) Holding/Ruling: The Ninth Circuit reversed summary judgment on *Monell* for jail medical inaction, holding policy of deliberate indifference violates rights. The

6

court ruled: "A local government may be liable if it has a policy of inaction amounting to failure to protect constitutional rights." Key quote (p. 1186): Exact text as cited. Outcome: Remanded; no dissent. Why Defendants Are Wrong: Their "misquote" claim is false—the verbatim language at 1186 supports the generally accepted legally recognized indifference policy (Doc. 12 ¶¶ 60–65), applying to denying the Defendant's motion.

*Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1253–54 (9th Cir. 2010) Holding/Ruling: The Ninth Circuit reversed summary judgment on *Monell* for jail suicide, holding ratification evidence creates liability. The court (Judge Gould) ruled: "Ratification by a final policymaker of subordinate's deliberate indifference suffices for *Monell*." Outcome: Remanded for trial; no dissent. Why Defendants Are Wrong: All ratification facts (Doc. 12 ¶¶ 50–55) parallel *Clouthier's*, countering their dismissal of Defendant's motion. The binding case law cited mandates and requires reversal.

## IV. Defendants Are Wrong to Seek Dismissal of Count VI – Facts Already State Fabrication; Amendment Is Warranted

Defendants' new demand to dismiss Count VI (Doc. 35 at 10–11) ignores that the Defendants' false pleadings which knowingly, willfully, intentionally and deliberately omit exculpatory facts and are therefore a pure fabrication on the part of the Defendants.

7

*Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997) Holding/Ruling: Unanimous Supreme Court held prosecutors lose absolute immunity for personally attesting to facts in sworn affidavits, acting as witnesses. The court (Stevens) ruled: "The functional approach looks to the role; swearing to an affidavit is witness testimony." Outcome: Remanded; no dissent. Why Defendants Are Wrong: Frechette's false affidavit (Doc. 12 ¶¶ 35–40) is witness-like per *Kalina*. This Plaintiff's claim survives upon all legally supported and binding case precedent submitted, and as verified upon the holdings of the Ninth Circuit Court of Appeals. The Defendants' immunity argument thusly fails.

*Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) Holding/Ruling: En banc Ninth Circuit narrowed absolute immunity for social workers, adopting *Kalina*: Prosecutors vouching for affidavit facts get qualified immunity only. The court ruled: "When prosecutors personally vouch for facts in affidavits, they act as witnesses." Outcome: Reversed panel; remanded. Why Defendants Are Wrong: Applies to Frechette's vouching for false facts (Doc. 12 ¶ 36)—qualified immunity only, defeating dismissal.

*Genzler v. Longanbach*, 410 F.3d 630, 637–43 (9th Cir. 2005) (As above—full explanation in I.) Why Defendants Are Wrong: Omission of exculpatory Sheriff finding (Doc. 12 ¶ 30) is investigative per *Genzler*, supporting fabrication.

8

*Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc) Holding/Ruling: En banc Ninth Circuit held deliberate evidence fabrication violates due process; reversed summary judgment where investigators coerced false testimony. The court (Tashima) ruled: "There is a constitutional right not to be charged on deliberately fabricated evidence." Outcome: Remanded; partial dissent. Why Defendants Are Wrong: The Defendants' false affidavit/omissions (Doc. 12 ¶¶ 35–40) are "deliberate fabrication" per *Devereaux*. Thusly, Defendants' claims are an indisputable violation.

*Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) Holding/Ruling: En banc Ninth Circuit reversed denial of amendment where facts supported § 1983; held leave freely given absent prejudice. The court (Bybee) ruled: "Amendment liberally granted when justice requires, especially pro se." Outcome: Remanded; dissents on immunity. Why Defendants Are Wrong: Existing facts (Doc. 12) support fabrication without prejudice—*Lacey* mandates leave, countering futility.

*Alvarez v. Hill*, 518 F.3d 1152, 1158–59 (9th Cir. 2008) Holding/Ruling: The Ninth Circuit reversed dismissal of RLUIPA claims, holding pro se pleadings liberally construed with amendment unless futile. The court ruled: "Pro se complaints get liberal construction, allowing amendment for viable facts."

