IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON,<br><br>Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY, et al.,<br><br>Defendants. | CV 25–83–M–DWM<br><br>ORDER |

Plaintiff Dennis Thornton, proceeding *pro se*, sued Defendant Flathead County and Individual Defendants Flathead Deputy County Attorneys Travis Ahner, Ashley Frechette, Michael Noonan, and Angela Rolando (together, "Defendants"), alleging they violated Thornton's constitutional rights and state law in bringing a criminal proceeding against him. (Doc. 1 (Compl.); Doc. 5 (Amend. Compl.); (Doc. 12) (Second Amend. Compl.).) On October 31, 2025, Defendants moved to dismiss all claims for failure to state a claim. (Doc. 32.) On December 11, 2025, Thornton moved for leave to file a sur-reply to that motion. (Doc. 36.) That request is denied.

Following a reply, "[n]o further briefing is permitted without prior leave," D. Mont. L.R. 7.1 (d)(1)(C)–(D), and a "district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place

1

parameters on briefing," *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2022). Consistently, the decision to allow a sur-reply is discretionary and should only be permitted "where a valid reason for such additional briefing exists, such as [the opposing party] raises new arguments in its reply brief." *Allen v. Campbell*, 2020 WL 6876198, at *7 (D. Idaho Nov. 23, 2020) (internal quotation marks omitted). Indeed, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Int'l Inst. of Mgmt. v. Org. for Econ. Coop. & Dev.*, 2019 WL 1299347, at *1 (D. Nev. Mar. 21, 2019) (citing *Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (collecting cases)). "[T]he filing of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue." *Id.* (internal quotation marks and alteration omitted).

Here, Thornton argues that Defendants have raised the following five "new arguments" in their reply in support of their motion to dismiss: "a brand-new contention that the Flathead County Sheriff's explicit no-probable-cause determination is 'irrelevant'" because the Sheriff lacks supervisory authority over the County Attorney; "a brand-new assertion that a citation issued under Mont. Code. Ann. § 46-6-310 is not a Fourth Amendment seizure;" "a brand-new claim that [Thornton's citation to] *Awabdy v. City of Adelanto*, 'does not seem to exist';" "[b]rand new mischaracterizations of three Monell cases;" and "a brand-new

2

demand that Count VI be dismissed with prejudice." (Doc. 36 at 1–2.) Because Defendants' reply either expands upon their motion to dismiss arguments or responds to arguments made by Thornton in his response, no "exceptional or extraordinary circumstances" exist to warrant the filing of a sur-reply. *See Int'l Inst. of Mgmt.*, 2019 WL 1299347, at *1.

Accordingly, IT IS ORDERED that Thornton's Motion for Leave to File Sur-Reply, (Doc. 36), is DENIED.

DATED this 19th day of December, 2025.

_____
Donald W. Molloy, District Judge
United States District Court