IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON, | CV 25-83-M-DWM |
| Plaintiff, | |
| vs. | SCHEDULING ORDER |
| TRAVIS AHNER, et al., | |
| Defendants. | |

Because the case is proceeding against Defendants Travis Ahner, Ashley Frechett, and Michael Noonan in limited part, it is appropriate to set a schedule for the disposition of Plaintiff's remaining claims. That schedule reflects the narrow issues that remain in the case.

**I. SCHEDULE**

**A. Deadlines.** The following schedule shall apply to all further proceedings and will not be modified except by leave of the Court upon a showing of good cause and only if a request is made before the expiration of the deadline at issue. *See* Fed. R. Civ. P. 6(b). The parties must consider and plan in advance for predictable schedule changes:

| | |
|---|---|
| Answer: | February 6, 2026 |
| Discovery requests served by: | March 13, 2026 |
| Expert disclosures in compliance with Fed. R. Civ. P. 26(a)(2): | March 13, 2026 |

1

| | |
|---|---|
| Discovery responses served and all discovery completed | April 10, 2026 |
| Motions Deadline (including motions in limine): | April 27, 2026 |
| Attorney Conference to Prepare Final Pretrial Order: | May 18, 2026 |
| Trial Briefs, Proposed Final Pretrial Order, Jury Instructions, Voir Dire Questions, and Verdict Forms. Email a copy to dwm_propord@mtd.uscourts.gov (Trial Briefs are optional): | May 28, 2026 |
| Notice of Intent to Use Real-Time: | May 28, 2026 |
| Notice of Intent to Use Electronic Evidence or Video Conferencing: | May 28, 2026 |
| Final Pretrial Conference: | June 4, 2026, at 2:30 p.m. Missoula, Montana |
| Jury Trial (7-member jury): | June 15, 2026 at 9:00 a.m. Russell Smith Federal Courthouse Missoula, Montana |

**B. Plaintiff Resources.** With Plaintiff's service copy of this Order, the Clerk of Court shall mail him a copy of Rules 26-37, 45, and 56 of the Federal Rules of Civil Procedure; Rules 7, 15, 16, 26, and 56 of the District of Montana's Local Rules of Procedure; and Local Rules Forms A, D, E, F, and I, Local Rules Appendix C.

**C. Unless Defendants object within seven days of the date of this Order**, Plaintiff need not serve on Defendants' counsel the materials he files with this Court because Defendants' counsel will be served via the electronic filing system. Plaintiff must, however, serve all discovery requests and other documents not filed with the Court upon counsel by first-class mail. Defendants must serve on Plaintiff a complete copy of everything submitted to the Court.

## II. GENERAL RULES

**A. Rules and Electronic Filing.** Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2025, and apply in all cases pending when changes become effective. In addition, all counsel must register and file electronically unless good cause can be shown. Fed. R. Civ. P. 5(d)(3)(A). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. *See also* D. Mont. L.R. 1.4.

**B. Cooperation and Proportionality.** The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. Discovery is to be proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1).

**C. Prohibitions.** The parties shall not use any acronyms or initialisms in any documents filed with the Court. Use of generative AI programs, such as Chat GPT, to draft substantive legal or factual arguments is prohibited.

3

**D. Plaintiff Address.** At all times during the pendency of this action, Plaintiff must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## III. DISCOVERY

### A. Disclosure Statement

Within 15 days of the date of this Order, each party must file a statement that is no longer than 15 pages and that sets forth the following information:

1. a computation of damages;
2. the pendency or disposition of any related state or federal litigation, including the court in which the proceeding was filed, the caption of the case, and the court number;
3. proposed stipulations of fact;
4. identification of controlling issues of law suitable for pretrial disposition;
5. the name of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses and a summary of that information; and
6. the status of any settlement discussions and prospects for compromise of the case.

**B. Documents, Tangible Things, and Recordings.** Within 30 days of the date of this Order:

**1. Plaintiff.** Plaintiff shall serve Defendants copies of any of the following that are within his possession, custody, or control (these documents should not be filed with the Court):

4

      a.     All documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses; and

      b.     Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint.

**2. Defendants.** Defendants shall serve Plaintiff copies of any of the following that are within the possession, custody, or control of Defendants (these documents should not be filed with the Court):

      a.     All documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses;

      b.     Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint;

      c.     Reports of completed investigations by Defendant or others that may be used in proving or denying any party's claims or defenses; and

      d.     Medical records related to the injuries alleged in the Complaint from the alleged onset date to the date of the filing of the Complaint.

**3. Privilege Log.** If any document, or any portion thereof, otherwise required to be disclosed is withheld for any reason, the withholding party shall: (a) serve a log in conformity with Fed.R.Civ.P. 26(b)(5) identifying any withheld

document and the grounds upon which it has been withheld; and/or (b) file a motion for protective order pursuant to Fed.R.Civ.P. 26(c).

**4. Continuing Duty.** The parties have a continuing duty under Fed.R.Civ.P. 26(e) to disclose to opposing parties any documents and information within the scope of this Order that are discovered or obtained after any initial disclosures under this Order are made.

**5. Medical and Mental Health Records.** If the documents that Defendants are required to produce in paragraph I(B)(2) above include Plaintiff's "protected health information" within the scope of the Federal Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA") and 45 C.F.R. §§ 160.103 and 164.512(e)(1)(i), the custodians of such medical records are hereby authorized to release "protected health information" and "protected mental health information" without an authorization from Plaintiff. Defendants may use such documents in the defense of this action.

