Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
Phone (406) 441-5471
mmccarty@mtcounties.org
dgallagher@mtcounties.org
*Counsel for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS AHNER, in his official and individual capacities; ASHLEY FRECHETTE, in her official and individual capacities; MICHAEL NOONAN in his official and individual capacities; and JOHN and JANE DOES 1-10, <br><br> Defendants. | Cause No.: CV-25-83-M-DWM <br><br><br> DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

Defendants[1] Travis Ahner, Ashley Frechete, and Michael Noonan (County

Defendants), through their counsel of record, for their Answer to Plaintiff's Second

Amended Complaint, admit, deny, and allege as follows:

---

[1] Flathead County and Angela Rolando have been dismissed with prejudice from this case pursuant to Doc. 38. Therefore, no Answer is filed on their behalf.

## I.    NATURE OF AMENDMENT

1.    Answering Paragraph 1, no allegations are directed at County Defendants to which a response is required. To the extent a response is required, County Defendants deny.

2.    Answering Paragraph 2, no allegations are directed at County Defendants to which a response is required. To the extent a response is required, County Defendants deny.

3.    Answering Paragraph 3, County Defendants deny.

## II.    JURISDICTION AND VENUE

4.    Answering Paragraph 2, County Defendants do not contest jurisdiction in this matter.

5.    Answering Paragraph 3, County Defendants do not contest venue in this matter.

## III.    PARTIES

6.    Answering Paragraph 4, County Defendants admit based on information and belief that Thornton is a resident of Flathead County. County Defendants lack sufficient information to admit or deny Thornton's position(s) with Thorco Inc. and therefore deny.

7.    Answering Paragraph 7, no answer is required pursuant to the Court's Order and Flathead County's dismissal. (Doc. 38.) To the extent that an answer is

required, County Defendants admit Flathead County is a political subdivision of the State of Montana and deny the remainder of the allegations therein.

8.    Answering Paragraph 8, County Defendants admit Travis Ahner is the County Attorney for Flathead County. County Defendants deny Defendant Ahner is the final policymaker for charging decisions.

9.    Answering Paragraph 9, County Defendants admit.

10.    Answering Paragraph 10, County Defendants admit.

11.    Answering Paragraph 11, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants admit Angela Rolando was a Flathead County Deputy County Attorney during times relevant to this matter.

12.    Answering Paragraph 12, no allegations therein are directed at County Defendants and therefore no answer is required. To the extent an answer is required, County Defendants deny.

### IV.    FACTUAL ALLEGATIONS

13.    Answering Paragraph 13, County Defendants admit Thornton was charged in Flathead County Justice Court with Trespass, a Misdemeanor, in Cause No. CR-385-2022-0000061. County Defendants deny the remainder of the allegations therein.

14.    Answering Paragraph 14, County Defendants deny.

15.    Answering Paragraph 15, County Defendants admit Sheriff Brian Heino met with Dennis Thornton. County Defendants deny the remainder of the allegations therein.

16.    Answering Paragraph 16, County Defendants deny.

17.    Answering Paragraph 17, County Defendants deny.

18.    Answering Paragraph 18, County Defendants deny.

19.    Answering Paragraph 19, County Defendants deny.

20.    Answering Paragraph 20, County Defendants deny.

21.    Answering Paragraph 21, County Defendants deny.

22.    Answering Paragraph 22, County Defendants admit the charge was dismissed on June 15, 2023. County Defendants deny the remainder of the allegations therein.

## V.    CLAIMS FOR RELIEF
### COUNT I – 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
### (Direct Liability)

23-29.    Answering Paragraph 23-29, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

## COUNT II – 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
### (Supervisory Liability)

30-33.    Answering Paragraph 30-33, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

## COUNT III – 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – FABRICATION OF EVIDENCE

34.    Answering Paragraph 34, County Defendants fully incorporate their answers to Paragraphs 1-33 herein.

35.    Answering Paragraph 35, County Defendants deny.

36.    Answering Paragraph 36, County Defendants deny.

37.    Answering Paragraph 37, County Defendants deny.

38.    Answering Paragraph 38, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

39.    Answering Paragraph 39, no allegation is directed at County Defendants to which a response is required.  To the extent a response is required, County Defendants deny.

