UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

**DENNIS THORNTON**

    Plaintiff,　　　　　　　　　　Case No.: CV 25–83–M–DWM

v.

**FLATHEAD COUNTY;
TRAVIS AHNER,**
in his individual and
official capacities;
**ASHLEY FRECHETTE,**
 in her individual and
official capacities;
**MICHAEL NOONAN,**
in his individual and
official capacities;
**JOHN AND JANE DOES 1–10,**

    Defendants.

**Plaintiff's information requested by the Court:**

    **Plaintiff's Disclosure Statement pursuant to Section III(A) of**

    **Scheduling Order (ECF Doc. #39); Items 1-6**

## I. Computation of Damages for Dennis Thornton under 42 U.S.C. § 1983 Claims

Pursuant to FRCP 26(a)(1)(A)(iii), this computation totals $50,000,000 for your §1983 complaint, categorizing compensatory (economic/non-economic) and punitive damages. It draws on analogous malicious prosecution cases involving property rights, trespass, evidence fabrication, liberty loss, reputation/emotional distress, and financial harms. Economic: Quantifiable losses; Non-Economic: Intangible harms (1-5x economic); Punitive: Punish malice (3-10x ) . Total: Compensatory ($20M) + Punitive ($30M) = $50M, reflecting misconduct severity and precedents. Illustrative for pleading; awards vary by evidence/jury.

1. **Economic Damages: $5,000,000**: Basis: Legal fees, lost opportunities from property restriction, reputational costs; Fees: >$5,000 extrapolated to $50,000; Lost income/value: $2M from access bar; Other: $3M investigation/wages

2. **Non-Economic Damages: $15,000,000** Basis: Distress/reputation/liberty harms (3x economic ); Distress: $5M; Reputation: $5M (business harm); Liberty: $5M (property seizure)

3. **Punitive Damages: $30,000,000**; Basis: Deter malice (1.5x compensatory ); Evidence: Disregard for exculpatory records; Allocation: $10M/core defendant.

**Total: $50,000,000**

1

- Summary: Economic ($5M) + Non-Economic ($15M) = $20M Compensatory; Punitive = 1.5x ($30M).

- FRCP: Provide in discovery with docs (fees, experts, valuations).

## II.     Pendency or Disposition of Related Litigation

### A. DV-12-174B — Whitefish Credit Union v. Thorco Inc., Dennis Thornton, and Donna Thornton

Court: MT 11th Judicial District Court, Flathead County Case No.: DV-12-174B Status: Dismissed with prejudice (August 24, 2016) Relation: Concerns the same real property later involved in the criminal trespass prosecution underlying this federal civil rights action. Summary: WCU filed foreclosure (property value alleged drop $8,790,000 to $2,335,000). Thorco/Thorntons counterclaimed $60 million for lender-liability (failure to fund second portion of $7,200,000 loan). Summary judgment for WCU March 10, 2014 ($4.1 million). Thorco bankruptcy 14-60633-RBK filed May 27, 2014; dismissed March 28, 2015 (not insolvent). Foreclosure judgment February 23, 2016 ($4,348,880). Interlocutory appeal DA 16-0136 dismissed premature March 22, 2016 (pending counterclaims). Jury trial set April 25–28, 2016 on counterclaims. Settled April 4, 2016 (vacate judgment, dismiss all claims with prejudice, two $1,400,000 loans, deeds in escrow at First American Title). Documents delivered June 8, 2016 but retained secretly by WCU attorney Sean Frampton (no approval/escrow). Joint motions: vacate judgment August 12/16, 2016; dismiss with prejudice August 22/24, 2016.

2

**B. In re Thorco Inc., Bankruptcy Petition No. 17-61219-BPH** Court: U.S. Bankruptcy Court, District of Montana Case No.: 17-61219-BPH Status: Dismissed (~May 21, 2018) Relation: Filed after discovering unreleased lien from DV-12-174B prevented financing/sales; part of factual background for this federal action. Summary: Post-2016 dismissal, Thorco loan applications failed underwriting. Buyer Harshbarger withdrew $15M offer October 2017 (WCU claimed "foreclosure"). Buyer Cameron withdrew $2M offer after title report (Alliance Title, November 2017) showed unreleased lien/no escrow. Financing approvals stalled ($2M Funding Edge/Power 2 Fund; $3.65M Kennedy Financial). Bankruptcy filed December 27, 2017. WCU proof of claim April 26, 2018 ($1,400,000 mortgage, property $1,700,000). U.S. Trustee advised non-insolvent; dismissed ~May 21, 2018 after documents delivered to First American Title (rejected; returned to Frampton; lien unreleased).

