IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS AHNER, et al., <br><br> Defendants. | CV 25-83-M-DWM <br><br><br> ORDER |

On January 23, 2026, the defendants' motion to dismiss was granted in part and denied in part. (*See* Doc. 38.) As part of that ruling, Plaintiff Dennis Thornton, who had filed two briefs in opposition to that motion that contained dubious citations to authority, (*see* Docs. 34, 36-1), was ordered to "conventionally file a hard copy of the complete document for legal citation in" those briefs, (Doc. 38 at 26). He was cautioned that the failure to file a response, "or an incomplete response, may result in Rule 11 proceedings." (*Id.* at 26–27.) Three days after the deadline, the Court received Thornton's response, which contained hundreds of pages of case authority. (*See* Doc. 45 (digitized version).) Based on the Court's review of those documents, Thornton is required to show cause why the concerns identified below do not violate Federal Rule of Civil Procedure 11(b). *See* Fed. R. Civ. P. 11(c)(3).

Not only was the review of Thornton's materials time-consuming, but it

1

failed to allay the Court's concerns for two reasons. First, while Thornton provided the source documentation for a majority of the cited caselaw, he did not provide the source documents for two cases of specific concern identified in the Court's January 23, 2026 Order: *Younger v. Seattle*, 70 F.4th 1099 (9th Cir. 2023), and *United States v. Craner*, 652 F. App'x 560 (9th Cir. 2016).[1] Nor has he conceded that these are not real cases. It therefore remains unclear whether these two cases actually exist. Thornton will be given one more opportunity to submit the source documents for these cases for review or provide a reasonable explanation for their provenance.

Second, Thornton's briefing attributes numerous quotations to cases that exist but do not contain the quoted language. A "quotation" is "[a] statement or passage that is exactly reproduced, attributed, and cited." *Black's Law Dict.*, 1370 (9th ed. 2009). But that does not reflect how Thornton has used quotations in his filings. Rather, Thornton's use of nonexistent quotations fall into two categories, both of which are misleading. In the first category, Thornton attributes quoted language to a case that does not directly support the quoted proposition. For example, he attributes the following quote to *Mills v. City of Covina*, 921 F.3d

---

[1] Thornton provided the source material for *United States v. Smith*, 633 F.3d 889 (2011). Although this case exists, his prior brief contained the incorrect citation. (*See* Doc. 36-1 at 4 (referencing *United States v. Smith*, 629 F.3d 1082 (9th Cir. 2011)).)

2

1161 (9th Cir. 2019): "continued detention without probable cause violates the Fourth Amendment." (*See* Doc. 34 at 8.) Not only does *Mills* not contain that language, but it is also not a legal holding or principle established in that case. This quotation, and those like it, are therefore directly misleading. In the second category, a reasonable inference based on Thornton's use likely indicates that he has asked an AI program to summarize or compose a "holding" or legal principle elucidated in that case and then Thornton presents it as a direct quotation. For example, he attributes the following quote to *Long v. City of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006): "A local government may be liable if it has a policy of inaction amounting to failure to protect constitutional rights." (*See* Doc. 36-1 at 7.) While the quoted language is a reasonable statement of one of *Long*'s holdings, it is not a direct quote from the case. Even though the language is supported by the case, this citation and attribution are still misleading as they give Thornton's words unwarranted judicial imprimatur. And this misconduct is ubiquitous; there are at least ten examples of this type of misquoting in Thorton's filings. (*See* Docs. 34, 36-1.) Thornton must therefore explain how he determined what quotations to use and provide the source material for each of the quotations contained in Docs. 34 and 36-1.

Ultimately, as discussed above, Thornton's response to this Court's prior order has not assuaged the Court's concerns. "Citing nonexistent case law or

3

misrepresenting the holdings of a case is making a false statement to a court." *United States v. Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025) (internal quotation marks omitted). Thornton will be given an additional opportunity to show cause why he should not be sanctioned for the conduct described above. If Thornton files such a response but fails to provide a reasonable explanation for the above conduct, a Rule 11 sanctions hearing will be set and an appropriate sanction imposed. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). However, if Thornton does not respond at all to this Order, sanctions will not be imposed under Rule 11 but this matter will be dismissed in its entirety under Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS ORDERED that within fourteen (14) days of this Order, Thornton must file a brief showing cause why sanctions should not be imposed for citing nonexistent case law and misrepresenting the holdings or language of existing cases to this Court. If Thornton fails to file a response as ordered, this matter will be dismissed. *See* Fed. R. Civ. P. 41(b).

DATED this 20th day of February, 2026.

_____
Donald W. Molloy, District Judge
United States District Court