Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
Phone (406) 441-5471
mmccarty@mtcounties.org
dgallagher@mtcounties.org
*Counsel for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS AHNER, in his official and individual capacities; ASHLEY FRECHETTE, in her official and individual capacities; MICHAEL NOONAN in his official and individual capacities; and JOHN and JANE DOES 1-10,<br><br>Defendants. | Cause No.: CV-25-83-M-DWM<br><br><br><br>BRIEF IN SUPPORT OF MOTION IN LIMINE |

Defendants, Travis Ahner, Ashley Frechette, and Michael Noonan, through

counsel of record, submit this Brief in Support of Motion in Limine. Defendants

seek to exclude testimony from witnesses identified in Plaintiff's expert witness

disclosures and similar evidence that has no bearing on the questions at issue in

this matter. More specifically, Defendants seek an order excluding irrelevant testimony and evidence that relates to claims of malicious prosecution, unreasonable seizure of property, false certification, abuse of process, and purported acts by third parties to establish (or fail to establish) ownership of a piece of property located at 860 Boon Rd., Somers, MT (the Property).

## Background

On January 18, 2022, Plaintiff was charged with trespass, a misdemeanor, after he entered and remained on the Property. That charge was dismissed on June 15, 2023.

Plaintiff initiated this case against Defendants by filing an initial Complaint, (Doc. 1), First Amended Complaint, (Doc. 5), and Second Amended Complaint (Doc. 12). On October 31, 2025, Defendants filed a Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 32.)

On January 23, 2026, the Court issued an Opinion and Order, granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 38.) Based on the allegations in the Second Amended Complaint, the Court determined Defendants "succeeded in showing that most of [their] conduct is protected by absolute immunity." (Doc. 38 at 6.) As such, the following claims from Plaintiff's Second Amended Complaint are no longer at issue: Count I – 42 U.S.C. § 1983 –

*Defendants' Brief in Support of Motion in Limine*                                            2

Malicious Prosecution (Direct Liability); Count II – 42 U.S.C. § 1983 – Malicious Prosecution (Supervisory Liability); Count IV – 42 U.S.C. § 1983 – Fourth Amendment – Unreasonable Seizure of Property; Count V – 42 U.S.C. § 1985(3) – Conspiracy to Deprive Rights; Count VI – 18 U.S.C. § 1018 – False Official Certification; Count VII – 42 U.S.C. § 1983 – Monell Liability; Count IX – Abuse of Process.

The only remaining claims against Defendants are Count III – 42 U.S.C. § 1983 – Fourteenth Amendment – Fabrication of Evidence; and Count VIII – Negligence. These claims are based on allegations that Defendants created or approved false documents or knowingly executed and used false property ownership certifications to support the criminal prosecution. The Court determined that these allegations could fall outside of the absolute immunity provided to prosecutors because, when read liberally, the allegations "raise a specter of 'investigative' conduct prior to and independent of the charging decision and subsequent prosecution." (Doc. 38 at 9) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259 at 273-274). However, if Defendants did not fabricate evidence or otherwise engage in actionable police-like investigation that caused Plaintiff harm, then Plaintiff's claims are barred by prosecutorial immunity.

On March 12, 2026, Plaintiff provided his expert witness disclosures, naming five individuals who may provide expert witness testimony at trial: Sheriff

Brian Heino; Gerald Fritts, Jeff Larsen, Daren R. Breckinridge, and Senator Mark Noland.

According to the disclosure of Sheriff Heino, Plaintiff seeks to elicit fact and opinion testimony from him. (Ex. A – Fact/Expert Witness Disclosure of Brian Heino.) Sheriff Heino will purportedly opine on issues of "Ownership and Probable Cause." (Ex. A at 3.) More specifically, Plaintiff will ask Heino to testify that: "1. [Whitefish Credit Union] did not have lawful ownership of the property at the time of the trespass complaint. 2. No probable cause existed to arrest or charge Dennis Thornton. 3. The criminal complaint was improper given the documentation he reviewed. 4. A full investigation was required before any charges could be considered. 5. The County Attorney's insistence on charging Thornton was not supported by the evidence." (Ex. A at 3.)

