Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
Phone (406) 441-5471
mmccarty@mtcounties.org
dgallagher@mtcounties.org
*Counsel for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS AHNER, in his official and individual capacities; ASHLEY FRECHETTE, in her official and individual capacities; MICHAEL NOONAN in his official and individual capacities; and JOHN and JANE DOES 1-10, <br><br> Defendants. | Cause No.: CV-25-83-M-DWM <br><br><br> ERRATA TO DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE |

TO THE CLERK OF THE DISTRICT COURT of the United States District

Court:

Defendants, Travis Ahner, Ashley Frechette, and Michael Noonan, through

their counsel of record, filed their Brief in Support of Motion in Limine (Doc. 53)

on April 27, 2026. Defendants' inadvertently failed to attach the exhibits referenced in the brief and therefore attach those exhibits here.

DATED this 27th day of April 2026.

County Litigation Group

*/s/ Dylan L. Gallagher*
Dylan L. Gallagher

## CERTIFICATE OF SERVICE

I certify that on the 27th day of April 2026, a true and correct copy of the foregoing was sent to the Plaintiff by the following means:

| | |
|---|---|
| David Thornton | [X] U.S. Mail, postage prepaid |
| 151 Amatasia Lane | [  ] Overnight Delivery |
| Kalispell, MT  59901 | [  ] Hand Delivery |
| *thorcoinc@outlook.com* | [X] Email |

County Litigation Group

*/s/ Dylan L. Gallagher*
Dylan L. Gallagher

Errata to Defendants' Brief in Support of Motion In Limine                    2

**FACT / EXPERT WITNESS DISCLOSURE OF SHERIFF BRIAN HEINO**

**Fed. R. Civ. P. 26(a)(2)(C)**

**I. Witness Identification**

Name: Sheriff Brian Heino

Position: Sheriff, Flathead County, Montana (Third Term)

Agency: Flathead County Sheriff's Office

Address: 920 South Main Street, Suite 100, Kalispell, MT

Phone: (406) 253-3704

Email: bheino@flathead.mt.gov

Sheriff Heino is a career law-enforcement officer with decades of experience in criminal investigations, probable-cause determinations, and property-related criminal complaints. He is currently serving his third term as the elected Sheriff of Flathead County.

Heino is being disclosed as a hybrid fact/expert witness because his testimony arises from:

•       His direct, personal involvement in the criminal-trespass complaint against Dennis Thornton

•       His professional law-enforcement expertise in evaluating probable cause

•       His first-hand investigative actions involving Whitefish Credit Union (WCU)

•       His communications with WCU attorney Sean Frampton

•       His attempts to obtain Thorco's loan file

•       His professional assessment that WCU did not lawfully own the property

He is not a retained expert and is not being compensated for testimony.


**II. Summary of Expected Testimony and Opinions**

**(Fed. R. Civ. P. 26(a)(2)(C)(ii))**

Exhibit
A

Sheriff Heino's testimony is based on his personal knowledge, direct observations, and professional law-enforcement judgment. His expected testimony includes the following:

## A. Initial Contact and Review of Documents

Sheriff Heino responded to a criminal-trespass complaint filed by WCU attorney Sean Frampton against Dennis Thornton.

Heino personally came to Dennis Thornton's home, where:

• He reviewed the documents provided by Dennis

• He examined the reconveyance, mortgage documents, and ownership records

• He evaluated the chain of title and WCU's claimed ownership

**Heino stated that:**

It took him less than five minutes to determine that Whitefish Credit Union did not come into lawful ownership of the property.

**He further stated that:**

No probable cause existed to arrest or charge Dennis Thornton with criminal trespass.

This is a professional law-enforcement opinion based on his training and experience.

## B. Offer to Assist and Temporary Custody Agreement

**After determining that WCU lacked lawful ownership, Sheriff Heino asked:**

**"What can I do to help?"**

Dennis Thornton and Senator Mark Noland provided Heino with a Temporary Custody Agreement, co-signed by Senator Noland, authorizing Heino to obtain Thorco's loan file from WCU.

