Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
Phone (406) 441-5471
mmccarty@mtcounties.org
dgallagher@mtcounties.org
litigation@mtcounties.org

*Counsel for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS THORNTON, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS AHNER, in his official and individual capacities; ASHLEY FRECHETTE, in her official and individual capacities; MICHAEL NOONAN in his official and individual capacities; and JOHN and JANE DOES 1-10, <br><br> Defendants. | Cause No.: CV-25-83-M-DWM <br><br><br> BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

Defendants, Travis Ahner, Ashley Frechette, and Michael Noonan, through

counsel of record, submit this Brief in Support of Motion for Summary Judgment.

**Factual Background**

Material facts related to this Brief are in Defendants' Statement of Undisputed Facts, filed simultaneously with this brief.

Additionally, on January 23, 2026, the Court issued an Opinion and Order, granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 38.) Based on Plaintiff's allegations in the Second Amended Complaint, the Court determined Defendants "succeeded in showing that most of [their] conduct is protected by absolute immunity." (Doc. 38 at 6.) The only surviving claims are allegations that Defendants "created or approved false documents under Defendant Ahner's direct supervision and instruction [or] knowingly executed and used false property ownership certifications to support the prosecution." (Doc. 38 at 9) (internal quotations and citations omitted). When read liberally, these allegations "raise a specter of 'investigative' conduct prior to and independent of the charging decision and subsequent prosecution." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259 at 273-274).

More specifically, related to Defendant Ahner, the Court dismissed claims that he "personally initiated charges against [Plaintiff] without probable cause, authorized use of false ownership claims in charging documents, and directed prosecution knowing no probably cause existed." (Doc. 38 at 6) (internal quotations and citations omitted). The Court noted, "The Supreme Court has long

recognized that the prosecutor's initiation of a criminal case is 'intimately associated with the judicial phase of the criminal process' and is therefore a 'function to which the reasons for absolute immunity apply with full force.'" *Id.* (quoting *Imbler v. Pactman*, 424 U.S. 409, 430 (1976)). However, because the Second Amended Complaint "does not make clear whether Defendant Ahner allegedly fabricated documentation or merely relied on such documentation in charging," the Court could not dismiss all claims against Ahner at that time. (Doc. 38 at 8.) If evidence demonstrated that Defendant Ahner "initiated the charges against [Plaintiff] by relying on false statements from Sean Frampton and Commander Buls, and merely authorized use of false ownership claims in charging documents," then the claims would be barred by prosecutorial immunity. (Doc. 38 at 8) (internal quotations and citations omitted).

Related to Defendant Frechette, allegations that she "drafted and/or signed the probable cause affidavit omitting proof of [Plaintiff's] ownership and the Sheriff's findings, omitted exculpatory facts from the affidavits and court filings, and filed an affidavit omitting exculpatory evidence" were subject to absolute immunity and, therefore, dismissed. (Doc. 38 at 10) (internal quotations and citations omitted). Likewise, related to Noonan, prosecutorial immunity barred allegations that he "reviewed exculpatory records and the Sheriff's report despite not having a signed complaint but took no action to halt the prosecution, approved

filings despite knowledge they contained fabricated information, and participated in malicious prosecution despite contrary evidence." (Doc. 38 at 11) (internal quotations and citations omitted). Only the general allegations that Defendant Frechette and Noonan "knowingly executed and used false property ownership certifications to support the prosecution" or "created or approved false documents" survived the Motion to Dismiss because those allegations could be construed to understand that Defendants Frechette and Noonan may have "engaged in police-type investigation activity prior to the leveling of charges." (Doc. 38 at 10-11.)

## Summary of the Argument

As noted in the Court's Opinion and Order, (Doc. 38), and Scheduling Order (Doc. 39 at 1, 7), the issues in this case have been limited to whether Defendants fabricated evidence in violation of Plaintiff's Fourteenth Amendment rights, or otherwise engaged in actionable police-like investigation, that caused Plaintiff harm, and whether that same conduct constitutes negligence under state law. At best, "the fabrication at issue [in this case] is not the creation of a forged physical document, but rather the knowing and deliberate false assertion of material facts . . . . (SUF # 12.)

Even if the Defendants made false assertions of fact in prosecuting Defendant,[1] the undisputed facts establish that Defendants did not fabricate evidence or conduct any police-like investigation regarding Plaintiff's criminal prosecution. Rather, Defendants acted in a prosecutorial role and are entitled to immunity on all claims against them.

### Summary Judgment Standard

A party is entitled to summary judgment if that party can demonstrate "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must initially demonstrate the absence of any dispute over material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Specifically, a moving party who does not have the burden of proof at trial must produce evidence which either negates an essential element of the non-moving party's claim or shows that the non-moving party does not have enough evidence of an essential element to meet the non-moving party's burden at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has satisfied its burden, the non-moving party must identify evidence establishing that a dispute as to a particular fact is genuine.

---

[1] Defendants do not concede that their understanding of the material facts underlying the criminal prosecution were false, and they certainly do not concede that they acted knowingly and deliberately on false assertions. For purposes of this motion, however, that issue is immaterial.

