Prepared by:
Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com



## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

**Plaintiff,**

v.

**TRAVIS AHNER, in his official**

**and individual capacities;**
**ASHLEY FRECHETTE, in her**
**official and individual capacities;**
**MICHAEL NOONAN, in his**
**official and individual capacities; and**
**FLATHEAD COUNTY,**

**Defendants.**

**Case No. CV 25-83-M-DWM**

**PLAINTIFF'S RESPONSE
IN OPPOSITION TO
DEFENDANTS' MOTIONS
IN LIMINE**

Plaintiff Dennis Thornton, proceeding pro se, respectfully submits this

Response in Opposition to Defendants' Motion in Limine (Doc. 52) and

Defendants' Brief in Support thereof (Doc. 53). Defendants' motion represents an

overbroad, premature, procedurally improper, and legally unsupported attempt to

eviscerate Plaintiff's ability to prove his two surviving claims—fabrication of

evidence in violation of the Fourteenth Amendment (Count III) and negligence

1

(Count VIII)—by excluding the very witnesses and categories of evidence that bear directly and centrally on whether Defendants created or approved false documents or knowingly executed and used false property ownership certifications during their pre-charging investigative conduct.

Every single argument advanced in Plaintiff's prior filings, including but not limited to all arguments regarding outstanding discovery (Flathead County IT email searches, Deputy County Attorney Angela Rolando's investigation materials, Sheriff Brian Heino's investigation materials, statutory official bonds, and supplemental interrogatory responses), is preserved and incorporated herein by reference in its entirety.

For the detailed, paragraph-by-paragraph, and comprehensively supported reasons set forth below, Defendants' Motion in Limine and supporting Brief must be denied in their entirety.

## I. INTRODUCTION AND PROCEDURAL CONTEXT

This civil rights action arises directly from Defendants' prosecution of Plaintiff on a criminal trespass charge tied to property located at 890 Boon Road. The Court's January 23, 2026 Opinion and Order (Doc. 38) correctly preserved Plaintiff's fabrication of evidence and negligence claims. The Court held that the allegations, when read liberally as required for pro se pleadings, "raise a specter of 'investigative' conduct prior to and independent of the charging decision and

subsequent prosecution." (Doc. 38 at 9) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)).

In *Buckley v. Fitzsimmons*, the United States Supreme Court established a clear functional distinction that remains binding on this Court and all courts in the Ninth Circuit: prosecutors receive absolute immunity only for acts "intimately associated with the judicial phase" of the criminal process—i.e., when they act strictly as advocates for the State. When prosecutors instead perform investigative functions normally performed by detectives or police officers—such as searching for clues, preparing or reviewing documents to help establish probable cause, inquiring into property ownership, or coordinating with third parties like Whitefish Credit Union prior to the charging decision—they act in an investigative capacity and receive *only* qualified immunity. This distinction is not merely academic; it directly controls the admissibility of evidence in this case.

Evidence that illuminates Defendants' pre-charging document preparation, ownership inquiries, internal and external communications regarding the allegedly false certifications, knowledge (or reckless disregard) of inaccuracies, or coordination with third parties is therefore not collateral or irrelevant—it is central and indispensable to proving the surviving claims. Excluding such evidence would directly contradict the Court's prior ruling and eviscerate Plaintiff's ability to

3

establish the "specter" of investigative misconduct the Court already recognized as viable.

Defendants now seek, through their Motion in Limine, to exclude testimony from key witnesses including Sheriff Brian Heino, Gerald Fritts, Jeff Larsen, Darren R. Breckenridge, and Senator Mark Noland, along with any evidence related to ownership disputes, third-party communications, or facts underlying previously dismissed claims. This request is especially improper and prejudicial because discovery remains incomplete by Defendants' own explicit admission in their April 27, 2026 letter from counsel Molenda L. McCarty, which acknowledges that the Flathead County IT email search has not yet been completed and that additional responsive communications may still be produced. Such tactical gamesmanship—filing dispositive and evidentiary motions while simultaneously conceding that key discovery is outstanding—undermines the truth-seeking function of the Federal Rules of Evidence and the fair adjudication of constitutional claims under 42 U.S.C. § 1983.

