Prepared by:
Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

MAY 04 2026

Clerk, U.S. Courts
District of Montana
Missoula Division

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

    **Plaintiff,**

**v.**

**TRAVIS AHNER, in his official
and individual capacities;
ASHLEY FRECHETTE, in her
official and individual capacities;
MICHAEL NOONAN, in his
official and individual capacities; and
FLATHEAD COUNTY,**

    **Defendants.**

**Case No. CV 25-83-M-DWM**

**PLAINTIFF'S RESPONSE
IN OPPOSITION TO
DEFENDANTS' MOTION
FOR SUMMARY
JUDGMENT**

Plaintiff Dennis Thornton, proceeding pro se, respectfully submits this

Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 55)

and Brief in Support (Doc. 56).

### I. INTRODUCTION

Defendants' Motion for Summary Judgment is frivolous, unsupported by the

record or the law, malicious in its timing while discovery remains incomplete by

1

their own admission in the April 27, 2026 letter from counsel, and vexatious in its repeated attempts to evade accountability for the surviving claims of fabrication of evidence under the Fourteenth Amendment (Count III) and negligence (Count VIII).

Genuine disputes of material fact exist on every element of the surviving claims, rendering summary judgment unavailable and improper under Federal Rule of Civil Procedure 56. These disputed issues must be decided by a jury after a full and fair trial on a complete factual record. The motion must therefore be denied in its entirety.

Every argument advanced in Plaintiff's prior filings, including all arguments regarding outstanding discovery (Flathead County IT email searches, Deputy County Attorney Angela Rolando's investigation materials, Sheriff Brian Heino's investigation materials, statutory official bonds, and supplemental interrogatory responses), is preserved and incorporated herein by reference in its entirety.

In support of this Response, Plaintiff also submits the contemporaneously filed Declaration of Dennis Thornton, executed under penalty of perjury pursuant to 28 U.S.C. § 1746 and Federal Rule of Civil Procedure 56(c). This Declaration sets forth specific facts based on Plaintiff's personal knowledge that demonstrate the existence of genuine disputes of material fact precluding summary judgment.

2

As more fully set forth in the Affidavit and Declaration of Dennis Thornton genuine disputes exist.

## II. PROCEDURAL BACKGROUND AND OUTSTANDING DISCOVERY

This civil rights action arises directly from Defendants' prosecution of Plaintiff on a criminal trespass charge tied to property at 890 Boon Road, including the creation or approval of false documents and the knowing execution and use of false property ownership certifications to support that prosecution. The Court's January 23, 2026 Opinion and Order (Doc. 38) correctly preserved the fabrication of evidence and negligence claims because the allegations, when read liberally as required for pro se pleadings, raise a specter of investigative conduct prior to and independent of the charging decision. (Doc. 38 at 9) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)).

In *Buckley v. Fitzsimmons*, the United States Supreme Court established a clear functional distinction that remains binding on this Court: prosecutors receive absolute immunity only for acts intimately associated with the judicial phase of the criminal process when acting strictly as advocates for the State. When prosecutors instead perform investigative functions normally performed by detectives or police officers—such as searching for clues, preparing or reviewing documents to help establish probable cause, inquiring into property ownership, or coordinating with third parties like Whitefish Credit Union prior to the charging decision—they act

3

in an investigative capacity and receive only qualified immunity. This distinction directly controls the surviving claims in this case. Evidence that illuminates Defendants' pre-charging document preparation, ownership inquiries, internal and external communications regarding the allegedly false certifications, knowledge or reckless disregard of inaccuracies, or coordination with third parties is central and indispensable to proving the surviving claims.

Defendants now seek summary judgment while simultaneously admitting in their April 27, 2026 letter from counsel Molenda L. McCarty that the Flathead County IT email search has not yet been completed and that additional responsive communications may still be produced. This tactical gamesmanship undermines the truth-seeking function of the Federal Rules of Civil Procedure and the fair adjudication of constitutional claims under 42 U.S.C. § 1983. Plaintiff invokes Federal Rule of Civil Procedure 56(d) and respectfully requests that the Court defer ruling on the motion until discovery is complete and the full 15-day review period required by the Court's Scheduling Order has elapsed. This Court has consistently denied or limited similar premature motions in analogous § 1983 civil rights cases before This honorable Court.

