Prepared by:
Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

    **Plaintiff,**

**v.**

**TRAVIS AHNER, in his official
and individual capacities;
ASHLEY FRECHETTE, in her
official and individual capacities;
MICHAEL NOONAN, in his
official and individual capacities; and
FLATHEAD COUNTY,**

    **Defendants.**

**Case No. CV 25-83-M-DWM**

**DECLARATION OF
DENNIS THORNTON IN
OPPOSITION TO
DEFENDANTS' MOTION
FOR SUMMARY
JUDGMENT AND
AFFIRMING GENUINE
DISPUTES OF MATERIAL
FACTS.**

I, Dennis Thornton, declare under penalty of perjury pursuant to 28 U.S.C. §
1746 and Federal Rule of Civil Procedure 56(c) that the following is true and
correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in the above-captioned action and I am proceeding pro se. I
   have personal knowledge of all facts stated in this Declaration and, if called
   as a witness, I could and would competently testify to them under oath.

1

2. I submit this Declaration in support of my Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 55). Genuine disputes of material fact exist on every element of my surviving claims — fabrication of evidence in violation of the Fourteenth Amendment (Count III) and negligence (Count VIII) — and summary judgment must therefore be denied.

3. This action arises from Defendants' prosecution of me on a criminal trespass charge related to property at 890 Boon Road. The Court's January 23, 2026 Opinion and Order (Doc. 38) correctly held that the surviving claims raise a specter of investigative conduct prior to and independent of the charging decision. (Doc. 38 at 9) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)).

4. The surviving claims are based on allegations that Defendants created or approved false documents or knowingly executed and used false property ownership certifications to support the criminal prosecution against me. These allegations fall outside absolute prosecutorial immunity because they involve investigative conduct.

5. I have personal knowledge that genuine disputes of material fact exist regarding whether Defendants fabricated or knowingly used false ownership certifications. Specifically, Sheriff Brian Heino personally investigated the

2

trespass complaint, visited my home, reviewed ownership documents, and concluded that Thorco Inc. — not Whitefish Credit Union — owned the property at the time of the alleged trespass. Defendants proceeded with the prosecution despite these findings.

6. Deputy County Attorney Angela Rolando conducted a two-day review of the criminal file before dismissing the charge. She confirmed this in a voicemail to my attorney, Tyson McLean, stating she "took the time yesterday and today reviewing the file." No materials from this review have been produced, creating a disputed factual issue regarding what false or misleading documents were (or should have been) identified.

7. Defendants have admitted in their April 27, 2026 letter that the Flathead County IT email search remains incomplete. These emails are expected to contain direct evidence of communications between Defendants and Whitefish Credit Union regarding ownership documents, internal discussions on the preparation and approval of the allegedly false certifications, and Defendants' knowledge of the falsity of those documents.

8. The statutory official bonds required for the individual Defendants under § 2-9-701, MCA, have not been produced. The MACo policy provided does not satisfy the individualized bonding requirement.

9. Defendants' responses to my interrogatories are materially deficient. They have failed to provide complete information regarding persons with knowledge (including Angela Rolando), relevant communications, the basis for probable cause, exculpatory evidence, and the coordination surrounding the "Corrected Release."

10. Pursuant to Rule 56(d), I specifically expect the outstanding discovery to reveal: (a) direct evidence that Defendants knew or should have known the ownership certifications were false; (b) that Angela Rolando's review identified false or misleading documents; (c) that Sheriff Heino's findings contradicted the certifications used by Defendants; (d) that Defendant Noonan made inconsistent representations regarding ownership; and (e) that the "Corrected Release" involved coordination that constitutes fabrication or manipulation of the record.

11. I have made diligent efforts to obtain this discovery. I served my First Request for Discovery, my Second Request for Discovery, and my Third Request for Discovery on April 24, 2026. Despite these efforts, Defendants have continued to withhold essential materials.

12. If summary judgment is granted before this discovery is produced, I will suffer severe and irreparable prejudice. I will be denied the opportunity to present the full factual record supporting my surviving claims, Defendants

4

will be rewarded for their discovery delays, and the Court will be asked to rule on an incomplete record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 30, 2026, at Kalispell, Montana.

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the

foregoing Declaration of Dennis Thornton in opposition to Defendants' Motion for

Summary Judgment was served via electronic filing system:

Molenda L. McCarty
Dylan L. Gallagher
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
mmccarty@mtcounties.org
dgallagher@mtcounties.org

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Tel: (406) 261-6814
Email: thorcoinc@outlook.com