Prepared by:
Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Phone: (406) 261-6814
Email: thorcoinc@outlook.com

**RECEIVED**

**MAY 1 1 2026**

Clerk, U.S. Courts
District of Montana
Missoula Division

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

    **Plaintiff,**

**v.**

**TRAVIS AHNER, in his official
and individual capacities;
ASHLEY FRECHETTE, in her
official and individual capacities;
MICHAEL NOONAN, in his official
and individual capacities; and
FLATHEAD COUNTY,**

    **Defendants.**

**Case No. CV 25-83-M-DWM**

**PLAINTIFF'S MOTION TO
COMPEL DISCOVERY,
FOR SANCTIONS UNDER
RULE 37, AND TO AMEND
SHCEDULING ORDER**

Plaintiff Dennis Thornton, proceeding pro se, respectfully moves this Court

pursuant to Federal Rules of Civil Procedure 26, 33, 34, 37(a), 37(b), and 16(b)(4),

and D. Mont. L.R. 26.3, for an Order compelling complete discovery, imposing

sanctions, and amending the Scheduling Order.

## I. INTRODUCTION

1

Defendants have willfully and repeatedly violated this Court's Scheduling Order (Doc. 39) and the Federal Rules of Civil Procedure. On April 24, 2026, Plaintiff served a detailed Third Request for Discovery identifying specific critical deficiencies in Defendants' prior productions. On April 27, 2026 — the last day allowed for filing motions under the Scheduling Order — Defendants served incomplete, evasive, and obstructive responses that expressly admitted the Flathead County IT email search remains unfinished. On that same day, Defendants filed both a Motion for Summary Judgment (Doc. 55) and a Motion in Limine (Doc. 52/53). This is deliberate gamesmanship designed to shortcut Plaintiff's surviving fabrication-of-evidence and negligence claims while withholding evidence Plaintiff needs to prove his case. The Federal Rules and Ninth Circuit precedent require this Court to compel full production, impose sanctions, and extend all deadlines.

## II. PROCEDURAL BACKGROUND AND VIOLATION OF THE SCHEDULING ORDER

On January 23, 2026, this Court entered the Scheduling Order (Doc. 39). That Order states in clear language:

- Discovery requests served by: March 13, 2026

- Discovery responses served and all discovery completed: April 10, 2026

- Motions deadline (including motions in limine): April 27, 2026

2

The Order also requires a 15-day review period after discovery completion before depositions and further proceedings. Plaintiff has fully complied with every deadline. Defendants have not. Their April 27, 2026 response admits key discovery is still incomplete, yet they filed dispositive and evidentiary motions on the same day. This conduct directly violates the Scheduling Order and severely prejudices Plaintiff.

## III. SPECIFIC DISCOVERY DEFICIENCIES

### A. Failure to Produce Statutory Official Bonds

Plaintiff has requested three times the individual statutory official bonds required for Defendants Travis Ahner, Ashley Frechette, and Michael Noonan under Montana Code Annotated § 7-4-2506, read in conjunction with MCA §§ 7-1-4121, 7-4-2202, 7-4-2203, 7-4-2204, and § 2-9-701 et seq. These statutes require that each county officer's bond must (1) name the specific individual as principal, (2) be personally executed by that individual, (3) be filed with the County Clerk & Recorder, (4) be approved by the Board of County Commissioners, (5) be made in the name of the State of Montana, and (6) be for the benefit of all persons injured by the officer's misconduct.

Defendants have produced only a blanket "Government Crime Policy" (Bates FC0674-000769 et seq.), which is merely an insurance policy covering employee theft and internal dishonesty. This policy names no individual

Defendant, is not personally executed by any Defendant, was not filed as a public official bond, and provides no faithful-performance coverage for constitutional violations or malicious prosecution. It satisfies none of the statutory requirements. Defendants' continued refusal after three specific demands is willful noncompliance.

## B. Systematically Deficient Interrogatory Responses

Defendants' answers to Plaintiff's interrogatories are materially deficient under Rule 33. They completely omitted Deputy County Attorney Angela Rolando from the list of persons with knowledge, even though she conducted a two-day investigation of the trespass charge, communicated with Plaintiff's former counsel Tyson McLean, and made the decision to dismiss the charge. Defendants also failed to provide any specific description of what any listed witness actually knows. Furthermore, Defendants asserted blanket attorney-client privilege and work-product objections to entire categories of communications (with Whitefish Credit Union, Sheriff Heino, Commander Buls, etc.) without serving the required privilege log mandated by Rule 26(b)(5). Under Rule 37(a)(4), these responses must be treated as a complete failure to answer.

## C. Failure to Produce the Two Critical Investigations

Defendants have refused to produce any materials from:

1. Deputy County Attorney Angela Rolando's two-day investigation of the trespass charge (confirmed in her voicemail to Plaintiff's former attorney).

2. Sheriff Brian Heino's full investigation of the trespass complaint, including his visit to Plaintiff's home, review of ownership documents, and conclusions that contradicted the probable cause asserted by Defendants.

3. All communications between Rolando and Heino, or between either of them and Whitefish Credit Union or other parties, regarding the charge, ownership dispute, and dismissal.

