# EXHIBIT A

## Third Discovery Request to Defendants

**DENNIS THORNTON**
**151 Amatasia Lane**
**Kalispell, MT 59901**
**(406) 261-6814**
**thorcoinc@outlook.com**

April 24, 2026

**VIA EMAIL TO:**

Molenda L. McCarty
County Litigation Group
2715 Skyway Drive
Helena, MT 59604-6697
mmccarty@mtcounties.org

## PLAINTIFF'S THIRD REQUEST FOR DISCOVERY

**Re:** Thornton v. Ahner, et al., CV-25-83-M-DWM

**Subject:** Third request for omitted or missing discovery material

Ms. McCarty,

This letter serves as my Third Request for Discovery. It addresses the following critical deficiencies:

1. Failure to produce the statutorily-required official bond(s) under § 2-9-701, MCA;
2. Systematically deficient interrogatory responses, which fail to meet the requirements of FRCP 26 and 33;
3. Admission that Flathead County IT has not yet completed its email search, through which WCU appears to acknowledge that the discovery material requested is yet to be produced.

All issues require immediate correction.

1

# I. FAILURE TO PRODUCE STATUTORY OFFICIAL BOND(S)

Your April 23, 2026 supplemental production again included only the Maco Government Crime Policy. By its own terms, that policy covers employee theft, forgery, and internal dishonesty. It is not a public-official bond, does not name any Defendant, does not identify a surety, and does not satisfy the statutory bonding requirement for county officers under § 2-9-701, MCA.

Your prior correspondence represented that this Maco policy constituted "bond coverage." After reviewing the full document range (FC000771–FC000844), it is now indisputable that:

1. This is not a bond.
2. It does not insure or bind any Defendant.
3. It does not meet the requirements of § 2-9-701, MCA.
4. It is not executable for misconduct, malicious prosecution, or constitutional violations.

Your own supplemental responses confirm this by omission: you identify no bond number, no surety, no obligee, no faithful-performance coverage, and no statutory bond of any kind. Because you have now twice produced insurance while representing it as bond coverage, and because you have failed to produce the actual bond after three requests, this constitutes admission by omission.

**You are hereby directed to produce the following without further delay:**

1. The official bond(s) required under § 2-9-701, MCA, for:

    a. Travis Ahner

    b. Ashley Frechette

    c. Michael Noonan

2. All riders, endorsements, renewals, or amendments to those bonds.
3. The identity and contact information of the surety company that issued the bond(s).
4. The bond number(s) and coverage limits.
5. Any Clerk & Recorder filings associated with the bond(s).

**If no such bond exists**, state so explicitly, in writing, pursuant to Rule 26(g), including:

a. Whether the Defendants were unbonded while acting as county officers;

b. Whether Flathead County failed to comply with § 2-9-701, MCA; and

c. Whether the County Attorney's Office has ever maintained the required bond.

d. If you believe the Maco crime policy satisfies § 2-9-701, MCA, please provide the specific statutory authority supporting that position, and admission to the same.

Failure to produce a bond or confirm its absence will result in a Rule 37 Motion to Compel, a request for sanctions, and a request that the Court deem the absence of a statutory bond established as fact.

## III. REQUIRED SUPPLEMENTAL RESPONSES (BY INTERROGATORY)

### Interrogatory No. 1 — Persons With Knowledge

Please provide list of all persons with knowledge, including but not limited to:

a. Angela Rolando

b. Tyson McLean

c. Shauna Romrell

d. Donna Goodrich

e. Kathy Wilson

f. Rae Albert

g. Scott Bolster

**Additional Deficiency — Omission of Angela Rolando and Failure to Describe Witness Knowledge:**

Your response to Interrogatory No. 1 is materially deficient for two independent reasons:

3

**First,** you completely omitted Deputy County Attorney Angela Rolando. Ms. Rolando was:

a. The prosecutor on the trespass case who dropped the charges and dismissed it;

b. The individual who conducted a two-day investigation;

c. The person who communicated with my attorney, Tyson McLean;

d. The prosecutor who made the decision to dismiss the charge; and

e. A central witness with direct knowledge of probable cause, exculpatory evidence, internal discussions, and the basis for dismissal.