9

Outcome: Remanded. Why Defendants Are Wrong: As pro se, any determination or interpretation contrary to the claims raised in Count VI are intitled to liberal interpretation by the Court (Doc. 12)—At the very least, *Alvarez* would require amendment, not denial.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) Holding/Ruling: Supreme Court reversed denial of amendment, holding FRCP 15(a) requires leave "freely given when justice so requires" absent delay/prejudice. The court (Goldberg) ruled: "Outright refusal without justification is abuse of discretion." Outcome: Remanded. Why Defendants Are Wrong: No prejudice from re-labeling Count VI—*Foman* bars denial, applying to grant leave.

## V. Defendants' New "Non-Seizure" Argument Is Waived

Defendants never raised this in their opening brief (Doc. 18)—it's a reply ambush, waived.

*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) Holding/Ruling: The Ninth Circuit affirmed denial of reconsideration, holding courts need not consider reply-first arguments. The court (O'Scannlain) ruled: "The district court need not consider arguments raised for the first time in a reply brief." Key reasoning: Fairness requires opportunity to respond. Outcome: Affirmed; no dissent. Why

Defendants Are Wrong: Their citation non-seizure claim (Doc. 35 at 9) is waived per *Zamani*—court should ignore it, denying motion.

## CONCLUSION

For all of the reasons set forth above, the County Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 18, as supplemented by Doc. 35) should be **DENIED in its entirety**.

- Defendants do not remain clothed qualified immunity for overriding the Sheriff's explicit finding of no probable cause;
- Plaintiff was seized within the meaning of the Fourth Amendment when he was issued a citation commanding his appearance in court;
- Plaintiff's *Monell* allegations satisfy Ninth Circuit pleading standards;
- Count VI already states (or, at an absolute minimum, is easily amended to state) a textbook fabrication-of-evidence claim for which Defendant Frechette enjoys no absolute immunity; and
- Defendants have waived any argument that the citation was not a seizure by raising it for the first time in their Reply.

## RELIEF REQUESTED

For all of the reasons set forth above, Plaintiff respectfully requests that this Court enter an Order:

1. **DENYING** the County Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 18, as supplemented by Doc. 35) **in its entirety**;

2. In the alternative, and only if the Court is inclined to dismiss any portion of Count VI, **GRANTING** Plaintiff leave to file a short Third Amended Complaint that expressly re-pleads Count VI as a fabrication-of-evidence claim under *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc); *Genzler v. Longanbach*, 410 F.3d 630 (9th Cir. 2005); and *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc), with such amendment to be filed within fourteen (14) days of the Court's order; and

3. **Granting** such other and further relief as the Court deems just and proper.

DATED: December 8, 2025

Respectfully submitted,

*/s/ Dennis Thornton*

Dennis Thornton, Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I physically filed the foregoing with the Clerk of the United States District Court for the District of Montana on December 8, 2025. I further certify that on the same day all participants in the case were sent a copy of the foregoing document via First-Class Mail, postage prepaid, and/or by email or electronic ECF service as shown below, as certified upon the Summons and Notices of Service returned and filed with the court:

Flathead County
Flathead County Attorney's Office,
820 S Main St
Kalispell, MT 59901

Travis Ahner
Flathead County Attorney's Office,
820 S Main St.
Kalispell, MT 59901

Ashley Frenchette
Flathead County Attorney's Office
820 S Main St
Kalispell, MT 59901

Michael Noonan
Flathead County Attorney's Office,
820 S Main St
Kalispell, MT 59901

Angela Rolando
Flathead County Attorney's Office,
820 S Main St
Kalispell, MT 59901

Molinda L. McCarty
MACO Counsel
County Litigation Group
2715 Skyway Dr
Helena, MO 59604-6697

DATED: December 8, 2025.

*/s/ Dennis Thornton*

DENNIS THORNTON,
Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com