**C. Depositions.**

**1. Plaintiff's Deposition.** If defense counsel intends to depose Plaintiff, defense counsel shall provide Plaintiff with notice of the time and place of the deposition and such notice shall be deemed sufficient if mailed to Plaintiff at least 15 days prior to the scheduled date for the deposition. The deposition may not commence until at least 15 days after defense counsel has complied with the

discovery mandated in paragraphs I(A) and I(B) above. The failure of the Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

**2. Number.** Given the limited issues remaining in the case, each party is limited to three (3) depositions. Additional depositions may be allowed upon a party's motion showing good cause.

**D. Timing of Discovery.** No party may serve written discovery requests or take any depositions until they have filed their disclosure statement required in paragraph A above and provided their disclosures required in paragraphs B(1) and (2) above.

**E. Written Discovery Requests.** Unless otherwise stipulated or ordered by the Court, a party may serve on any other party no more than 15 written interrogatories, including all discrete subparts; no more than 15 written requests for production of documents, electronically stored information, and tangible things; and no more than 15 written requests for admissions.

**F. Filing of Discovery Prohibited.** Pursuant to Local Rule 26.2(a), documents produced in discovery (including those discussed above in paragraphs B(1) and B(2) above) and discovery requests are not to be filed with the Court unless they are relied upon as an exhibit to a motion.

**G. Discovery Motions.**  The Court will not consider motions to compel or other discovery disputes unless the moving party complies with Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.") and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.").

**H. Subpoenas.**  If Plaintiff requests the issuance or service of a subpoena, he must first file a motion providing justification for each subpoena to be issued and served, submit a proposed subpoena to the Court in final form, and obtain an Order from this Court approving issuance and service of the subpoena.

**I. Motion Briefing.**  Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana.  Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed.  L.R. 7.1(d)(1).  With the service copy of each motion, Defendants must provide Plaintiff with a copy of the Court's Notice of Electronic Filing, so Plaintiff is aware of the actual filing date for each motion.

**IV.   TRIAL**

**A. Number of Jurors.**  Trial of this case shall be conducted in Missoula, Montana, before a jury of 7 persons.

**B. Attorney Conference for Trial Preparation.**  If the case does not settle, defense counsel shall convene an attorneys' conference to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in Local Rule16.4(b).  The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  *See generally* Forms D, E, and F, Local Rules Appendix C.

**C. Trial Exhibits.**

**1. Exchange.**  The parties shall exchange exhibits prior to the final pretrial conference.  The parties must each provide a binder of paper copies of the exhibits at the time of the Final Pretrial Conference to the Court, and also to opposing counsel, if requested.  The exhibits must be tabbed by number.  An electronic copy of the exhibits shall be provided to the Court's courtroom deputy at the time of the Final Pretrial Conference.

   **2. Numbering.** Each exhibit must show the exhibit number. The exhibit list must identify those exhibits the party expects to offer and those it may offer. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C. The parties shall not use the same range of exhibit numbers. Exhibits shall not be duplicated. An exhibit may be used by either of the parties.

   **3. Noncompliance.** <u>Failure to comply with the above may result in the exclusion of an exhibit at trial.</u>

   **D. JERS.** The Jury Evidence Recording System (JERS) allows jurors to electronically view evidence admitted at trial in the jury room during their deliberations. Parties must submit their exhibits in proper form to the courtroom deputy at the Final Pretrial Conference. The courtroom deputy is responsible for adding exhibits to JERS during trial and will coordinate with the parties at the conclusion of trial to ensure admitted exhibits have been properly entered into the JERS system. Electronic exhibits that do not comply with the required naming convention cannot be loaded into JERS and may be returned to the parties. Detailed information about JERS may be found on the Court's website at http://www.mtd.uscourts.gov/ under the heading "Attorneys." <u>JERS is NOT designed to present evidence in the courtroom. The parties are responsible for presenting exhibits during trial.</u>

**E. Final Pretrial Order.** The parties shall file the proposed Final Pretrial Order and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov by the date indicated above. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**F. Final Pretrial Conference.** Counsel for the parties shall appear before the Court at Missoula, Montana, for the final pretrial conference on the date and time set forth above. Each party should bring Judge Molloy's copy of its trial exhibits if not already delivered to chambers.

**G. Trial Briefs.** Trial briefs no longer than 8 pages are optional. If filed, such brief must be received by the Court by the date indicated above.

**H. Expert Reports.** If there are any experts, the parties shall provide the Court with one USB drive containing a PDF of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses at or before the final pretrial conference. The PDF shall contain a table of contents with hyperlinks to each individual document. The parties shall also provide a binder containing hard copies of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses. The documents may be duplexed but must be individually tabbed and include a table of contents.

**I. Jury Instructions.**

1. **Generally.** The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

2. **Joint Instructions.** By the date set forth above, defense counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov. If the documents are filed conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

3. **Supplemental Instructions (electronic).** By the date set forth above, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov.

4.  **Supplemental Instructions (conventional).** By the date set forth above, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov.

5.  **Format of Jury Instructions.**

    (a) The <u>clean copy</u> shall contain:

        (i)  a heading reading "Instruction No. ___"; and

        (ii)  the text of the instruction.

    (b)  The <u>working copy</u> shall contain:

        (i)  a heading reading "Instruction No. ___";

        (ii)  the text of the instruction;

        (iii)  the number of the proposed instruction;

        (iv)  the legal authority for the instruction; and

        (v)  the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)  Jury instructions shall be prepared in 14-point Times New Roman font.

**6. Settling of Instructions.**  The parties are advised that final instructions for submission to the jury will be settled on the record prior to closing argument, at which time the parties may present argument and make objections.

**J. Calling Witnesses at Trial.**  When a witness is called to testify at trial, counsel shall provide to the Court's courtroom deputy four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

i) the full name and current address of the witness;

ii) a brief description of the nature and substance of the witness's testimony;

iii) date witness was deposed or statement taken; and

iv) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 23rd day of January, 2026.

_____
Donald W. Molloy, District Judge
United States District Court