40.    Answering Paragraph 40, County Defendants deny.

## COUNT IV – 42 U.S.C. § 1983 – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PROPERTY

41-43.    Answering Paragraph 41-43, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

## COUNT V – 42 U.S.C. § 1985(3) – CONSPIRACY TO DEPRIVE RIGHTS

44-47.    Answering Paragraph 44-47, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

## COUNT VI – 18 U.S.C. § 1018 – FALSE OFFICIAL CERTIFICATIONS

48-50.    Answering Paragraph 48-50, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

## COUNT VII – 42 U.S.C. § 1983 – *MONELL* LIABILITY

51-53.    Answering Paragraph 48-50, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

## COUNT VIII – NEGLIGENCE

54.    Answering Paragraph 54, County Defendants fully incorporate their answers to Paragraphs 1-53 herein.

55.     Answering Paragraph 55, the paragraph is a legal conclusion to which no answer is required. To the extent an answer is required, County Defendants deny.

56.     Answering Paragraph 56, the paragraph is a legal conclusion to which no answer is required. To the extent an answer is required, County Defendants deny.

56a.    Answering Paragraph 56a, County Defendants deny.

56b.    Answering Paragraph 56b, County Defendants deny.

56c.    Answering Paragraph 56c, County Defendants deny.

56d.    Answering Paragraph 56d, County Defendants deny.

56e.    Answering Paragraph 56e, County Defendants deny.

57.     Answering Paragraph 57, County Defendants deny.

58.     Answering Paragraph 58, no allegations therein are directed at County Defendants and therefore no answer is required. To the extent an answer is required, County Defendants deny.

## COUNT IX – ABUSE OF PROCESS

59-67.     Answering Paragraph 59-67, no answer is required pursuant to the Court's Order (Doc. 38.) To the extent an answer is required, County Defendants deny.

Any allegations not specifically admitted are denied.

*Defendant's Answer to Second Amended Complaint*
*and Demand for Jury Trial*                                                    7

### First Affirmative Defense

Plaintiff's injuries, damages, and losses, if any, were caused by the intervening, superseding, or contributing acts of others.

### Second Affirmative Defense

County Defendants were entitled to immunity for their acts and omissions alleged in Plaintiff's Second Amended Complaint.

### Third Affirmative Defense

Plaintiff's state law claims do not provide for personal liability against County Defendants.  Thus, the claims are unreasonable, and County Defendants are entitled to attorneys' fees and costs incurred in the defense of these claims. *See Germann v. Stephens*, 2006 MT 130, 332 Mont. 303, 137 P.3d 545; and Mont. Code Ann. § 2-9-305(5).

### Fourth Affirmative Defense

Plaintiff's injuries, if any, were caused by his own comparative negligence and his recovery is either barred or diminished in accordance with his percentage of negligence pursuant to Montana Code Annotated § 27-1-702.

### Fifth Affirmative Defense

Plaintiff's claims are offset or barred by Plaintiff's failure to take reasonable care to minimize or to otherwise mitigate his damages, if any.

## Sixth Affirmative Defense

Damages, if any, are limited or barred as set forth in Montana Code Annotated §§ 2-9-105, 2-9-108, 2-9-305, 2-9-314, and 2-9-317.

## Applicability of Affirmative Defenses

The County asserts the foregoing affirmative defenses based upon information and belief that they are or may be applicable to the present claim being presented by Plaintiff. In the event the affirmative defenses are not legally or factually warranted, any such inapplicable affirmative defenses will not be pursued. Likewise, if any additional affirmative defenses become known through the course of discovery, Defendant will seek leave of this Court to assert said affirmative defenses.

WHEREFORE, County Defendants pray for relief as follows:

1.    That Plaintiff takes nothing by way of his Second Amended Complaint and that it be dismissed with prejudice;

2.    For costs and attorney fees incurred in the defense of this matter; and

3.    For such other and further relief as the Court deems appropriate.

DATED this 6th day of February 2026.

County Litigation Group


*/s/Molenda L. McCarty*
Molenda L. McCarty

*Defendant's Answer to Second Amended Complaint*
*and Demand for Jury Trial*                                                          9

## **DEMAND FOR JURY TRIAL**

Defendants demands a trial by jury of all issues so triable.

DATED this 6th day of February 2026.

County Litigation Group

*/s/Molenda L. McCarty*
Molenda L. McCarty

## CERTIFICATE OF SERVICE

I certify that on the 6th day of February 2026, a true and correct copy of the

foregoing *Answer to Second Amended Complaint and Demand for Jury Trial* was

sent to all counsel of record by the following means:

| | |
|---|---|
| Dennis Thornton | [X] U.S. Mail, postage prepaid |
| 151 Amatasia Lane | [  ] Overnight Delivery |
| Kalispell, MT 59901 | [  ] Hand Delivery |
| thorcoinc@outlook.com | [  ] Email |

*/s/ Molenda L. McCarty*
Molenda L. McCarty