**C. Thornton v. Whitefish Credit Union, DV-18-336D** Court: Montana Eleventh Judicial District Court, Flathead County Case No.: DV-18-336D Status: Judgment October 9, 2018; affirmed Montana Supreme Court June 27, 2019 (DA 18-0595); Rule 60(b) fraud-on-court motion pending (filed September 25, 2025; authorized November 22, 2025). Relation: Arose from WCU failure to release 2009 mortgage post-DV-12-174B dismissal; clouded title, prevented financing/sales; reinstated judgment forms factual background for this federal action. Summary: Filed April

3

6, 2018 (Thorntons vs. WCU for mortgage satisfaction). Default May 3, 2018; set aside June 18, 2018. WCU answer July 5, 2018 (admitted settlement held by Frampton; no escrow). Summary judgment October 4, 2018 (reinstated $4,348,880 judgment + 10% interest personally against Thorntons). Judgment October 9, 2018; appeal affirmed June 27, 2019 (mortgage secures unpaid debt; option unexercised). Post-judgment: Thorntons recorded satisfaction materials October 24, 2018; Frampton recorded escrow deeds October 25, 2018 (as conveyances to WCU), cut locks, seized equipment, threatened trespass. WCU motion to amend/quiet title October 29, 2018. Recordings struck November 13, 2019.

**D. Thorco Inc. v. Whitefish Credit Union, DV-19-534D** Court: Montana Eleventh Judicial District Court, Flathead County Case No.: DV-19-534D Status: Judgment February 24, 2020; affirmed Montana Supreme Court September 13, 2021 (DA 20-0179). Relation: Challenged WCU conduct post-DV-18-336D/DV-12-174B, including failure to include Thorco and prefiling/pre-recording orders against Thorco/Thorntons (directly relevant to federal civil rights claims). Summary: Filed June 6, 2019. WCU motion to dismiss/vexatious litigant December 13, 2019 (alter ego, issue preclusion, same claims). Prefiling/pre-recording orders February 4, 2020 (Thorco only; no service to Thorntons). Judgment February 24, 2020; appeal affirmed September 13, 2021.

**E. Whitefish Credit Union v. Thorco Inc., Dennis Thornton, Donna Thornton, and John Does 1–20, DV-22-37B** Court: Montana Eleventh Judicial District Court, Flathead County Case No.: DV-22-37B Status: Voluntarily dismissed by WCU March 16, 2022; never served. Relation: Filed pre-criminal trespass; alleged WCU ownership of Boone Road property (false post-2016 dismissal); used to support trespass/ownership claims in federal action. Summary: Filed January 7, 2022 (quiet title to personal property; alleged foreclosure contradicting 2016 vacatur/dismissal). Summons January 10, 2022. Dismissed March 16, 2022 (Rule 41(a)(1)(A)).

**F. State of Montana v. Dennis Thornton, CR-22-0061** Court: Flathead County Justice Court Case No.: CR-22-0061 Status: Dismissed June 15, 2023. Relation: Central to federal civil rights action; based on WCU/Frampton assertion of ownership despite 2016 vacatur/dismissal. Summary: Filed January 18, 2022 (trespass §45-6-203, MCA; max 6 months/$500). Alleged September 29, 2021 entry at 890 Boone Road (WCU-owned per complaint/video). Probable cause: Sheriff Report 2021-35905 (Buls advised no access August 26, 2021; witnesses Buls, Stahlberg, Frampton). Dismissed June 15, 2023 after evidence (Satisfaction of Mortgage/Reconveyance/Quitclaim Deed by Title Financial Specialty Services).