According to the disclosure of Fritts, Plaintiff seeks to provide expert testimony related to: "Analysis of [Whitefish Credit Union]'s financial reporting practices[;] Evaluation of whether [Whitefish Credit Union]'s 5300 Reports accurately reflected ownership, charge-offs, and asset status[;] Assessment of whether [Whitefish Credit Union]'s reported ownership claims were consistent with federal reporting requirements[;] Financial implications of the disputed conveyances[; and] Whether [Whitefish Credit Union]'s reporting supported or contradicted its claimed ownership of the Thorco property." (Ex. B – Expert

Witness Disclosure of Gerald Fritts at 6). The "Purpose and Intended Use" of this testimony is related to "Malicious prosecution claims," "Quiet title dispute," "Tax filings," "Criminal investigations," and "Any other purpose deemed appropriate by Thorco Inc. or Dennis and Donna Thornton." *Id.*

According to the disclosure of Larsen, Plaintiff is seeking expert testimony from Larsen, but not fact testimony. (Ex. C – Expert Witness Disclosure of Jeff Larsen.) Larsen's conclusion is that "the subject property belongs to Thorco Inc." (Ex. C at 4.) According to Plaintiff, Larsen's opinions are intended to address evidence supporting a malicious prosecution claim, evidence relevant to a quiet title action, evidence "necessary for federal and state tax filings" and for "criminal investigations," and for any other purpose "deemed appropriate by Thorco Inc., its shareholders, or Dennis and Donna Thornton."

Plaintiff is also seeking expert testimony from Breckinridge, but not fact testimony. (Ex. D – Expert Witness Disclosure of Darren R. Breckinridge.) Breckenridge's purported testimony will be: "On September 29, 2021, Whitefish Credit Union was not the legal owner of [the Property]. Thorco Inc. was the legal owner of the [P]roperty on that date." (Ex. D at 4.) Breckinridge's opinions are purportedly related to evidence supporting malicious prosecution claims, evidence related to a temporary restraining order obtained by Mo Somers LLC, evidence relevant to quiet-title disputes involving Thorco property and equipment, evidence

*Defendants' Brief in Support of Motion in Limine*                    5

related to tax filings, evidence relevant to criminal investigations, and for any other purpose "deemed appropriate by Thorco Inc., its shareholders, or Dennis and Donna Thornton." *Id.*

According to the disclosure of Senator Noland, Plaintiff seeks to elicit fact and opinion testimony from him. (Ex. E – Expert/Fact Witness Disclosure of Montana State Senator Mark Noland.) The opinion testimony will purportedly include conclusions related to Whitefish Credit Union's actions that may constitute "a red flag," "equity stripping," and "a violation of Montana's one-action rule." (Ex. E at 2-3.)

Absent from any of the five expert witness disclosures is any discussion of how the proposed testimony may relate to the genuineness, authenticity, provenance, or possible fabrication of evidence.

## Legal Standard

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citing Black's Law Dictionary 803 (8th ed. 2004) at 1038-39). Motions in limine are used to exclude irrelevant or prejudicial evidence before the evidence is actually offered. *See Luce v. U.S.*, 469 U.S. 38, 40 fn. 2 (1984). A decision whether to admit or exclude evidence or testimony is reviewed for an abuse of discretion. *See Dubner v. City of San Francisco*, 266 F.3d 959 (2001).

*Defendants' Brief in Support of Motion in Limine*                      6

**Discussion**

**I.      The proffered opinion testimony is wholly irrelevant to the remaining claims of fabricating evidence.**

To establish claims under § 1983 for fabricating evidence in violation of Plaintiff's Fourteenth Amendment rights, Plaintiff must show "(1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017). Thornton's negligence claim is more expansive. (Doc. 12 at 7-8.) However, as the Court previously discussed, all actions taken by Defendants when acting in their roles as advocates for the state are subject to absolute prosecutorial immunity. (Doc. 38 at 4-23.) As such, the claim for negligence is also limited to Plaintiff's allegation that Defendants prepared or approved false or misleading documents. (Doc. 12 at 7; Doc. 38 at 21-22.)