Heino agreed to assist and proceeded to attempt to obtain the loan file.

## C. Attempt to Obtain Loan File from WCU

Sheriff Heino went to the Whitefish Credit Union main office to retrieve the loan file.

He was referred to WCU attorney Sean Frampton.

**Heino reported to Dennis and multiple witnesses that:**

Frampton told him to "F--- off and get out of his office."

This is a first-hand statement by Heino.

**D. Attempt to Obtain Subpoena from County Attorney Travis Ahner**

After being refused by Frampton, Sheriff Heino went to Flathead County Attorney Travis Ahner to request a subpoena for the loan file.

**Heino reported that:**

• Ahner refused to issue the subpoena

• Ahner instead wanted Heino to charge Dennis Thornton with criminal trespass

**Heino told Ahner that:**

He had reviewed the documents and determined that WCU did not lawfully own the property, and

No one should be charged until a thorough investigation was completed.

This is a professional opinion based on his law-enforcement training and experience.

**E. Professional Opinion on Ownership and Probable Cause**

**Sheriff Heino will testify that:**

1. WCU did not have lawful ownership of the property at the time of the trespass complaint.

2. No probable cause existed to arrest or charge Dennis Thornton.

3. The criminal complaint was improper given the documentation he reviewed.

4. A full investigation was required before any charges could be considered.

5. The County Attorney's insistence on charging Thornton was not supported by evidence.

These opinions arise from his official duties and professional expertise.

### III. Basis of Testimony

**Sheriff Heino's testimony is based on:**

- His personal visit to Dennis Thornton's home

- His review of the reconveyance and mortgage documents

- His professional training in probable-cause determinations

- His attempt to obtain the loan file from WCU

- His interactions with WCU attorney Sean Frampton

- His communications with County Attorney Travis Ahner

- His law-enforcement experience and judgment

### IV. Exhibits (BH-1, BH-2, etc.)

A complete exhibit list will be attached, including:

- BH-1: Temporary Custody Agreement (signed by Heino and Senator Noland)

- BH-2: Reconveyance and Satisfaction of Mortgage (May 12, 2022)

- BH-3: Criminal trespass complaint filed by Frampton

- BH-4: Correspondence between Heino and County Attorney's Office

- BH-5: Notes or reports documenting Heino's investigation

- BH-6: Witness statements corroborating Heino's account

### V. Right to Supplement

Sheriff Heino reserves the right to supplement his testimony if additional documents or information become available.

**EXPERT WITNESS DISCLOSURE OF GERALD FRITTS**

**Fed. R. Civ. P. 26(a)(2)(B)**

**I. Expert Witness Identification**

Name: Gerald Fritts

Profession: Affordable Housing Development Strategist; Federal Program Specialist; Financial Consultant

Specializations:

- Rural Affordable Housing Development

- Opportunity Zone Programs

- Low Income Housing Tax Credits (LIHTC)

- New Market Tax Credits (NMTC)

- USDA 515 and 538 Multifamily Programs

- HUD and Tribal Housing Programs

- Financial Structuring for Rural and Tribal Housing Projects

Address: 234 Shelter Valley Dr., Kalispell, MT 59901

Phone: (406) 270-0128

Email: evergreen.intel@outlook.com

Mr. Fritts is a nationally recognized expert in rural affordable housing development, federal housing finance programs, and complex funding structures involving USDA, HUD, LIHTC, NMTC, and Tribal housing authorities. His expertise includes financial analysis, program compliance, and evaluation of federal reporting systems such as the NCUA 5300 Reports.

He has completed two expert witness reports related to the Thorco litigation and one expert report analyzing Whitefish Credit Union's 5300 Reports filed with the NCUA.