*Defendants' Brief in Support of Motion for Summary Judgment*　　　　　5

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A "genuine issue" exists if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003). A factual dispute is material if it might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. The non-moving party cannot rely on mere allegations or denials but must set forth facts showing there is a genuine dispute. *Id.*

## Argument

I.  **Defendants' conduct was prosecutorial in nature and entitled to absolute immunity.**

All actions with which Plaintiff takes issue fall squarely within the role of a prosecutor, acting as advocates for the state, and Plaintiff provides no information that Defendants stepped outside this role by fabricating evidence or conducting any police-like investigation.

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. These functions include whether or when to prosecute a case or dismiss the case. *See Imbler*, 424 U.S. at 431 n. 33; *Roe v. City of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). Immune activity includes organizing and

*Defendants' Brief in Support of Motion for Summary Judgment*                    6

analyzing evidence and law and the internal discretion and practices that determine how those functions will be executed. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th   Cir. 2012). Prosecutors are likewise immune for any alleged "failure to investigate the accusations against a defendant before filing charges," or any "decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction," *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003).

Prosecutors acting within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent." *Flesch v. Richter*, No. CV 23-150-BLG-DWM, 2024 WL 2724279, at *2 (D. Mont. May 28, 2024) (citing *Broam*, 320 F.3d at 1028-29). Thus, immunity is absolute, and a prosecutor's motives are irrelevant if the prosecutor acted within his or her function as a prosecutor. *See Imbler*, 424 U.S. at 427-28.

Absolute immunity does not attach to actions a prosecutor may take that are administrative or investigative in nature but only to actions that are prosecutorial in nature. *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). To determine whether immunity applies, courts look at "the nature of the function performed not the identity of the actor who performed it." *Forrester v. White,* 484 U.S. 219, 229 (1988). "[I]nvestigative functions normally performed by a detective or police officer" do not enjoy absolute immunity. *Genzler*, 410 F.3d at 636. (quoting *Kalina*

*v. Fletcher*, 522 U.S. 118, 126 (1997). "The analysis of whether prosecutorial acts constitute advocacy or police-type investigation work is complicated by the fact that the Supreme Court has resisted any attempt to draw a bright-line between the two." *Genzler*, 410 F.3d at 637. "The question is whether a prosecutor's investigation is of the type normally done by police, in which case prosecutors enjoy only qualified immunity, or whether an investigation is bound up with the judicial process, thus affording prosecutors the heightened protection of absolute immunity." *Id*. Actions such as preparing to initiate a judicial proceeding or appearing in court to present evidence in support of a search warrant application have been afforded prosecutorial immunity. *Van De Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).

Prosecutorial immunity may also bar negligence claims under Montana state law. "[W]e have extended the doctrine of prosecutorial immunity to include county and state governments employing the prosecutors who find themselves named defendants in tort actions." *Rosenthal v. Cnty. of Madison*, 170 P.3d 493, 498 (Mont. 2007). Filing and maintaining criminal charges are among the many duties of a prosecutor and when a prosecutor acts within the scope of these duties, he is absolutely immune from liability, regardless of negligence or lack of probable cause. *Id.* at 499; *accord Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n. 5

(prosecutors are "entitled to absolute immunity for the malicious prosecution of someone whom he lacked probable cause to indict").

Plaintiff continues to assert that Defendants lacked probable cause to initiate and continue the prosecution against him, and that they wrongfully and knowingly relied on false information in pursuing the criminal charge. Although Defendants deny these assertions, that dispute of fact is immaterial to resolve this matter. Even assuming Plaintiff's claims are true, the Defendants never fabricated evidence to support the prosecution of Plaintiff or otherwise engaged in any police-like investigation. (SUF # 10-11.) Defendants' actions were all done within their roles as advocates for the state. As such, these actions are afforded absolute prosecutorial immunity.

Because the undisputed facts demonstrate that Defendants enjoy the protection of absolute immunity, as discussed more fully below, they are entitled to judgment as a matter of law, dismissing all claims against them.

### A. Plaintiff's criticisms of Defendant Ahner demonstrate, paradoxically, that his actions fall squarely within the immunity provided to prosecutors.

As the Court previously stated, if Defendant Ahner "initiated the charges against [Plaintiff] by relying on false statements from Sean Frampton and Commander Buls, and merely authorized use of false ownership claims in charging documents," then those claims would be barred by prosecutorial immunity. (Doc.

38 at 8.) The undisputed facts demonstrate that is exactly the basis of Plaintiff's claims against Defendant Ahner. Plaintiff vehemently asserts that Defendant Ahner failed to conduct appropriate investigation and, instead, relied on false assertions from others. These claims fail as a matter of law.

After engaging in discovery, the explicit allegations against Defendant Ahner are that he filed charges against Plaintiff while acting as the Flathead County Attorney, supposedly without probable cause and in reliance on false ownership claims asserted by Whitefish Credit Union, and those charges were later dismissed. Plaintiff takes issue with Defendant Ahner's decision to initiate criminal charges against Plaintiff despite a legal opinion from the Sheriff that Plaintiff continued to own the property in question. Instead, Defendant Ahner relied "solely on a phone call from Sean Frampton," refusing to conduct a complete investigation into these claims before filing charges. (SUF # 5.)