Motions in limine are not substitutes for summary judgment, nor are they vehicles for resolving disputed material facts or excluding broad swaths of highly relevant evidence that goes to the heart of a plaintiff's surviving civil rights claims. This Court, in prior similar civil rights matters before Judge Molloy, has consistently denied or narrowly limited such overbroad motions in limine to

4

preserve relevant evidence bearing on core claims (see, e.g., *Reed v. Lieurance et al.*, No. 2:13-cv-00017-DWM, 2017 WL 11519598 (D. Mont. Dec. 11, 2017) (denying motions in limine in § 1983 case); *Reed v. Lieurance et al.*, Document 169 (D. Mont. Dec. 21, 2017) (granting in part and denying in part while carefully weighing relevance)).

## II. LEGAL STANDARD GOVERNING MOTIONS IN LIMINE

Motions in limine serve the narrow, limited purpose of resolving specific evidentiary disputes in advance of trial in order to prevent the needless presentation of potentially inadmissible or unduly prejudicial evidence to the jury. They are disfavored, however, when employed as blunt instruments to achieve wholesale exclusion of relevant evidence categories that are central to a party's case theory, particularly in § 1983 civil rights actions where the excluded evidence directly concerns knowledge, intent, investigative conduct, or fabrication.

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area, but it must never be transformed into a de facto dispositive ruling that prevents a plaintiff from presenting a viable claim on a complete factual record. This Court has applied this principle in past similar cases, denying overbroad motions in limine to protect a plaintiff's ability to present relevant civil rights evidence (see *Wise v. Rust*, No. 9:09-cv-00137-DWM, Document 54 (D. Mont. 2010) (granting in part and denying in part motions in

limine in civil rights matter); *Downen v. Montana Veterans' Home et al.*, Order (D. Mont. Jan. 30, 2014) (granting in part, denying in part, and reserving ruling in part on motions in limine in § 1983 context)).

Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Relevant evidence is generally admissible under Federal Rule of Evidence 402. Exclusion under Federal Rule of Evidence 403 is permitted only if the probative value of the evidence is *substantially* outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. This is a demanding, high-threshold standard.

The Ninth Circuit applies Rule 403 with particular caution and restraint in civil rights cases, emphasizing that courts must not overestimate prejudice or undervalue the probative force of evidence bearing on core issues such as deliberate fabrication, knowledge of falsity, or investigative misconduct. The more probative the evidence, the higher the bar for exclusion. Judge Molloy has consistently followed this approach in this District, refusing to exclude highly relevant evidence in civil rights and other cases where probative value on key issues outweighs speculative prejudice.

6

Finally, a motion in limine is emphatically not the proper vehicle for seeking dispositive relief on claims, preemptively resolving factual disputes intertwined with the merits, or sanitizing the trial record to Defendants' advantage while discovery remains open. Defendants' motion fails this standard comprehensively, consistent with this Court's prior rulings in analogous matters.

## III. PARAGRAPH-BY-PARAGRAPH REFUTATION OF DEFENDANTS' MOTION AND BRIEF IN SUPPORT
### Defendants' Motion (Doc. 52) – Blanket exclusion request:

Defendants move this Court for an order excluding testimony and evidence related to claims of malicious prosecution, unreasonable seizure of property, false certification, and abuse of process, and further seek to prohibit expert and fact testimony from Senator Mark Noland, Darren R. Breckenridge, Gerald Fritts, Sheriff Brian Heino, and Jeff Larsen. This sweeping, blanket request must be denied in full.

While the Court properly dismissed certain claims on prosecutorial immunity grounds in its January 23, 2026 Order, the underlying facts, documents, investigative acts, communications, and ownership-related evidence remain directly and highly probative of whether Defendants engaged in fabrication of evidence during the investigative phase. *Buckley v. Fitzsimmons* explicitly holds that investigative acts—such as document preparation, ownership inquiries, and pre-probable cause coordination—fall outside absolute immunity.

Evidence of those acts is therefore admissible and essential to proving the surviving fabrication and negligence claims. A blanket exclusion of entire categories tied to the factual foundation of the case would improperly sanitize the evidentiary record, prevent Plaintiff from establishing the investigative "specter" the Court recognized, and amount to an abuse of discretion. This Court has rejected similar overbroad attempts in past cases before this honorable Court (see *Reed v. Lieurance*, supra).

**Brief, pp. 1-3 (Background and surviving claims):**

Defendants accurately recite portions of the Court's Order but then fundamentally mischaracterize its implications by asserting that any evidence touching dismissed claims or ownership disputes is wholly irrelevant. This misstates both the facts and the law and improperly seeks to invert the burden of proof. To prevail on his fabrication claim, Plaintiff must ultimately show that Defendants "deliberately fabricated evidence" and that the fabrication caused a deprivation of liberty. *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017). In *Spencer*, the Ninth Circuit reversed a judgment as a matter of law and reinstated a jury verdict where a detective deliberately mischaracterized witness statements in investigative reports.