### III. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.

4

Civ. P. 56(a). The moving party bears a heavy burden, and all reasonable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party need only identify evidence establishing that a dispute as to a particular fact is genuine, and a genuine issue exists if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Anderson*, 477 U.S. at 248-49.

Here, disputed facts regarding whether Defendants created or approved false documents, knowingly used false ownership certifications, and engaged in investigative conduct preclude summary judgment.

## IV. ARGUMENT

### A. Defendants' Motion for Summary Judgment (Doc. 55) – Blanket Request for Judgment

Defendants' blanket request for summary judgment on all remaining counts must be denied. The surviving claims center on genuine disputes regarding fabrication during investigative conduct, and *Buckley v. Fitzsimmons* squarely precludes absolute immunity for such acts. Genuine issues of material fact exist on whether Defendants created or approved false certifications with knowledge of their falsity, making summary judgment unavailable and improper.

### B. Defendants' Brief in Support – Pages 1-2 (Factual Background and Court's Order)

Defendants selectively quote the Court's Opinion and Order while ignoring that the Order explicitly preserved claims raising a specter of investigative conduct. This selective characterization does not eliminate the triable issues on whether Defendants crossed into actionable fabrication. *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017), holds that a deliberate fabrication claim requires proof that the defendant deliberately fabricated evidence and that the fabrication caused the plaintiff's deprivation of liberty. Direct evidence of knowing use of inaccurate information creates genuine disputes that a jury must resolve.

## C. Defendants' Brief in Support – Pages 2-4 (Surviving Claims and Immunity Discussion)

Defendants mischaracterize the Court's Order. The Court left open whether Defendants fabricated or approved false documents in an investigative capacity. Whether Defendants engaged in such conduct is a disputed material fact for the jury. Absolute immunity does not attach to investigative acts. *Buckley*, 509 U.S. at 273-74. Defendants' assertion that all their acts were purely advocative is itself a contested factual issue that cannot be resolved on summary judgment.

## D. Defendants' Brief in Support – Pages 4-5 (Summary of the Argument)

Defendants concede for purposes of the motion the possibility of false assertions but claim no fabrication occurred. This concession itself highlights the existence of disputed facts on knowledge, intent, and the accuracy of the certifications. *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111

6

(9th Cir. 2010), holds that knowing use of false information in investigative materials can support liability where it causes a protected interest to be deprived. These are classic jury questions.

**E. Defendants' Brief in Support – Pages 5-6 (Summary Judgment Standard)**

Defendants' recitation of the summary judgment standard is accurate on its face but ignores that the non-movant receives all reasonable inferences and that discovery remains incomplete. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Anderson* do not permit judgment on an incomplete record where, as here, disputed facts exist on every core element of the surviving claims. Rule 56(d) applies directly and requires deferral.

**F. Defendants' Brief in Support – Pages 6-9 (Broad Immunity Argument)**

Defendants' broad immunity argument fails as a matter of law and fact. *Buckley v. Fitzsimmons* draws the precise distinction the Court recognized in its Order. Whether Defendants engaged in investigative fabrication is hotly disputed. *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc), confirms that evidence supporting an inference of knowing use of false information creates triable issues. This Court has protected similar § 1983 claims from premature resolution in cases such as *Reed v. Lieurance et al.*, No. 2:13-cv-00017-DWM, 2017 WL 11519598 (D. Mont. Dec. 11, 2017) (Molloy, J.).