These materials are directly relevant to Plaintiff's surviving fabrication-of-evidence claim and to whether Defendants engaged in investigative conduct outside the protection of absolute immunity.

## D. Incomplete Flathead County IT Email Search and Communications

Defendants expressly admitted in their April 27, 2026 response that "a request has been submitted to Flathead County IT to search for more communications" and that those communications "will be provided" if they exist. This admission proves discovery is not complete. Defendants have also failed to produce communications regarding Commander Buls' authority to issue the August 26, 2021 warning, the preparation and filing of the "Corrected Release," and internal discussions about ownership, probable cause, and exculpatory evidence.

## IV. LEGAL ARGUMENT — VERIFIED NINTH CIRCUIT PRECEDENT

### A. Evasive or Incomplete Responses Are Treated as a Complete Failure to Respond

Federal Rule of Civil Procedure 37(a)(4) expressly states: "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Defendants' responses violate this rule.

**Ninth Circuit Holding**: In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011), the Ninth Circuit enforced this exact provision and held that incomplete or evasive discovery responses justify an order compelling production and the imposition of sanctions under Rule 37.

### B. Rule 37(a) Mandates Compulsion and Payment of Expenses

Rule 37(a)(5)(A) states that if a motion to compel is granted, "the court **must**, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

**Ninth Circuit Holding**: In *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1225 (9th Cir. 2018), the Ninth Circuit affirmed the award of expenses and sanctions under Rule 37(a)(5) for failure to comply with discovery obligations, emphasizing the mandatory nature of the "loser pays" rule.

6

## C. Sanctions for Willful Noncompliance and Bad-Faith Filing of Summary Judgment

Defendants' filing of summary judgment while admitting discovery remains incomplete constitutes willful bad faith. Rule 37(b) and (c) authorize issue preclusion, adverse inferences, and other sanctions.

**Ninth Circuit Holding**: In *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946-47 (9th Cir. 1993), the Ninth Circuit upheld severe sanctions, including dismissal and evidentiary preclusion, for repeated discovery violations and bad-faith conduct.

## D. Good Cause Exists to Amend the Scheduling Order Under Rule 16(b)(4)

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."

**Ninth Circuit Holding**: In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the Ninth Circuit held that the "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." When the opposing party's discovery violations cause the need for extension, good cause clearly exists. *See also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (reaffirming *Johnson*).

## E. Local Rules Require Meaningful Conferral

D. Mont. L.R. 26.3(c) requires parties to confer in good faith before filing discovery motions. Plaintiff's detailed April 24, 2026 letter satisfied this requirement. Defendants' response did not.

7

## V. CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Plaintiff respectfully requests that the Court: (1) Grant this Motion to Compel and order Defendants to produce all outstanding discovery — including the statutory official bonds, complete supplemental interrogatory responses with a proper privilege log, all materials from Angela Rolando's and Sheriff Brian Heino's investigations, and the completed Flathead County IT email search — within **14 days** of the Court's Order; (2) Impose sanctions under Rule 37, including payment of Plaintiff's reasonable expenses, deemed facts (such as the absence of proper statutory bonds and the contents of the withheld investigations showing lack of probable cause), and evidentiary preclusion as appropriate; (3) Amend the Scheduling Order (Doc. 39) by extending the discovery completion deadline, motions deadline, final pretrial conference, and trial date by at least 75 days; and (4) Grant such other and further relief as the Court deems just and proper.

**DATED: May 7, 2026**

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Phone: (406) 261-6814
Email: thorcoinc@outlook.com

8

**CERTIFICATE OF CONFERENCE REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, FOR SANCTIONS, AND TO AMEND THE SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and D. Mont. L.R. 26.3(c), Plaintiff Dennis Thornton, proceeding pro se, hereby certifies the following:

1. On April 24, 2026, Plaintiff sent a detailed letter to Defendants' counsel, Molenda L. McCarty and Dylan L. Gallagher, constituting Plaintiff's Third Request for Discovery. In that letter, Plaintiff specifically identified the deficiencies in Defendants' prior discovery responses, including the failure to produce statutory official bonds, deficient interrogatory answers, withheld investigation materials from Angela Rolando and Sheriff Brian Heino, and the incomplete Flathead County IT email search. Plaintiff explicitly requested correction of these deficiencies within three (3) days and warned that a Rule 37 motion to compel would be filed if the deficiencies were not cured.

2. On April 27, 2026, Defendants' counsel served supplemental responses. Those responses did not cure the deficiencies identified by Plaintiff. Instead, Defendants expressly admitted that the Flathead County IT email search had not yet been completed. On that same date, Defendants filed a Motion for Summary Judgment and a Motion in Limine.

9

3. Plaintiff's April 24, 2026 letter constituted a good-faith attempt to confer and resolve the discovery disputes without Court intervention, as required by Rule 37(a)(1) and Local Rule 26.3(c). Defendants' April 27, 2026 response failed to resolve the outstanding issues.

4. Because the discovery deficiencies remain uncured and Defendants have proceeded with dispositive and evidentiary motions despite incomplete discovery, Plaintiff has no choice but to file this Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DATED: May 7, 2026**

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Phone: (406) 261-6814
Email: thorcoinc@outlook.com