**Second,** you failed to describe what any listed witness actually knows. Rule 33 requires a full and complete answer, including:

a. The specific subject matter of each witness's knowledge;

b. The facts they possess;

c. The documents they reviewed; and

d. The communications they participated in.

Supplement Interrogatory No. 1 with specific descriptions of each witness's knowledge, including but not limited to:

a. Their involvement in the trespass complaint;

b. Their communications with Whitefish Credit Union;

c. Their communications with Sheriff Heino;

d. Their knowledge of ownership disputes;

e. Their knowledge of exculpatory evidence; and

f. Their role in the filing, continuation, or dismissal of the charge.

---

## Interrogatory No. 2 — Communications

Please provide:

a. Communications with Frampton;

b. Communications with Sheriff Heino;

c. Communications with Cmdr. Buls

d. Communications with Sgt. Stahlberg

e. Internal discussions regarding ownership, notice, and civil dispute; and

f. Any coordination with Whitefish Credit Union (WCU).

## Interrogatory No. 3A — Probable Cause Basis

Please provide:

a. A document-by-document probable cause analysis;

b. Explanation for ignoring exculpatory evidence; and

c. Explanation for overriding Sheriff Heino's findings.

## Interrogatory No. 3B — Ownership Verification

Please provide:

a. Yes/no answers on title search;

b. Yes/no answers on deed review;

c. Yes/no answers on Clerk & Recorder inquiry; and

d. Explanation for ignoring contradictory ownership records.

## Interrogatory No. 4 — Exculpatory Evidence

Please provide:

All documents is possession or relied upon in any investigations reflecting conflicting ownership records, deeds, or title instruments that cast doubt on who lawfully owned or possessed 890 Boon Road at the time of the alleged trespass, including any title search results, Clerk and Recorder records, or internal communications regarding ownership uncertainty, including:

1. All documents, communications, and records bearing on the legal validity of Commander Buls' August 26, 2021 warning, including any analysis — or absence of analysis — of whether Buls had legal authority to revoke Plaintiff's access, and any evidence that the notice was legally insufficient under § 45-6-203, MCA.
2. All records reflecting the existence of ongoing civil disputes regarding the property at the time charges were filed, including court filings, correspondence, and internal communications demonstrating that prosecutors knew or should have known that the ownership of the property was actively contested, making criminal intent highly questionable.
3. All documents establishing the full timeline of the ownership dispute over 890 Boon Road, demonstrating that the property was subject to active legal controversy at the time of the alleged trespass, thereby undermining the elements of "knowing" and "unlawful" entry required under § 45-6-203, MCA.
4. All documents, notes, reports, communications, and records generated by or relating to Sheriff Brian Heino's personal investigation of the trespass complaint, including his visit to Plaintiff's home, his review of ownership documents, and his conclusion that Thorco owned the property — findings that directly contradicted the probable cause basis for the trespass charge and were never disclosed.
5. All documents, notes, emails, recordings, and materials generated during Deputy County Attorney Angela Rolando's two-day investigation of the trespass charge, including her communications with Plaintiff's attorney Tyson McLean, her internal analysis of probable cause and exculpatory evidence, and the basis for her decision to dismiss the charge — all of

6

which constitute an internal prosecutorial acknowledgment that probable cause was lacking or that exculpatory evidence existed.

6. All documents reflecting whether Whitefish Credit Union held any court order, writ of possession, injunction, or other legal instrument granting it exclusive possessory rights to 890 Boon Road at the time of the alleged trespass, and all communications between WCU, Frampton, and the Sheriff's Office or County Attorney's Office regarding WCU's claimed right to exclude Plaintiff from the property.

7. All documents, communications, and records relating to the preparation, coordination, and filing of the "Corrected Release," all inconsistent representations made by Defendant Noonan in judicial proceedings, and any evidence of fabrication or manipulation of the factual record underlying the prosecution, including all internal communications regarding these matters.