**G. Mo Somers, LLC v. Thorco Inc., Dennis Thornton, Donna Thornton, and John Does 1–20, DV-22-362** Court: Montana Eleventh Judicial District Court,

5

Flathead County Case No.: DV-22-362 Status: Suspended August 17, 2022 (automatic bankruptcy stay). Relation: Filed by shell entity (created February 11, 2022 by Frampton partner Ryan Purdy) post-DV-22-37B dismissal/pre-trespass charge; false foreclosure claim; sought injunction; leveraged trespass charge for TRO; relates to federal claims. Summary: Filed March 28, 2022. Alleged Thorco prior owner/vexatious litigant; foreclosed 2013–2021 (false); injunction against interference; equipment on property. TRO sought (leveraged trespass charge). Special Warranty Deed claimed via foreclosure (no title insurance; mortgage unreleased until May 12, 2022 release by Title Financial). Suspended August 17, 2022; no further action.

## III. Proposed Stipulations of Fact

Plaintiff Dennis Thornton (pro se) proposes these stipulations, derived from public records, prior litigation history, and the Second Amended Complaint (including FRCP 26(a)(1)(A)(iii) damages computation). Offered in good faith to narrow issues, reduce proof at trial, and promote efficiency.

1. Thornton resides in Flathead County, Montana, and is a shareholder/officer of Thorco Inc.

2. Thornton was prosecuted in Flathead County Justice Court, CR-22-0061, for criminal trespass at 890 Boone Road, Somers, MT, on or about September 29, 2021.

3. At all relevant times, Thornton owned and lawfully possessed the property per recorded Warranty Deed (March 29, 1993, Instrument No. 93-086-16360), with no title transfers recorded in the prior 24 months.

4. On December 2, 2021 (6:00 PM), Sheriff Brian Heino met Thornton, Donna Thornton, and Nicholas Ramlow and opened a full investigation into ownership and trespass allegations.

5. Sheriff Heino reviewed records/databases, interviewed witnesses, and concluded no probable cause existed for trespass.

6. Sheriff Heino communicated the no-probable-cause finding to Defendant Travis Ahner on January 19, 2022.

7. Sean Frampton (WCU attorney) knowingly and falsely claimed to Ahner that Whitefish Credit Union owned the property and demanded Thornton's prosecution.

8. Frampton's claims contradicted all recorded instruments; a mortgage remained until May 12, 2022.

9. The County Attorney's Office is <50 steps from the Clerk & Recorder's Office, where ownership/mortgage records are publicly available and verifiable.

10. Defendant Ahner authorized/directed prosecution despite notice of Thornton's ownership and the Sheriff's no-probable-cause finding.

11. Defendants Ashley Frechette, Michael Noonan, Angela Rolando, and John/Jane Does 1–10 (under Ahner's direction) prepared/approved/sustained charging documents omitting exculpatory evidence (Sheriff's findings, public ownership records).

12. The trespass charge was dismissed in Thornton's favor on June 15, 2023, after evidence including Satisfaction of Mortgage, Reconveyance, and Quitclaim Deed by WCU's agent (Title Financial Specialty Services).

13. Thornton claims **economic damages of $5,000,000**:

- Legal fees/costs: documented >$5,000 → extrapolated ≈$50,000 (including ongoing)
- Lost income/property value (restricted access/development): $2,000,000
- Investigation fees, lost wages, related costs: $3,000,000

14. Thornton claims **non-economic damages of $15,000,000**:

- Severe emotional distress/humiliation from false charges/prosecution: $5,000,000
- Reputational harm (property owner/business operator): $5,000,000
- Loss of liberty/possessory rights during prosecution: $5,000,000

15. Thornton claims **punitive damages of $30,000,000** (1.5× compensatory) to punish/deter malicious/reckless disregard for exculpatory evidence and public records.

16. **Total damages claimed**: $50,000,000 ($20M compensatory + $30M punitive).

17. The prosecution arose from longstanding Boone Road property disputes, including:

- DV-12-174B (dismissed with prejudice Aug. 24, 2016)

- Bankruptcy 17-61219-BPH (dismissed ~May 21, 2018)

- DV-18-336D (judgment Oct. 9, 2018; affirmed June 27, 2019; Rule 60(b) motion pending)

- DV-19-534D (judgment Feb. 24, 2020; affirmed Sept. 13, 2021)

- DV-22-37B (dismissed March 16, 2022)

- DV-22-362 (suspended Aug. 17, 2022)

## IV. Controlling Issues of Law Suitable for Pre-trial Disposition

Plaintiff Dennis Thornton, appearing pro se, identifies the following controlling issues of law suitable for pretrial disposition (e.g., via motion to dismiss under FRCP 12(b)(6), summary judgment under FRCP 56, or other pretrial motions). These issues are derived from the factual allegations in the Second Amended Complaint, the computation of damages under FRCP 26(a)(1)(A)(iii), and the pendency of related litigation. They involve threshold legal determinations that could narrow or resolve claims without trial, promoting efficiency. Plaintiff requests the Court consider these for early resolution.