Generally, relevant evidence is admissible, and irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if it has a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may, nonetheless, be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

*Defendants' Brief in Support of Motion in Limine*                                                    7

Opinion testimony from Fritts, Larsen, Breckinridge, Sheriff Heino and Senator Noland, as offered by Plaintiff in his disclosures, could be relevant to claims of malicious prosecution or quiet title actions. However, this testimony has no bearing on the issues remaining in this case: Whether Defendants deliberately fabricated evidence or otherwise conducted police-like investigation that harmed plaintiff. Because this information is irrelevant, it is inadmissible.

Even if the testimony had some probative value, that value is outweighed by the danger of confusing the issues, misleading the jury, undue delay, and wasting time. Plaintiff appears to be attempting to use this action to relitigate ownership claims that have previously been analyzed by Montana state district courts, the Montana Supreme Court, and the U.S. Bankruptcy Court for the District of Montana. Defendants have no desire to relitigate these issues in this matter. Rather, this case is limited to the question of whether Defendants fabricated evidence or otherwise engaged in police-like investigation. To the extent that Plaintiff seeks to litigate ownership of the Property or any of the claims previously dismissed by this Court, Defendants respectfully request this evidence be excluded pursuant to Fed R. Evid. 403.

## II. Any other evidence related to legal ownership of the Property, likewise, irrelevant or inadmissible under Rule 403.

Defendants have no desire to relitigate a dispute of ownership that appears to have been ongoing for almost 15 years. Even if Defendants had a stake in the

outcome of that question, or otherwise had standing to litigate it, Defendants would prefer to keep this matter confined to the issues identified by the Court: whether they fabricated evidence or otherwise engaged in actionable police-like investigation.[1] Indeed, based on Plaintiff's responses to Defendants' discovery requests (provided as Exhibit B to Defendants' Statement of Undisputed Facts) it appears that Plaintiff's main concern is that the Defendants, prosecutors for Flathead County, did not act more as *investigators* for Flathead County. Any actions by third parties that occurred without Defendants' assistance or input are irrelevant to this case.

Much like the proposed expert testimony, if Plaintiff seeks to introduce other evidence at trial that is intended to litigate ownership claims over the Property or any of the claims previously dismissed by this Court, Defendants respectfully request this evidence be excluded pursuant to Fed R. Evid. 402 and 403.

---

[1] As analyzed in the Defendants' Motion for Summary Judgment, filed contemporaneously with this Motion, there appears to be no dispute of fact that such fabrication did not occur. Defendants recognize that, if the Court grants their Motion for Summary Judgment, this Motion may be rendered moot.

*Defendants' Brief in Support of Motion in Limine*                              9

**Conclusion**

Plaintiff provided expert witness disclosures and other information indicating that he seeks to expand the scope of the trial beyond the limited issues identified in the Court's January 23, 2026, Opinion and Order. Such information is irrelevant and inadmissible under Fed. R. Evid. 402 and 403, and Defendants respectfully request an order excluding it.

DATED this 27th day of April 2026.

County Litigation Group


*/s/ Dylan L. Gallagher*
Dylan L Gallagher


**CERTIFICATE OF SERVICE**

I certify that on the 27th day of April 2026, a true and correct copy of the foregoing was sent to all parties of record by the following means:

| | |
|---|---|
| Dennis Thornton | [X] U.S. Mail, postage prepaid |
| 151 Amatasia Lane | [  ] Overnight Delivery |
| Kalispell, MT 59901 | [  ] Hand Delivery |
| thorcoinc@outlook.com | [X] Email |


*/s/ Dylan L. Gallagher*
Dylan L. Gallagher

## CERTIFICATE OF COMPLIANCE

The undersigned represents that in accordance with L.R. 7.1(d)(2)(E), the foregoing Response Brief contains 1833 words excluding caption, certificate of compliance, and certificate of service, as calculated by Microsoft Word software.

County Litigation Group


*/s/ Dylan L. Gallagher*
Dylan L. Gallagher