**II. Qualifications, Publications, Prior Testimony, and Compensation**

**(Fed. R. Civ. P. 26(a)(2)(B)(iv)–(vi))**

Exhibit
B

**A. Qualifications & Professional Background**

Executive Director, ACSHF (2003 – Present)

• Leadership in rural affordable housing development

• Oversight of multi-state housing initiatives

President, Evergreen International, Inc. (1986 – Present)

• Development and operation of low- and moderate-income housing across North America

• Coordination of funding using USDA 515 loans, LIHTC, and other federal programs

• Projects ranging from 24 to 74 units, serving seniors, disabled individuals, and families

• Created the first All-Native-American Housing Bond, privately placed with Fannie Mae

• Produced over $190 million in USDA Section 538 multifamily loans

• Originated over 50% of all Section 184 loans in the nation (1986–2007)

• Specialized consulting for Tribal housing authorities and rural communities

Executive Vice President, Puget Sound National Mortgage (1982 – 1986)

• Managed 57 loan officers and staff

• Initiated Native American Trust Loan programs

Executive Vice President, Columbia Pacific Mortgage Corp. (1972 – 1982)

• Managed operations in four Western states

• Marketed commercial and residential loans

• Achieved $1 million before-tax income in second year

Asset Management, IBM (1966 – 1972)

• GSA accounts, collections, and funding oversight

**B. Funding, Grants, and Loan Production Record**

Mr. Fritts has coordinated, originated, or secured hundreds of millions of dollars in federal housing loans, grants, and development funding, including:

- $6.5M (1992 Tribal)

- $4.3M (1993 Tribal)

- $17.2M (1996 Tribal)

- $12.4M (1998 Tribal)

- $4.0M (2001 LIHTC)

- $6.2M (2005 LIHTC)

- $7.8M (2006 Tribal)

- $6.8M (2008 Biodiesel)

- $480M (2011 LIHTC)

- $1.2M (2011 CDBG)

- $33M (2012 Alpena)

- $32M (2013 RNFL)

- $5M (2014 LIHTC)

- Multiple LIHTC, HOME, USDA, and Tribal projects through 2019 and beyond

Completed projects span WA, OR, ID, MT, ND, CA, MS, FL, GA, SC, NC, AZ, NM, TX, NV, UT, CO.

## C. Education

Whitworth College, Spokane, WA (1964–1972)

- B.A., Business Administration and History

## D. Boards & Awards

- National Republican "Business Man of the Year" (2003)

- ICA Mortgage "President's Club"

- Allied Home Mortgage "President's Circle"

- HUD "Best of the Best" (2000)
- IBM Means Service Award – 23 awards for innovation
- Texas A&M Advisory Board Chair (2000–2007)
- NorthStar Research Grants Monitor (2005–2008)
- Oregon State University Advisory Board (1993–1999)
- Pacific NW Archaeological Society – Chairman (1983–1993)
- Willamette Savings & Loan Board Member (1979–1982)

**E. Speaking Engagements**

Speaker or panelist for:

- USDA Rural Development
- Novogradac
- HUD
- Washington Housing Commission
- Wisconsin Housing Finance Authority
- Office of Native American Programs

**F. Prior Testimony (Past 4 Years)**

Mr. Fritts has completed:

1. Two expert witness reports related to Thorco Inc. litigation
2. One expert report analyzing Whitefish Credit Union's NCUA 5300 Reports

Any additional testimony will be listed in his attached CV.

**G. Compensation**

Mr. Fritts is compensated at his standard professional rate for:

- Document review
- Financial analysis
- Preparation of expert reports

- Deposition and trial testimony

A statement of his hourly rate will be provided.

### III. Disclosure of Relationship and Prior Work

- Mr. Fritts has provided expert analysis for Thorco Inc., Dennis Thornton, and Donna Thornton.