A prosecutor's evaluation of evidence to support the initiation of a criminal case are the type "intimately associated with the judicial phase of the criminal process" and, thus, afforded prosecutorial immunity. *See Imbler*, 424 U.S. at 430; *Van De Kamp*, 555 U.S. at 343. The decision whether to file charges, regardless of the existence of probable cause, is a prosecutorial function which is covered by absolute immunity. *Buckley*, 509 U.S. at 274 n. 5.

Plaintiff's objection to Defendant Ahner's lack of investigation is, ironically, exactly why Defendant Ahner is entitled to prosecutorial immunity in this matter. The undisputed facts demonstrate that Ahner stayed within his role as a prosecutor, not an investigator, and he is therefore entitled to judgment as a matter of law, dismissing the claims against him.

**B.     Although Defendant Noonan communicated with a witness in preparation for trial, he never crossed the line into investigative actions or fabrication of evidence.**

As with Defendant Ahner, Plaintiff's concerns related to Defendant Noonan are that he relied on Whitefish Credit Union's false ownership assertions and a misunderstanding of the legal history surrounding the property. Again, those claims are barred by prosecutorial immunity. However, Plaintiff raises one other action by Defendant Noonan that bears discussion: Defendant Noonan, or someone acting under his direction, engaged in a phone call with Sean Frampton that "precipitated" the creation of a Corrected Release of Mortgage (Corrected Release), recorded by Whitefish Credit Union on June 6, 2022. (SUF ## 6-7; Ex. C at 19.) Assuming, arguendo, that this Corrected Release was recorded unlawfully and "constitutes a fabrication of the public record" (Ex. C at 3), it does not create a cause of action against Defendant Noonan.

A prosecutor's actions "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273.

By Plaintiff's own admission, the call between Defendant Noonan and Frampton was to evaluate the "effect on ownership (vis a vis the criminal trespass charge)" of a previously recorded release of Satisfaction and Mortgage. (Ex. C at 15.) This conversation took place after the charges were filed against Plaintiff (SUF ## 3, 6.) This conduct is consistent with a prosecutor preparing for trial in his role as an advocate for the state. To the extent that this phone call raises an inference that Defendant Noonan directed or participated in the fabrication of this document, Defendant Noonan's Affidavit (Ex. A at ¶¶ 4) dispels that inference, and Plaintiff can provide no evidence to the contrary.

As such, the undisputed facts demonstrate that Noonan did not engage in any police-like investigation or fabrication of evidence, and he is entitled to judgment as a matter of law on all claims against him.

C.     **Defendant Frechette did not engage in any conduct that would fall outside of the immunity provided to prosecutors.**

Defendant Frechette's sole actions in this matter were to draft and file the criminal trespass complaint against Plaintiff. The issues of whether this decision was based – mistakenly, knowingly, or maliciously – on false information are entirely irrelevant. *See Broam*, 320 F.3d at 1029-1030; *Imbler*, 424 U.S. at 427-28.

*Defendants' Brief in Support of Motion for Summary Judgment*                12

What is relevant is that Frechette's actions in evaluating evidence to support the initiation of a criminal case are the type "intimately associated with the judicial phase of the criminal process" and, thus, afforded prosecutorial immunity. *See Imbler*, 424 U.S. at 430; *Van De Kamp*, 555 U.S. at 343.

As with Defendants Ahner and Noonan, all alleged conduct giving rise to Plaintiff's claims against Defendant Frechette was performed in her role as an advocate for the state and, therefore, barred by prosecutorial immunity. The undisputed facts demonstrate that Defendant Frechette did not engage in any police-like investigation or fabrication of evidence, and she is entitled to judgment as a matter of law on all claims against her.

## Conclusion

For the reasons set forth above, Defendants are entitled to judgment as a matter of law on the material undisputed facts, and respectfully request all claims be dismissed.

DATED this 27th day of April 2026.

County Litigation Group

*/s/ Dylan L. Gallagher*
Dylan L. Gallagher

*Defendants' Brief in Support of Motion for Summary Judgment*                    13

## CERTIFICATE OF SERVICE

I certify that on the 27th day of April 2026, a true and correct copy of the

foregoing was sent to all parties of record by the following means:

| | |
|---|---|
| Dennis Thornton | [X] U.S. Mail, postage prepaid |
| 151 Amatasia Lane | [ ] Overnight Delivery |
| Kalispell, MT 59901 | [ ] Hand Delivery |
| thorcoinc@outlook.com | [X] Email |

                              */s/ Dylan L. Gallagher*
                              Dylan L. Gallagher

## CERTIFICATE OF COMPLIANCE

The undersigned represents that in accordance with L.R. 7.1(d)(2)(E), the

foregoing Response Brief contains 2632 words excluding caption, certificate of

compliance, and certificate of service, as calculated by Microsoft Word software.

                       County Litigation Group

                              */s/ Dylan L. Gallagher*
                              Dylan L. Gallagher