The court held that direct evidence of fabrication (or circumstances demonstrating knowing use of inaccurate information) is sufficient, and in cases of

8

direct evidence, the official's knowledge or reason to know of actual innocence need not always be separately proven. Evidence showing the falsity of the property ownership certifications, Defendants' knowledge (or reckless disregard) via Sheriff Heino's contrary investigation findings, or communications with Whitefish Credit Union is therefore not collateral—it is the core of the claim. Ownership evidence directly tests whether the certifications were false or misleading, which is precisely what the surviving claims require Plaintiff to prove. This Court's prior decisions in similar civil rights litigation reinforce that such relevant evidence must not be categorically excluded.

**Brief, pp. 3-6 (Expert disclosures – Sheriff Brian Heino, Gerald Fritts, Jeff Larsen, Darren R. Breckenridge, Senator Mark Noland):**

Defendants' detailed attacks on each proposed witness's testimony fail for multiple independent reasons.

- **Sheriff Brian Heino**: His proposed fact and opinion testimony concerning property ownership at the time of the trespass complaint, the absence of probable cause, the necessity of a full investigation before charging, and the impropriety of the County Attorney's insistence on proceeding is quintessential, highly probative evidence of investigative conduct and knowledge (or reckless disregard) of falsity. This testimony directly supports the fabrication claim under *Spencer v. Peters* (direct evidence of mischaracterization or knowing use of inaccurate information) and

*Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010). In *Costanich*, the Ninth Circuit addressed an investigator's alleged deliberate fabrication of evidence during a civil investigation and held that deliberate misstatements, omissions, or knowing use of false information in investigative materials can support liability where they cause a protected liberty or property interest to be deprived. Exclusion of Sheriff Heino's testimony would effectively gut Plaintiff's ability to demonstrate that Defendants proceeded with prosecution despite contrary investigative conclusions from the very law enforcement officer involved—the precise type of evidence the Ninth Circuit has repeatedly deemed central and admissible in fabrication cases. This Court has protected similar law enforcement and investigative testimony in past § 1983 cases before Judge Molloy.

- **Gerald Fritts, Jeff Larsen, and Darren R. Breckenridge**: These witnesses' analyses of Whitefish Credit Union's financial reporting practices, 5300 Reports, charge-offs, asset status, consistency with federal requirements, and ultimate conclusions regarding ownership (including that Thorco Inc., not Whitefish Credit Union, held legal ownership on relevant dates) bear directly and powerfully on whether the documents and certifications at issue were false or misleading—the precise factual issue at

the heart of the surviving fabrication claims. Such expert evidence is highly probative of deliberate fabrication or knowing use and cannot properly be excluded under Rule 403 absent a *substantial* danger of unfair prejudice that cannot be cured by limiting instructions or other trial management tools. The Ninth Circuit strongly favors admission of such evidence in fabrication cases where it goes to the accuracy, reliability, and knowing use of materials that supported a prosecution. Judge Molloy has applied this same balanced approach in this District.

- **Senator Mark Noland**: His proposed testimony regarding potential "red flags," equity stripping, or related practices in the context of Whitefish Credit Union's actions provides relevant contextual evidence that may illuminate the circumstances surrounding document creation or use, particularly if tied to Defendants' knowledge. Defendants' blanket assertion that none of the disclosures discuss fabrication is simply incorrect on the face of the record; questions of ownership accuracy, document reliability, and investigative sufficiency *are* the fabrication issue.

**Brief, p. 6 (Legal Standard section):**

Defendants cite *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009), for the general proposition that a motion in limine is a procedural mechanism to limit evidence in advance. While the citation is accurate, *Heller* and

subsequent Ninth Circuit authority underscore that such motions must not be used in a manner that prejudices a party's core theory of the case or excludes evidence central to surviving claims. In *Heller*, the court addressed pretrial evidentiary rulings but emphasized restraint to preserve fairness. This Court has followed that restraint in analogous matters.