**G. Defendants' Brief in Support – Pages 9-10 (Section on Defendant Ahner)**

Defendants claim that Ahner's reliance on others demonstrates immunity. This ignores the disputed facts on whether Ahner approved false certifications despite knowledge of their falsity, including Sheriff Heino's contrary findings and the pending email communications. Knowledge, approval, and intent are quintessential jury questions. *Spencer v. Peters* holds that direct evidence of mischaracterization creates genuine disputes of material fact precluding summary judgment. This honorable Court has repeatedly denied summary judgment in analogous § 1983 cases where similar factual disputes regarding knowledge and conduct existed. *See Maier v. Frink et al.*, No. 4:13-cv-00092-DWM, Doc. 74 (D. Mont. Mar. 30, 2016) (Molloy, J.) (denying summary judgment due to genuine issues of material fact); *Pearson v. Pausha*, No. 6:10-cv-00035-DWM, Doc. 40 (D. Mont. Aug. 30, 2011) (Molloy, J.) (denying summary judgment, finding genuine issue for jury resolution); *Jackson v. Johnson*, No. 9:10-cv-00098-DWM, Doc. 23 (D. Mont. July 18, 2011) (Molloy, J.) (granting in part and denying in part summary judgment, preserving triable issues).

## H. Defendants' Brief in Support – Pages 10-12 (Section on Defendant Noonan)

The phone call and coordination on the "Corrected Release" raise genuine disputes regarding fabrication or manipulation of the documentary record. Defendants' self-serving affidavit does not eliminate these disputes; witness credibility and the weight of evidence are for the jury. *Richards v. County of San*

*Bernardino*, 39 F.4th 562 (9th Cir. 2022), holds that the materiality of manipulated or inaccurate documentary evidence creates triable fabrication claims that a jury must decide. This honorable Court has denied summary judgment in similar circumstances where credibility and intent were at issue.

## I. Defendants' Brief in Support – Pages 12-13 (Section on Defendant Frechette)

Drafting and filing the complaint while allegedly using false certifications raises disputed issues of investigative conduct and knowledge of falsity. *Buckley* controls, and genuine disputes preclude summary judgment. This Court, under This honorable Court, has consistently held that such factual disputes in civil rights cases must go to the jury.

## J. Defendants' Brief in Support – Conclusion (Page 13)

Defendants request judgment as a matter of law. This request must be denied. The motion is frivolous given the incomplete discovery record, vexatious in its timing, and malicious in its attempt to shortcut Plaintiff's surviving claims. Genuine disputes of material fact exist on every element, and these issues must be resolved by a jury after full discovery and trial.

## V. ADDITIONAL NINTH CIRCUIT PRECEDENT AND THIS COURT'S PRACTICE

*Spencer*, *Costanich*, *Devereaux*, and *Richards* all confirm that fabrication claims turn on disputed facts of knowledge, intent, and materiality—precisely the

issues present here. The outstanding discovery materials will further illuminate these disputes. This Court's practice in *Reed v. Lieurance* and the cases cited above strongly favors jury resolution in § 1983 matters.

## VI. OUTSTANDING DISCOVERY, RULE 56(d), AND IRREPARABLE PREJUDICE

Plaintiff fully incorporates and reiterates all prior arguments concerning the outstanding discovery materials that Defendants have acknowledged are not yet complete. These materials are directly relevant to the disputed facts on which Defendants base their motion. Granting summary judgment at this stage would cause irreparable prejudice to Plaintiff, reward Defendants for their discovery delays, and defeat the fundamental purposes of discovery and trial under the Federal Rules. Principles underlying Rule 56(d) strongly counsel against any premature ruling.

## CONCLUSION

Defendants' Motion for Summary Judgment is frivolous, unsupported by the law or a complete record, malicious in its timing while discovery remains open by their own admission, and vexatious in its attempt to deny Plaintiff his day in court. Genuine disputes of material fact exist on every element of the surviving fabrication of evidence and negligence claims. Summary judgment is unavailable and improper. These issues must be decided by a jury after full discovery and a fair trial on the complete factual record.

## VII. REQUESTED RELIEF

For all the foregoing reasons, and preserving every argument from prior filings, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment in its entirety, defer ruling pursuant to Rule 56(d) until discovery is complete and the 15-day review period has elapsed, compel production of all outstanding materials, grant Plaintiff a full opportunity to oppose any further motions on a complete record, and issue any other and further relief as the Court deems just and appropriate, including sanctions for discovery violations if warranted.

Dated: April 30, 2026

Respectfully submitted,

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the

foregoing Plaintiff's Response in Opposition to Defendants' Motion for Summary

Judgment was served via electronic filing system:

Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
mmccarty@mtcounties.org
dgallagher@mtcounties.org

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

12