## Interrogatory No. 5 — Policies & Training

Please provide:

a. All policies, training materials, and supervisory procedures for 2021–2023; or

b. If none exist, a sworn statement confirming that the County Attorney's Office had no Brady policy, no probable-cause policy, no trespass-on-foreclosed-property policy, and no notice-verification policy.

---

## Interrogatory No. 6 — Fabrication / Record Alteration

Please provide:

a. Explanation of Noonan's judicial notice contradictions;

b. Explanation of the "Corrected Release" coordination; and

c. Explanation and productions of all of Sheriff Heino's suppressed findings.

## IV. FAILURE TO PRODUCE TWO CRITICAL INVESTIGATIONS

7

## 1. Deputy County Attorney Angela Rolando's Two-Day Investigation

In a voicemail to my attorney, Tyson McLean, Ms. Rolando confirmed that she "took the time yesterday and today reviewing the file" and would be dismissing the charge. This confirms a two-day prosecutorial investigation directly tied to probable cause and exculpatory evidence. No portion of this investigation has been produced.

## 2. Sheriff Brian Heino's Investigation

Sheriff Heino full investigation must be produced, because:

a. Directly relevant to probable cause;

b. Directly relevant to exculpatory evidence;

c. Directly relevant to the decision to file and dismiss charges;

d. Required under FRCP 26 and 34;

e. Required under *Brady v. Maryland*; and

f. Required under Ninth Circuit precedent (*Tennison v. City and County of San Francisco*).

## You are hereby directed to produce:

1. All documents, notes, emails, recordings, summaries, and materials generated or reviewed by Deputy County Attorney Angela Rolando during her two-day investigation.
2. All documents, notes, reports, body-cam footage, dispatch logs, and communications generated by Sheriff Brian Heino during his investigation of the trespass complaint.
3. All communications between Rolando and Heino regarding the trespass charge, ownership dispute, or dismissal.

If you contend these investigations do not exist, please state so explicitly, in writing, under Rule 26(g), and explain:

a. Whether the investigations were destroyed;

8

b. Whether they were never documented; and

c. Whether they are being withheld under a claim of privilege; and

d. whether the investigations never occurred.

---

## V. FUNDAMENTAL DEFICIENCY — Commander Buls Lacked Legal Authority to Issue "Notice" of Access Revocation

Defendants repeatedly rely on the August 26, 2021 statement by Commander Josh Buls as their primary factual basis for:

a. "Effective notice";

b. "Knowing" entry;

c. "Unlawful" entry; and

Accordingly, the August 26, 2021 "warning" was legally invalid and cannot constitute notice under § 45-6-203, MCA.

This raises several discovery deficiencies that must be corrected. You are required to:

1. Identify the legal authority Buls relied upon when telling me I was "not authorized" to access the property.
2. Identify who directed Buls to issue this warning — WCU, Frampton, the Sheriff, or his own initiative.
3. Produce all communications between Frampton and Buls prior to August 26, 2021.
4. Produce all communications between WCU and the Sheriff's Office regarding access to 890 Boon Road.
5. Identify who placed the lock on the property and under what legal authority.
6. Identify whether Buls knew the Sheriff's Office had already determined that Thorco owned the property.
7. Identify whether any prosecutor reviewed the legal authority for Buls' warning before relying on it as probable cause.

These issues go directly to:

a. Probable cause;

b. Exculpatory evidence;

c. Improper purpose;

d. Abuse of process

## VI. NOTICE REGARDING PENDING FLATHEAD COUNTY IT EMAIL SEARCH

In your April 22, 2026 letter, you stated that Flathead County IT had not yet completed its email search. This is an express admission that discovery is not complete and that responsive email communications have not yet been produced.