9

1. **Qualified Immunity for Individual Defendants (Ahner, Frechette, Noonan, Rolando, and Does 1–10):** Whether the individual Defendants are entitled to qualified immunity on the §1983 claims (Counts I–IV, VII), given allegations of malicious prosecution, deliberate fabrication of evidence, and unreasonable seizure of property without probable cause, despite the Sheriff's no-probable-cause finding and public records showing Plaintiff's ownership (Warranty Deed, Instrument No. 93-086-16360). Suitable for pretrial motion as it involves purely legal analysis of whether the conduct violated clearly established law.

2. **Existence of Probable Cause for the Criminal Trespass Prosecution:** Whether probable cause existed for the criminal trespass charge in CR-22-0061, based on Defendants' reliance on knowingly false statements from Sean Frampton (claiming Whitefish Credit Union ownership, contradicted by records and a mortgage until May 12, 2022), omission of exculpatory evidence (Sheriff's investigation on December 2, 2021, and finding communicated January 19, 2022), and failure to verify public records (less than 50 steps from the County Attorney's office). Resolution could dispose of malicious prosecution claims (Counts I–II) and fabrication claims (Count III) pretrial.

3. **Monell Liability for Flathead County (Policy/Custom)**: Whether Flathead County had a policy, custom, or practice of authorizing prosecutions without probable cause, disregarding exculpatory law enforcement findings (e.g., Sheriff's report), or failing to train/supervise prosecutors on verifying property records, which was the moving force behind the constitutional violations (Count VII). Pretrial disposition could eliminate municipal liability if no such policy is established.

4. **Viability of Conspiracy Claim under §1985(3)**: Whether Defendants reached a mutual understanding to deprive Plaintiff of rights through overt acts (e.g., Ahner directing prosecution, Frechette omitting evidence in affidavits, Noonan approving false filings, Rolando permitting false certifications, Does 1–10 suppressing evidence), and whether intracorporate conspiracy doctrine bars the claim (Count V). Suitable for dismissal motion as a legal issue.

5. **Validity of False Official Certifications under 18 U.S.C. §1018 as Basis for §1983 Claim**: Whether Defendants' use of false property ownership certifications (contradicting public records) to support the prosecution constitutes a cognizable §1983 violation (Count VI), or if it is barred as a private cause of action under §1018. Pretrial resolution could dismiss this count.

6. **Unreasonable Seizure of Property under the Fourth Amendment**: Whether the prosecution intentionally deprived Plaintiff of possessory ownership rights in the property (e.g., barred access leading to lost income/value of $2,000,000) without lawful justification, and whether this constitutes an unreasonable seizure (Count IV). Legal threshold for "seizure" could be resolved pretrial.

7. **Availability and Amount of Punitive Damages**: Whether punitive damages ($30,000,000, 1.5x compensatory) are available against individual Defendants for malice/reckless indifference (e.g., disregarding exculpatory records), and whether the amount complies with due process ratios (e.g., 3-10x compensatory). Also, whether Flathead County is immune from punitives. Pretrial motion could cap or strike punitives based on litigation history (e.g., related cases like DV-12-174B showing property disputes).

8. **Supplemental Jurisdiction over State Negligence Claim (Count VIII)**: Whether the Court should exercise supplemental jurisdiction under 28 U.S.C. §1367(a) over the Montana common law negligence claim (duty breach in investigations/charging, causing $5,000+ in attorney fees and other harms), or decline if federal claims are dismissed. Pretrial dismissal motion could resolve if no common nucleus of operative fact.