- His work includes:

- Financial analysis of the Thorco property transactions

- Review of WCU's financial reporting to the NCUA

- Evaluation of the accuracy and implications of WCU's 5300 Reports

- Analysis of the financial feasibility and ownership implications of the disputed conveyances

### IV. Introduction and Scope of Assignment

Mr. Fritts was asked to:

- Analyze the financial and regulatory aspects of the Thorco–WCU transactions

- Evaluate whether WCU's financial reporting (including 5300 Reports) was consistent with federal requirements

- Assess whether WCU's reported charge-offs, asset classifications, and ownership claims were accurate

- Provide expert opinions on the financial and regulatory implications of the disputed conveyances

He reviewed:

- WCU's NCUA 5300 Reports

- Public-record documents

- Financial statements

- Loan documents

- Conveyance records

- Litigation materials provided by Dennis Thornton

## V. Exhibits (GF-1, GF-2, etc.)

A complete exhibit list will be attached, including:

- GF-1: WCU 5300 Reports (selected years)

- GF-2: Charge-off and asset-classification records

- GF-3: Thorco loan documents

- GF-4: Conveyance documents

- GF-5: Financial analysis summaries

- GF-6: Prior expert reports authored by Mr. Fritts

## VI. Statement of Opinions

Mr. Fritts' opinions will be detailed in his written report. They include:

- Analysis of WCU's financial reporting practices

- Evaluation of whether WCU's 5300 Reports accurately reflected ownership, charge-offs, and asset status

- Assessment of whether WCU's reported ownership claims were consistent with federal reporting requirements

- Financial implications of the disputed conveyances

- Whether WCU's reporting supported or contradicted its claimed ownership of the Thorco property

## VII. Purpose and Intended Use

Mr. Fritts understands that his expert opinions may be used for:

- Malicious prosecution claims

- Quiet title disputes

- Tax filings

- Criminal investigations

- Any other purpose deemed appropriate by Thorco Inc. or Dennis and Donna Thornton

## VIII. Right to Supplement

Mr. Fritts reserves the right to update or supplement his opinions if new information becomes available.

**EXPERT WITNESS DISCLOSURE OF JEFF LARSEN**

**Fed. R. Civ. P. 26(a)(2)(B)**

**I. Expert Witness Identification**

Name: Jeff Larsen

Business: Larsen Surveying & Engineering

Profession: Licensed Montana Professional Land Surveyor

License Number 9250ES

Address: 1370 Airport Rd., Kalispell, MT

Phone: (406) 752-7808

Email: jlarsen@montanasky.net

Mr. Larsen is a licensed Montana surveyor and the owner of Larsen Surveying & Engineering. His professional practice includes creation and examination of titles to real property, subdivision review, and analysis of all instruments affecting title. His work routinely requires him to evaluate chains of title, encumbrances, conveyances, and the legal effect of recorded documents.

**II. Qualifications, Publications, Prior Testimony, and Compensation**

**(Fed. R. Civ. P. 26(a)(2)(B)(iv)–(vi))**

**A. Qualifications & Publications (Past 10 Years)**

A complete résumé/CV will be attached. It will include:

• Montana Professional Land Surveyor licensure

• Owner, Larsen Surveying & Engineering

• 30+ years of surveying, engineering, and title-examination experience

• Technical expertise in subdivision law, title creation, and real-property conveyancing

• Publications authored within the past 10 years (to be listed in the attached CV)

**B. Prior Testimony (Past 4 Years)**

**Exhibit C**

Mr. Larsen has testified as an expert in the following matter:

• Cause No. DV-12-174B, Montana Eleventh Judicial District Court, Flathead County

• Deposition taken by Morrison & Frampton Law Firm

• Transcript available upon request

## C. Compensation

Mr. Larsen is compensated at his standard professional rate for:

• Document review

• Analysis

• Preparation of his expert report

• Deposition testimony

• Trial testimony

A statement of his hourly rate and billing structure will be provided.

## III. Disclosure of Relationship and Prior Work

• Thorco Inc. has been a client of Larsen Surveying & Engineering.

• Mr. Larsen provided technical information for development involving approximately 300 acres of the subject property.