### Brief, pp. 7-9 (Discussion Sections I and II – Irrelevance and Rule 403 balancing):

Defendants argue that ownership evidence would force relitigation of dismissed claims or a long-running 15-year property dispute, claiming any probative value is substantially outweighed by risks of confusion, undue delay, or prejudice. This argument overstates prejudice while severely undervaluing probative value. The evidence in question is offered solely to prove the surviving fabrication and negligence claims—not to relitigate quiet title, malicious prosecution as a standalone theory, or any dismissed count. Rule 403 balancing overwhelmingly favors admission here because the evidence is central to the Court's prior ruling recognizing investigative conduct. See *Spencer*, 857 F.3d at 798 (evidence of continued pursuit despite contrary information supports fabrication liability); *Costanich*, 627 F.3d at 1111 (deliberate misstatements in investigative materials).

Any minimal risk of jury confusion is readily addressed through targeted limiting instructions—a far preferable remedy to wholesale exclusion. Defendants'

footnote reference to their simultaneously filed summary judgment motion further reveals the impropriety: they seek to use an in limine motion to bolster a dispositive request on an admittedly incomplete discovery record.

This Court has repeatedly rejected such tactics in prior similar cases before honorable Court, favoring admission of probative evidence with appropriate safeguards.

## IV. ADDITIONAL BINDING NINTH CIRCUIT PRECEDENT MANDATING DENIAL

In addition to the authorities addressed above, multiple other binding Ninth Circuit decisions compel denial of the motion:

- **Relevance and Proof in Fabrication Cases**: *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc) (recognizing a clearly established due process right not to be subjected to criminal charges based on deliberately fabricated evidence; evidence supporting an inference of knowing use of false information or coercive techniques is admissible to prove fabrication). *Richards v. County of San Bernardino*, 39 F.4th 562 (9th Cir. 2022) (fabrication claims focus on the materiality of the evidence to the outcome; direct evidence of manipulating or using inaccurate documentary evidence creates triable issues and satisfies causation if the material could reasonably have affected the result).

- **Rule 403 Application in Civil Rights Cases**: The Ninth Circuit requires that probative value not be lightly discounted, particularly where evidence is central to constitutional claims. Overbroad exclusion that prevents a plaintiff from presenting a core theory constitutes an abuse of discretion. This Court has applied the same principle.

- **Investigative vs. Advocative Conduct**: *Buckley* and its progeny confirm that pre-charging document handling, ownership inquiries, and related communications are admissible to test both immunity boundaries and ultimate liability.

Motions in limine cannot properly be granted where doing so would leave a plaintiff unable to prove surviving claims on a complete record, especially while discovery remains open and disputed factual issues persist. This Court's history in similar civil rights litigation before Judge Molloy confirms this approach.

## V. OUTSTANDING DISCOVERY, RULE 56(d) PRINCIPLES, AND IRREPARABLE PREJUDICE

Plaintiff fully incorporates and reiterates all prior arguments concerning the outstanding discovery materials that Defendants have acknowledged are not yet complete (IT email searches, Rolando and Heino materials, official bonds, and supplemental interrogatories). These materials are directly relevant to the witnesses and evidence Defendants now seek to exclude.

Granting the Motion in Limine at this stage would cause irreparable prejudice to Plaintiff by denying him the opportunity to present a complete factual record, reward Defendants for their discovery delays, and defeat the fundamental purposes of discovery and trial under the Federal Rules. Principles underlying Rule 56(d) further counsel strongly against any premature evidentiary cutoff. This Court has protected parties from such prejudice in past analogous rulings.

## CONCLUSION

Defendants' Motion in Limine is an improper attempt to force this case to trial on a sanitized, incomplete, and misleading record. Every category of evidence and every witness they seek to exclude is directly relevant, highly probative, and admissible under controlling Supreme Court and binding Ninth Circuit precedent. The motions must be denied in full so that Plaintiff may present his surviving fabrication of evidence and negligence claims to a jury on the complete factual record to which he is entitled. This outcome is consistent with this Court's prior decisions in similar matters before this same honorable Court.

## VI. REQUESTED RELIEF

For all the foregoing reasons, and preserving every argument from prior filings, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Motion in Limine (Doc. 52) and Brief in Support (Doc. 53) in their entirety;

2. Defer any further evidentiary rulings until discovery is complete and the full 15-day review period required by the Court's Scheduling Order has elapsed;

3. Compel Defendants to produce all outstanding discovery materials forthwith;

4. Grant Plaintiff a full and fair opportunity to oppose any further motions on a complete record; and

5. Issue any other and further relief as the Court deems just and appropriate, including sanctions for discovery violations if warranted.

Dated: April 30, 2026

Respectfully submitted,

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the

foregoing Plaintiff's Response in Opposition to Defendants' Motions in Limine

was served via electronic filing system:

Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
mmccarty@mtcounties.org
dgallagher@mtcounties.org


Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com