Because the Court's Scheduling Order requires:

1. Completion of all discovery before depositions occur; and
2. A 15-day period after the completion of discovery for parties to review all produced materials,

I cannot sit for any deposition until:

a. The Flathead County IT email search is fully completed;

b. All responsive emails are produced; and

c. The 15-day review period specified in Judge Molloy's Scheduling Order has elapsed.

This is not a refusal to participate in discovery. This is compliance with the Scheduling Order and the Federal Rules of Civil Procedure.

You are therefore formally notified that I will not sit for a deposition until:

1. The Flathead County IT search is complete;
2. All email communications have been produced; and
3. I have had the full 15 days required by the Scheduling Order to review the complete discovery record.

10

## VII. NOTICE REGARDING DEPOSITION SCHEDULING

Pursuant to the Court's Scheduling Order issued January 23, 2026, discovery must be completed before depositions occur, and the Order expressly provides a 15-day period following the completion of discovery for parties to review all produced materials.

Because Defendants have not yet completed their discovery obligations — including production of the statutory bond(s), supplemental interrogatory responses, the Rolando and Heino investigations, and the Flathead County IT email search — I cannot meaningfully prepare for or participate in any deposition.

Accordingly, I will not sit for a deposition until:

1. All outstanding discovery has been fully produced;
2. The 15-day review period required by the Scheduling Order has elapsed; and
3. I have had adequate time to review the complete discovery record,

as contemplated by the Court's Order and the Federal Rules of Civil Procedure.

This is not a refusal to participate in discovery. It is a request for compliance with the Scheduling Order and basic fairness so that depositions may proceed efficiently and in good faith.

## VIII. DEADLINE

Please provide the following within **three (3) days** of this letter:

1. The official bond(s) for Ahner, Frechette, and Noonan;
2. All supplemental interrogatory responses identified above;
3. All Rolando and Heino investigation materials;
4. All materials and communications related to Commander Buls' authority and actions; and
5. All emails identified through the Flathead County IT search.

Failure to comply will result in a Rule 37 Motion to Compel, a Motion for Sanctions, and a request that the Court deem the withheld facts established.

DATED: the 24th day of April 2026.

11

DENNIS THORNTON,

Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com

# CERTIFICATE OF SERVICE

I, **Dennis Thornton**, certify that on this 24th day of April 2026, I caused a true and correct copy of the foregoing **THIRD REQUEST FOR DISCOVERY** to be served upon Defendants, through counsel, by depositing the same in the United States Mail, **First-Class postage prepaid and by email**.

Service was made as follows:

MOLINDA L. MCCARTY
DYLAN L. GALLAGHER

MACO Counsel

County Litigation Group

2715 Skyway Dr

Helena, MO 59604-6697


DATED: 24th day of April 2026.

DENNIS THORNTON,

Plaintiff Pro Se
151 Amatasia Lane
Kalispell, MT 59901
(406) 261-6814
thorcoinc@outlook.com

# EXHIBIT B

## Proof of Conference and email notice to Defendants regarding Plaintiff's intent to file Motion to Compel Discovery

thorcoinc@outlook.com

| | |
|---|---|
| **From:** | dennis thornton on behalf of thorcoinc@outlook.com |
| **Sent:** | Wednesday, April 15, 2026 12:40 PM |
| **To:** | Molly McCarty; Dylan Gallagher; Finn Hanson |
| **Subject:** | Re: Depositions and Discovery |

**Dennis Thornton**
**151 Amatasia Ln.**
**Kalispell, MT 59901**
**(406) 261-6814**
**thorcoinc@outlook.com**

**April 15, 2026**

VIA EMAIL :
Melinda McCarty
Dylan Gallagher
Defense Counsel
County Litigation Group
2715 Skyway Dr.
Helena, MT 59604-6697
dgallagher@mtcounties.org
**Re: Clarification on Conferral Letter – Motion to Compel and Deposition Case No.: CV 25–83–DWM**

Dear Mr. Gallagher,

Thank you for your email. I apologize for any confusion caused by the wording in my prior conferral letter. To clarify and reiterate my position:

1. **Motion to Compel** You have until **before April 17, 2026** to fully and completely provide all outstanding discovery responses that were not previously supplied. I intend to file the Motion to Compel **on April 17, 2026** via U.S. Mail. The filing will proceed on that date regardless of whether any supplemental responses are received on or before April 17.