9. **Res Judicata/Collateral Estoppel from Related Litigation**: Whether prior state court judgments (e.g., DV-18-336D affirmed June 27, 2019; DV-19-534D affirmed September 13, 2021) or bankruptcies (e.g., 17-61219-BPH dismissed May 21, 2018) bar relitigation of property ownership, probable cause, or damages issues, given the history of disputes over the Boone Road property. Suitable for pretrial motion to avoid duplicative adjudication.

10. **Statute of Limitations for §1983 Claims**: Whether the claims (accruing from prosecution initiation in January 2022 and dismissal June 15, 2023) are timely under Montana's 3-year personal injury statute (applied to §1983 per *Wilson v. Garcia*, 471 U.S. 261 (1985)). Pretrial resolution if any claims are time-barred.

Plaintiff reserves the right to supplement based on discovery. Defendants are requested to respond.

## V.  Names of Individuals Known or Believed to have Information

Sheriff Brian Heino, will testify Thorco Inc. is the lawful owner of the property.

Sen. Mark Noland, Chairman of Montana Bank Oversight Committee will testify Thorco Inc. is the lawful owner of the property.

Former Sen. Mark Blasdal, will testify Thorco Inc. is the lawful owner of the property.

Former Rep. Derek Skees, will testify Thorco Inc. is the lawful owner of the property.

Private Investigator Kathy Wilson, will testify she conducted six investigations and determined Thorco Inc. is the lawful owner of the property.

Surveyor Darren R Breckinridge, will testify Thorco Inc. is the lawful owner of the property.

Surveyor Jeff Larsen, will testify Thorco Inc. is the lawful owner of the property. Loan broker Gerald Fritts, will testify Thorco Inc. is the lawful owner of the property.

Donna Thornton, will testify Thorco Inc. is the lawful owner of the property.

Banking Commissioner, Melanie Hall, will testify Thorco Inc. is the lawful owner of the property.

Chief Legal Counsel for the Division of Banking, Kelly O'Sullivan, will testify

Thorco Inc. is the lawful owner of the property.

Former Counsel for the Division of Banking, Wayne Johnston, will testify Thorco Inc. is the lawful owner of the property.

Donna Goodrich, Whitefish Credit Union, will testify she instructed WCU's authorized agent Title Financial Specialty Services to reconvey Thorco Inc.'s property on February 10, 2022.

Shauna Romrell, Title Financial Specialty Service's: testimony re; Conveyances

Shareholders of Thorco Inc.,: Dennis Thornton, Donna Thornton, Rick Breckenridge, John Sheldon, Gerald Fritts, Jeff Cameron, Kim Barstow, Isaac Farbaugh, Seb Sheldon, Herschel Walker, Re: Testimony of Facts.

Travis Ahner, Testimony as to Prosecution

Attorneys John Amsden, Bruce Anderson, Justin Stalpes, John Heenan, Ford Elsaesser will testify to the terms of the foreclosure settlement.

Settlement Master, Benjamin P Hursh now the Hon. Benjamin P Hursh, will testify to the terms of the foreclosure settlement

.

Sean Frampton, and Aaron Archer, will testify to the terms of the foreclosure settlement.

Debbie Pierce, Pres. of Alliance Title and title agent will testify that Thorco is the owner of the property.

Debbie Pierson, will testify that all alleged transfers subject property were not accompanied by a power of attorney.

## VI. The Status of any Settlement Discussions and Prospects for Compromise

As of this date February 6, 2026, it is Plaintiff's intent to contact Defendant's Counsel to ascertain willingness to discuss pre-trial settlement or compromises amenable to the closing of the case.

Respectfully Submitted February 5, 2026

*/s/ Dennis Thornton*

DENNIS THORNTON,
Plaintiff Pro Se
151 Amatasia Lane, Kalispell, MT 59901
(406) 261-6814 thorcoinc@outlook.com

## CERTIFICATE OF SERVICE

I, Dennis Thornton, hereby certify that on February 5, 2026, I sent a copy of the foregoing document via First-Class Mail, postage prepaid to Defendants through counsel at: **MOLINDA L. MCCARTY** MACO Counsel County Litigation Group 2715 Skyway Dr, Helena, MO 59604-6697

*/s/ Dennis Thornton*

DENNIS THORNTON,
Plaintiff Pro Se
151 Amatasia Lane, Kalispell, MT 59901
(406) 261-6814 thorcoinc@outlook.com

15