• He prepared calculations for improvement work performed by Thorco totaling over $16 million.

• Larsen Surveying & Engineering produced discovery to the Morrison & Frampton Law Firm in Cause No. DV-12-174B.

• Mr. Larsen was deposed in that case; his deposition transcript is available upon request.

## IV. Introduction and Scope of Assignment

The subject property has been involved in litigation since 2012.

Mr. Larsen received documentation from Dennis Thornton and additional documents from the public record.

• Administrative rules, laws, and regulations cited in this report will appear in italics.

• Quotations from documents not reproduced in full will be attached as LES Exhibits or made available upon request.

To provide an expert opinion, Mr. Larsen examined the entire chain of title, beginning with the original mortgage contract dated March 19, 2009, recorded March 24, 2009 under Instrument No. 200900007830. This loan was personally guaranteed by Dennis and Donna Thornton

**V Order of Analysis in Expert Report**

Mr. Larsen's expert report will analyze the following conveyances and events in order:

1.    March 19, 2009 – Conveyance from Thorco Inc. to WCU creating a special mortgage lien/debt instrument.

2.    October 25, 2018 – Alleged transfer of ownership from Thorco Inc. to WCU.

3.    February 14, 2022 – Alleged transfer of ownership from WCU to Mo Somers LLC.

4.    May 3, 2022 – Alleged transfer of ownership from Mo Somers LLC to Ruis Glacier, LLC.

5.    May 12, 2022 – Satisfaction of mortgage and reconveyance by WCU to Thorco Inc.

6.    June 28, 2022 – Alleged transfer of ownership from Ruis Glacier, LLC to Neal Bouma.

7.    July 21, 2022 – Alleged transfer of ownership to BPX Operating Company.

Mr. Larsen's expert opinions will be labeled Analysis.

Public information, rules, laws, and regulations will be labeled Facts.

Where appropriate, combined sections will be labeled Analysis/Facts.

**VI. Purpose and Intended Use of Expert Report**

Mr. Larsen understands that his expert report may be used for the following purposes:

• Evidence supporting a malicious prosecution claim arising from a criminal trespass charge filed against Dennis Thornton by the Flathead County Attorney's Office.

• Evidence supporting a malicious prosecution claim arising from a Temporary Restraining Order obtained by Mo Somers LLC, which prohibited Dennis and Donna Thornton and Thorco shareholders from being within 1,000 feet of the subject property.

• Evidence relevant to a quiet title action involving equipment belonging to Thorco Inc. and others.

• Evidence relevant to settling the estate of Don Garberg.

• Evidence necessary for federal and state tax filings.

• Evidence relevant to ongoing criminal investigations.

• Any other purpose deemed appropriate by Thorco Inc., its shareholders, or Dennis and Donna Thornton.

## VII. Complete Statement of Opinions

Mr. Larsen's opinions will be fully detailed in his written report. His ultimate conclusion is:

## CONCLUSION OF OWNERSHIP

## THE SUBJECT PROPERTY BELONGS TO THORCO INC.

This conclusion is supported by a six-part detailed analysis contained in his expert report, based on:

• The recorded chain of title

• The legal effect of each conveyance

• The mortgage and reconveyance history

• Standard surveying and title-examination procedures

• Montana real-property law principles

• The May 12, 2022 reconveyance confirming Thorco's ownership

## VIII. Right to Supplement

Mr. Larsen reserves the right to update or supplement his opinions if additional information becomes available or if new documents are produced.

**EXPERT WITNESS DISCLOSURE OF DARREN R. BRECKINRIDGE**

**Fed. R. Civ. P. 26(a)(2)(B)**

**I. Expert Witness Identification**

Name: Darren R. Breckinridge

Profession: Licensed Professional Land Surveyor; ALTA-certified surveyor

Specialization: ALTA/NSPS Land Title Surveys; expert analysis of land titles and conveyances

License Number 11706LS

Address: PO Box 181, Dayton  Montana 59914

Phone: (406) 261-7758

Email: rbreck77@yahoo.com

Mr. Breckinridge is a licensed Montana land surveyor with specialized qualifications to perform ALTA/NSPS Land Title Surveys under the American Land Title Association standards. His professional practice includes examination of land titles, analysis of conveyances, and preparation of expert opinions regarding ownership, encumbrances, and the legal effect of recorded instruments.