1

2. **Scope of Remaining Claims** I have reviewed the Court's January 23, 2026 Opinion and Order. My discovery requests are narrowly tailored to the surviving claims against the Individual Defendants — specifically, the fabrication of evidence claim under the Fourteenth Amendment (Count III) and the related state-law negligence claim (Count VIII) premised on that same conduct.

3. If you believe any specific discovery request falls outside the scope of these surviving claims, please identify the particular request(s) with specificity so we may attempt to resolve the issue. I have no information indicating that the January 23, 2026 Order has been modified.

4. **Deposition on April 24, 2026** I do **not** agree to sit for a deposition on April 24, 2026. I intend to file a motion to stay or quash that deposition. **Even if you provide supplemental discovery responses before April 17, 2026, I will still seek a stay of the deposition from the Court due to the untimeliness of the discovery and Defendants' failure to comply with the Scheduling Order.** You may therefore cancel the court reporter and remove the matter from the calendar at this time.

Please let me know immediately if you intend to supplement the discovery responses before April 17 so that I may take that into account prior to filing the Motion to Compel.

Respectfully,

**Dennis Thornton**

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2026, a true and correct copy of the foregoing Motion to Compel Discovery, for Sanctions, and to Amend the Scheduling Order, together with all attached exhibits (Plaintiff's April 24, 2026 Third Request for Discovery letter and Defendants' April 27, 2026 response), was served on counsel for Defendants by this Court's ECF system per court order and the following means:

- By email to Molenda L. McCarty at mmccarty@mtcounties.org and Dylan L. Gallagher at dgallagher@mtcounties.org;

**DATED: May 7, 2026**

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Phone: (406) 261-6814
Email: thorcoinc@outlook.com

Prepared by:

13

Dennis Thornton,
Pro Se
151 Amatasia Lane
Kalispell, MT 59901
Phone: (406) 261-6814
Email: thorcoinc@outlook.com

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MONTANA
## MISSOULA DIVISION

**DENNIS THORNTON,**

      **Plaintiff,**

**v.**

**TRAVIS AHNER, in his official
and individual capacities;
ASHLEY FRECHETTE, in her
official and individual capacities;
MICHAEL NOONAN, in his official
and individual capacities; and
FLATHEAD COUNTY,**

      **Defendants.**

**Case No. CV 25-83-M-DWM**

**ORDER GRANTING
PLAINTIFF'S MOTION
TO COMPEL DISCOVERY,
FOR SANCTIONS, AND TO
AMEND SCHEDULING**

Upon consideration of Plaintiff's Motion to Compel Discovery, for

Sanctions Pursuant to Rule 37, and to Amend the Scheduling Order, and good

cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED** as follows:

1. Defendants shall, no later than **14 days** from the date of this Order, produce

all outstanding discovery requested in Plaintiff's April 24, 2026 Third

Request, including the statutory official bonds for Defendants Ahner,

14

Frechette, and Noonan, complete supplemental interrogatory responses with a proper privilege log if applicable, all materials from Deputy County Attorney Angela Rolando's two-day investigation, all materials from Sheriff Brian Heino's investigation, and the completed results of the Flathead County IT email search.

2. Sanctions are imposed under Federal Rule of Civil Procedure 37. Defendants shall pay Plaintiff's reasonable expenses incurred in bringing this Motion. Additional sanctions, including deemed facts and evidentiary preclusion, may be imposed as necessary.

3. The Scheduling Order (Doc. 39) is amended. All remaining deadlines, including discovery completion, the motions deadline, the final pretrial conference, and the trial date, are extended by at least **75 days**. The parties shall submit a proposed amended schedule within 7 days of this Order.

4. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address on record.

**DATED this ___ day of May, 2026.**

_____
**Hon. Donald W. Molloy**
United States District Judge