He has provided multiple expert witness reports for Thorco Inc., Dennis Thornton, and Donna Thornton concerning title disputes, conveyance irregularities, and ownership determinations.

**II. Qualifications, Publications, Prior Testimony, and Compensation**

**(Fed. R. Civ. P. 26(a)(2)(B)(iv)–(vi))**

**A. Qualifications & Publications (Past 10 Years)**

A complete résumé/CV will be attached and will include:

•	Montana Professional Land Surveyor licensure

•	ALTA/NSPS certification to conduct ALTA Land Title Surveys

•	20+ years of experience in boundary analysis, title review, and survey-based ownership determinations

**Exhibit D**

• Specialized training in land-title standards, conveyancing, and real-property documentation

• Publications authored within the past 10 years (to be listed in the attached CV)

**B. Prior Testimony (Past 4 Years)**

Mr. Breckinridge has provided expert witness reports and/or testimony in multiple matters involving Thorco Inc., Dennis Thornton, and Donna Thornton. These include:

• 2022-3-3 Expert Witness Report regarding ownership of the property at 860 Boone Road, Somers, Montana

• Findings included:

• **"On September 29, 2021, was Whitefish Credit Union the legal owner of the subject property?" — No**

• "<u>**Is Thorco Inc. the legal owner of the subject property?" — Yes**</u>

Additional testimony or reports within the past four years will be listed in the attached CV.

**C. Compensation**

Mr. Breckinridge is compensated at his standard professional rate for:

• Document review

• Title analysis

• Preparation of expert reports

• Deposition testimony

• Trial testimony

A statement of his hourly rate and billing structure will be provided.

**III. Disclosure of Relationship and Prior Work**

• Mr. Breckinridge has previously prepared several expert witness reports for Thorco Inc., Dennis Thornton, and Donna Thornton.

• His prior work includes ALTA-level title analysis, boundary review, and ownership determinations for properties located in Flathead County, Montana.

• His prior expert findings have consistently addressed the legal effect of mortgages, reconveyances, and alleged transfers involving Whitefish Credit Union and subsequent parties.

## IV. Introduction and Scope of Assignment

Mr. Breckinridge has been asked to provide expert opinions regarding:

• The chain of title for specific tracts of land associated with Thorco Inc.

• The legal effect of recorded instruments, including mortgages, satisfactions, reconveyances, and alleged transfers

• Whether specific entities held legal ownership on specific dates

• Whether recorded documents were sufficient to transfer ownership under Montana law and ALTA title-examination standards

He reviewed:

• Documentation provided by Dennis Thornton

• Public-record documents from the Flathead County Clerk & Recorder

• Prior survey records, plats, and ALTA-related materials

• Conveyance documents, mortgage instruments, and reconveyances

Administrative rules, statutes, and regulations cited in his report will appear in italics.

Documents not reproduced in full will be attached as DB Exhibits or made available upon request.

## V. Order of Analysis in Expert Report

Mr. Breckinridge's expert report will address:

1. The chain of title for the subject property

2. The legal effect of the Thorco–WCU mortgage

3. Whether WCU ever acquired legal ownership

4. Whether subsequent alleged transfers were legally operative

5.      The effect of the May 12, 2022 reconveyance

6.      Ownership status on specific dates, including September 29, 2021

7.      ALTA-standard evaluation of title sufficiency and defects

His opinions will be labeled Analysis.

Public-record facts will be labeled Facts.

Combined sections will be labeled Analysis/Facts.

## VI. Purpose and Intended Use of Expert Report

Mr. Breckinridge understands that his expert report may be used for:

•       Evidence supporting malicious prosecution claims

•       Evidence related to the Temporary Restraining Order obtained by Mo Somers LLC

•       Evidence relevant to quiet-title disputes involving Thorco property and equipment

•       Evidence relevant to tax filings

•       Evidence relevant to criminal investigations

•       Any other purpose deemed appropriate by Thorco Inc., its shareholders, or Dennis and Donna Thornton

## VII. Complete Statement of Opinions

Mr. Breckinridge's opinions will be fully detailed in his written report. His prior findings include:

Key Opinion from March 3, 2022 Report

•       On September 29, 2021, Whitefish Credit Union was not the legal owner of the property at 860 Boone Road, Somers, Montana.

•       Thorco Inc. was the legal owner of the property on that date.

His forthcoming report will expand on:

•       The legal effect of each conveyance

•       Whether any alleged transfers were valid

- Whether the chain of title supports Thorco's ownership

- ALTA-standard evaluation of title defects and inconsistencies

## VII. Right to Supplement

Mr. Breckinridge reserves the right to update or supplement his opinions if additional information becomes available or if new documents are produced.

**EXPERT / FACT WITNESS DISCLOSURE OF MONTANA STATE SENATOR MARK NOLAND**

**Fed. R. Civ. P. 26(a)(2)(C)**

**I. Witness Identification**

Name: Senator Mark Noland

Positions:

- Montana State Senator

- Member, Montana Economic Affairs Interim Committee (EAIC)

- Member, Montana Bank Oversight Committee (BOC)

- Member/Owner, Whitefish Credit Union Association (WCUA)

Addresses:

- PO Box 1852, Bigfork, MT 59911

- Montana State Capitol, 1301 E 6th Ave, Helena, MT 59601

Phone: 406-253-8982

Email: marknoland50@gmail.com

Senator Noland has served for years on the Montana Bank Oversight Committee, which is responsible for monitoring the Montana Division of Banking and ensuring compliance with statutory missions, goals, and objectives. He has been directly involved in reviewing complaints, foreclosure practices, and regulatory compliance of Montana-chartered credit unions, including Whitefish Credit Union Association (WCUA).

**II. Nature of Testimony (Rule 26(a)(2)(C))**

Senator Noland is not being offered as a retained expert.

He is a hybrid fact/expert witness whose testimony arises from:

- His official duties on the Montana Bank Oversight Committee

- His direct involvement in reviewing complaints against WCUA

- His first-hand meetings with the Montana Banking Commissioner and Chief Legal Counsel

**Exhibit E**

•        His review of foreclosure documents, settlement agreements, and court filings

•        His knowledge of Montana banking law, including the one-action rule and mortgage-lien procedures

•        His legislative oversight responsibilities involving credit-union conduct

His testimony is based on personal knowledge, official oversight duties, and specialized understanding of Montana banking regulations.

### III. Summary of Opinions and Factual Findings

Senator Noland's findings and opinions are drawn directly from his letter dated August 2, 2024, addressed to the U.S. Bankruptcy Court.

Below is a structured summary of his testimony.

### A. Oversight Role and Background

**Senator Noland states:**

He has received numerous complaints from WCUA member-business borrowers, including Dennis and Donna Thornton.

### B. Concerns About WCUA's Foreclosure Conduct

**Senator Noland reviewed:**

•        Deposition testimony of WCU loan officer Randy Cogdill

•        Appraisals and valuation records

•        Foreclosure filings

•        Settlement documents

•        Bankruptcy filings

•        WCUA's proof of claim

•        Testimony from the Montana Banking Commissioner and Chief Legal Counsel

**He concluded:**

"This was a red flag for me and indicates to me that the foreclosure on Thorco Inc.'s property was possibly preplanned."

**He further states:**

"I have concerns that this may be equity stripping."

### C. One-Action Rule Violations (MCA 71-1-222)

Senator Noland identifies what he believes to be a violation of Montana's one-action rule, stating:

He cites MCA 71-1-222(2) and explains the statutory requirement that a lender must foreclose on the security first before pursuing guarantors.

### D. Analysis of the 2016 Settlement Agreement

**Senator Noland reviewed the June 8, 2016 settlement agreement and concluded:**

•     The agreement vacated the 2016 judgment and dismissed the foreclosure with prejudice.

•     WCUA agreed to waive all deficiency claims.

•     The agreement required two new mortgages ($300,000 and $1,100,000).

•     The 2009 mortgage was intended to be extinguished.

•     The releases attached as Exhibit B were incorrect and misleading.

**He states:**

There is more than enough information… to show the intent of the parties was to extinguish the 2009 mortgage and replace it with two new mortgages…"

### E. WCUA's Failure to Release the 2009 Mortgage

Senator Noland notes that Thorco had sufficient funds in 2017 to pay the new mortgages, but:

This prevented Thorco from completing transactions and forced the 2017 bankruptcy filing.

### F. False Affidavit and Improper Court Filings

**Senator Noland states:**

He explains that the 2009 mortgage was extinguished in 2016, making later claims of default improper.

## G. Improper Recording of Deeds and Seizure of Property

**He states:**

"According to the testimony of Banking Commissioner Melanie Hall and Chief Legal Counsel Kelly O'Sullivan… the affidavit of Archer is false testimony and evidence."

"WCUA recorded the deeds provided for security… and seized over 30 pieces of Thorco Inc.'s equipment."

He notes:

- No writ of execution was issued

- No sheriff's sale occurred

- No redemption rights were honored

## H. February 10, 2022 Oversight Hearing

**Senator Noland questioned:**

- Banking Commissioner Melanie Hall

- Chief Legal Counsel Kelly O'Sullivan

**He reports:**

"Ms. Hall stated that a mortgage is a special lien that can only be used for one obligation…"

"Ms. O'Sullivan testified… the 2009 mortgage was done."

**He concludes:**

"In my opinion the testimony… defeated both the District Court rulings and the Montana Supreme Court rulings…"

## I. The May 12, 2022 Reconveyance

**Senator Noland states:**

**He explains that:**

- TFSS was WCUA's only authorized transfer agent

- The reconveyance was valid

- The quitclaim extinguished all claims against Thorco and the guarantors

**He further states:**

"In my opinion this had the effect of defeating all prior judicial and nonjudicial claims…"

**J. Improper June 6, 2022 "Corrected Release"**

Senator Noland identifies multiple defects:

- No power of attorney

- No statutory authority

- Violates MCA 71-1-307 through 71-1-310

- Contradicts WCUA's own prior actions

**He concludes the corrected release is invalid.**

**K. Summary Opinion**

**Senator Noland concludes:**

- The 2009 mortgage was extinguished in 2016

- WCUA's later actions were improper

- The May 12, 2022 reconveyance was valid

- **Thorco Inc. was the rightful owner of the 500 acres located at 860 Boone Rd.**

- The court must examine the title transfer and foreclosure process before approving any settlement

**He states:**

"In my opinion without examining the documents this court will be unable to make an informed decision as to the ownership of the property and its debt."

**IV. Exhibits (MN-1, MN-2, etc.)**

**A complete exhibit list will be attached, including:**

- MN-1: Senator Noland's August 2, 2024 letter

- MN-2: Settlement agreement (June 8, 2016)

- MN-3: Banking Commissioner and Legal Counsel testimony (Feb. 10, 2022)

- MN-4: WCUA proof of claim (Claim #10)

- MN-5: Reconveyance (May 12, 2022)

- MN-6: Corrected Release (June 6, 2022)

- MN-7: DV-12-174B, DV-18-336D, DV-19-534D filings

- MN-8: Appraisals and valuation documents

## V. Right to Supplement

Senator Noland reserves the right to supplement his testimony if additional documents or information become available.